# EXHIBIT L



# John B. Ennis
*Attorney at Law*
**1200 Reservoir Avenue**
**Cranston, Rhode Island 02920**

Tel. (401) 943-9230                                                                                           Fax (401) 679-0035

October 29, 2018
Bank of America
Attn: Notice of Error &
Request for Information
P.O. Box 942019
Simi Valley, CA 93094-2019

Clients: Dolores Cepeda
Address: 177 Dexter Street
Providence, RI 02907
Loan Number: ~~████████~~

Dear Sir or Madam:

Please consider this letter to constitute a Notice of Error under 12 CFR Section 1024.35 of Regulation X of the Mortgage Servicing Act under RESPA, which Regulation became effective on January 10, 2014. These amendments implemented the Dodd-Frank Wall Street Reform and Consumer Protection Act provisions regarding mortgage loan servicing. Under these amendments, you must acknowledge receipt of this Notice within five (5) days thereof (excluding legal public holidays, Saturdays and Sundays) and must advise me of your responses to this notice within thirty (30) days of receipt thereof (excluding legal public holidays, Saturdays and Sundays).

The written authority of the client to my law firm for this Request is attached hereto and incorporated herein by this reference.

Under Section 1024.35(b) of Amended Regulation X, the term "error" means the following categories of covered errors:

(1) Failure to accept a payment that conforms to the servicer's written requirements for the borrower to follow in making payments.
(2) Failure to apply an accepted payment to principal, interest, escrow, or other charges under the terms of the mortgage loan and applicable law.
(3) Failure to credit a payment to a borrower's mortgage loan account as of the date of receipt, in violation of the prompt crediting provisions in 12 CFR 1026.36(c)(1).
(4) Failure to pay taxes, insurance premiums, or other charges, including charges that the consumer has voluntarily agreed that the servicer should collect and pay, in a timely manner as required by the escrow provisions of § 1024.34(a), or to refund an escrow account balance as required by § 1024.34(b).
(5) Imposition of a fee or charge that the servicer lacks a reasonable basis to impose upon the consumer, which includes, for example, a late fee for a payment that was not late, a charge you imposed for a service that was not provided, a default property-management fee for consumers

who are not in a delinquency status that would justify the charge, or a charge for force-placed insurance provisions.
(6) Failure to provide an accurate payoff balance amount upon a borrower's request pursuant to 12 CFR 1026.36(c)(3).
(7) Failure to provide accurate information to a borrower for loss mitigation options and foreclosure, as required by the early intervention provisions of § 1024.39.
(8) Failure to accurately and timely transfer information relating to the servicing of a borrower's mortgage loan account to a transferee servicer.
(9) Making the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process in violation of the loss mitigation procedures of § 1024.41(f) or (j).
(10) Moving for foreclosure judgment or order of sale, or conduction a foreclosure sale in violation of the loss mitigation procedures of this rule § 1024.41(g) or (j).
(11) Any other error relating to the servicing of the consumer's mortgage loan. Please note "servicing" is defined in § 1024.2(b).

**The consumer in this case believes that you committed an error by not responding to a Request for Information within thirty business days of receipt. You received a Request for Information on October 15, 2018 and have not acknowledged receipt. This Request for for Information requested the following information:**

**The consumer requests that you provide the consumer the entire mortgage loan servicing file including all servicing notes, records of all phone calls made to the consumer, collection notes, recordings of all phone calls any loan servicer or any agent acting on its behalf made to the consumer or to the consumer's attorney, and any calls from the consumer or the consumer's attorney to any loan servicer or its agent which were recorded and all loss mitigation documents sent to any loan servicer by the consumer and all loss mitigation responses sent from you to the consumer at any time since you obtained servicing rights to the present.**
Sincerely,

Please correct all of these errors and provide me with notification of the correction, the date of the correction, and contact information for further assistance; or after conducting a reasonable investigation and providing the borrower through my firm with a notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information for further assistance.

Please be advised that for 60 days after receipt of a Notice of Error, you may not furnish adverse information to any consumer reporting agency regarding any payment that is the subject of the Notice of Error pursuant to § 1024.35(i).

Sincerely,

John B. Ennis, Esq.

John B. Ennis Esq.
1200 RESERVOIR AVE
CRANSTON RI 02920-6012

US POSTAGE AND FEES PAID
**FIRST-CLASS**
Oct 09 2018
Mailed from ZIP 02920
1 oz First-Class Mail Letter



071S00777793

**USPS CERTIFIED MAIL**



9407 1108 9876 5019 6917 42

Bank of America Attn NOE and RFI
Bank of America Attn NOE and RFI
PO BOX 942019
SIMI VALLEY CA 93094-2019

CEPEDA, DOLORES 071282329 RFI SERVICING FILE

---

FOLD ALONG THIS LINE

# John B. Ennis
*Attorney at Law*
**1200 Reservoir Avenue**
**Cranston, Rhode Island 02920**

Tel. (401) 943-9230                                             Fax (401) 679-0035

October 9, 2018
Bank of America
Attn: Notice of Error &
Request for Information
P.O. Box 942019
Simi Valley, CA 93094-2019

Clients: Dolores Cepeda
Address: 177 Dexter Street
Providence, RI 02907
Loan Number: ████████

**Re: Request for Information Pursuant to Section 1024.36 of Regulation X**
Dear Sir or Madam:
This is a Request for Information relating to your servicing of the mortgage loan of the above-named client. All references herein are to Regulation X of the Mortgage Servicing Act as amended by the Consumer Financial Protection Bureau pursuant to the Dodd Frank Act.

The written authority of the client to my law firm for this Request is attached hereto and incorporated herein by this reference.

Pursuant to Section 1024.36(c) of Regulation X, you must within five (5) days (excluding legal public holidays, Saturdays and Sundays) provide our office with a response to this Request acknowledging receipt of this information request.

Pursuant to Section 1024.36(d), you must respond no later than thirty (30) days (excluding legal public holidays, Saturdays and Sundays) after you receive this request for information.

Please provide the following information within the time periods noted herein:
**The consumer requests that you provide the consumer the entire mortgage loan servicing file including all servicing notes, collection notes, recordings of all phone calls you or any agent acting on your behalf made to the consumer or to the consumer's attorney, and any calls from the consumer or the consumer's attorney to you or an agent which you recorded and all loss mitigation documents sent to you by the consumer and all loss mitigation responses sent from you to the consumer from the time that you obtained servicing rights to the present.**

Sincerely,

John B. Ennis, Esq.