# EXHIBIT I



PRIORITY MAIL EXPRESS 1-DAY

US POSTAGE AND FEES PAID
PM EXPRESS
Oct 29 2018
Mailed from ZIP 02920
PME Flat Rate Env

CommercialBasePrice

B018 0007

John B. Ennis Esq.
1200 RESERVOIR AVE
CRANSTON RI 02920-6012

NO SUNDAY OR HOLIDAY DELIVERY
WAIVER OF SIGNATURE REQUESTED

SHIP TO:
Bank Of America
Bank Of America
PO BOX 942019
SIMI VALLEY CA 93094-2019

USPS TRACKING #

9470 1108 9876 5020 7461 92

NOE MULTI NOT RESPONDING TO RFI

# John B. Ennis
*Attorney at Law*
**1200 Reservoir Avenue**
Cranston, Rhode Island 02920

Tel. (401) 943-9230  Fax (401) 679-0035
October 29, 2018
Bank of America
Attn: Notice of Error &
Request for Information
P.O. Box 942019
Simi Valley, CA 93094-2019

Clients: Dolores Cepeda
Address: 177 Dexter Street
Providence, RI 02907
Loan Number: ███████

Dear Sir or Madam:

Please consider this letter to constitute a Notice of Error under 12 CFR Section 1024.35 of Regulation X of the Mortgage Servicing Act under RESPA, which Regulation became effective on January 10, 2014. These amendments implemented the Dodd-Frank Wall Street Reform and Consumer Protection Act provisions regarding mortgage loan servicing. Under these amendments, you must acknowledge receipt of this Notice within five (5) days thereof (excluding legal public holidays, Saturdays and Sundays) and must advise me of your responses to this notice within thirty (30) days of receipt thereof (excluding legal public holidays, Saturdays and Sundays).

The written authority of the client to my law firm for this Request is attached hereto and incorporated herein by this reference.

Under Section 1024.35(b) of Amended Regulation X, the term "error" means the following categories of covered errors:

(1) Failure to accept a payment that conforms to the servicer's written requirements for the borrower to follow in making payments.
(2) Failure to apply an accepted payment to principal, interest, escrow, or other charges under the terms of the mortgage loan and applicable law.
(3) Failure to credit a payment to a borrower's mortgage loan account as of the date of receipt, in violation of the prompt crediting provisions in 12 CFR 1026.36(c)(1).
(4) Failure to pay taxes, insurance premiums, or other charges, including charges that the consumer has voluntarily agreed that the servicer should collect and pay, in a timely manner as required by the escrow provisions of § 1024.34(a), or to refund an escrow account balance as required by § 1024.34(b).
(5) Imposition of a fee or charge that the servicer lacks a reasonable basis to impose upon the consumer, which includes, for example, a late fee for a payment that was not late, a charge you imposed for a service that was not provided, a default property-management fee for consumers

who are not in a delinquency status that would justify the charge, or a charge for force-placed insurance provisions.
(6) Failure to provide an accurate payoff balance amount upon a borrower's request pursuant to 12 CFR 1026.36(c)(3).
(7) Failure to provide accurate information to a borrower for loss mitigation options and foreclosure, as required by the early intervention provisions of § 1024.39.
(8) Failure to accurately and timely transfer information relating to the servicing of a borrower's mortgage loan account to a transferee servicer.
(9) Making the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process in violation of the loss mitigation procedures of § 1024.41(f) or (j).
(10) Moving for foreclosure judgment or order of sale, or conduction a foreclosure sale in violation of the loss mitigation procedures of this rule § 1024.41(g) or (j).
(11) Any other error relating to the servicing of the consumer's mortgage loan. Please note "servicing" is defined in § 1024.2(b).

**The consumer in this case believes that you committed an error by not responding to a Request for Information within thirty business days of receipt. You received a Request for Information on December 12, 2017 and have not provided the information requested. This Request for Information requested the following information:**

**With respect to the receipt of all periodic payments of principal, interest and escrow, what was the contractual status of the consumer's mortgage loan when Bank of America, NA as Creditor for Bank of America, California, N.A. obtained ownership of this mortgage loan, including all documents on which you relied on to provide this information.**

When you responded by letter dated January 12, 2018 and received on January 20, 2018, you declined to respond, stating:

Certain requests described in your correspondence constitutes a valid qualified written request(QWR) under the Real Estate Settlement and Procedures Act (RESPA) and will be addressed in accordance with RESPA guidelines.

**However you then did not provide any of the information requested in the Request for Information and did not provide any of this information, but merely referenced a Loan Transaction History Spreadsheet and ignored the Request for Information. No information was provided in response to the following information:**

**With respect to the receipt of all periodic payments of principal, interest and escrow, what was the contractual status of the consumer's mortgage loan when Bank of America, NA as Creditor for Bank of America, California, N.A. obtained ownership of this mortgage loan, including all documents on which you relied on to provide this information.**

**You committed error by refusing to provide information relating to the status of the mortgage loan when Bank of America, NA as Creditor for Bank of America, California, N.A. obtained ownership of the mortgage loan. You committed error in your response by treating this Request for Information as a request for the status at the time that Bank of America, N.A. with no reference as Creditor for Bank of America, California, N.A. obtained ownership of the mortgage loan.**

Please correct all of these errors and provide me with notification of the correction, the date of the correction, and contact information for further assistance; or after conducting a reasonable investigation and providing the borrower through my firm with a notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information for further assistance.

Please be advised that for 60 days after receipt of a Notice of Error, you may not furnish adverse information to any consumer reporting agency regarding any payment that is the subject of the Notice of Error pursuant to § 1024.35(i).

Sincerely,

*[signature]*

John B. Ennis, Esq.

**Bank of America**
**Home Loans**

Customer Service Department
P.O. Box 31785
Tampa, FL 33631-3785

C3_378 MISC-Thanks 20528 04/24/2017

JOHN B. ENNIS
1200 RESERVOIR AVENUE
CRANSTON, RI  02920

Date: January 18, 2018

Account No.: 

Property Address:
177 Dexter St.
Providence, RI  02907

# We updated your client's home loan account with the information you provided.

We received your correspondence on December 12, 2017 (USPS mail receipt ending 2653 18), regarding the contractual status of the above referenced account for Dolores Cepeda when Bank of America, N.A. obtained ownership.

We have received the authorization letter signed by our customer granting you access to their loan. This letter will confirm that we already have you as an authorized third party on the above-referenced loan. Please note that authorization is only good for 90 days from the date authorization is received unless there is a specific expiration date included. Authorization on this account will expire March 12, 2018, unless we receive an updated authorization form with a specific end date.

Our records reflect that this loan originated on December 22, 2006 with an original principal balance of $255,000.00 and an original escrow balance of $605.60. Bank of America, N.A. was the Lender at the time of origination. The monthly payment for this loan includes an interest only payment of $1,221.88 for the first 120 months, plus an amount for escrow which is subject to change. Thereafter the payment will be $1,488.12 for principal and interest, plus an amount for escrow, which is subject to change.

The first payment was due on February 1, 2007, in accordance with the terms of the *Fixed Rate Interest Only Note*. This payment of $1,524.68, which included $1,221.88 for interest and $302.80 for escrow, was received on January 26, 2007. We have enclosed a copy of the *Fixed Rate Interest Only Note* and *Settlement Statement* for your review.

On July 1, 2011, the servicing of the loan was transferred from our subsidiary BAC Home Loans Servicing, LP, to our parent company, Bank of America, N.A. Enclosed is a copy of the notification of name change for your review. At the time of this transfer, the contractual status of the loan was current and due for the July 2011 installment. The July 2011 installment of $1,509.90 was received on July 11, 2011, effective July 10, 2011.

Bank of America, N.A. is required by law to inform you that this communication is from a debt collector. If you are currently in a bankruptcy proceeding or have previously obtained a discharge of this debt under bankruptcy law, this notice is for informational purposes only and is not an attempt to collect a debt, a demand for payment or an attempt to impose personal liability for a discharged debt.

Bank of America and the Bank of America logo are registered trademarks of the Bank of America Corporation.
Bank of America, N.A. Member FDIC. Equal Housing Lender. © 2017 Bank of America Corporation

A *Loan Transaction History Statement* has been enclosed for your review. The statement provides pertinent information on payments received, tax and insurance payments disbursed, funds in the suspense/unapplied funds balance, fees due, which will include charges, interest, property inspection fees, legal fees, escrow fees, processing fees, technology fees, collateral charges or corporate advances if applicable and late fees assessed and paid. The *Loan Transaction History Statement* is designed to be user-friendly and there are no codes or terms used that require specific definitions. Paid late charges, if applicable, will be reported to the IRS as interest paid.

Please note that the servicing of this loan was transferred from Bank of America, N.A. to Fay Servicing on November 1, 2017. For additional questions, please contact the current servicer directly at 1-800-495-7166 or by writing at the following address.

> Fay Servicing
> PO Box 809441
> Chicago, IL 60680-9441

We are enclosing a copy of the service release letter dated October 12, 2017; however, please contact the new servicer to verify contact information as this may have changed.

Our records indicate the above referenced loan has never been in bankruptcy or foreclosure and was due for the August 2017, September 2017 and October 2017 installments at the time it was service transferred to Fay Servicing. Please contact the current servicer for updated payment information.

Please note that your correspondence included a copy of an investor letter mailed to you dated August 14, 2017; however, your correspondence did not include any questions about the letter. Please contact the current servicer for any updated investor information.

If you have questions regarding this letter or additional information to provide, mail your correspondence to the following address:

> Bank of America, N.A.
> Notice of Error and Request for Information
> PO Box 942019
> Simi Valley, CA 93094-2019

## Questions?

We appreciate the opportunity to serve your client's home loan needs. If you have questions, please call our Customer Service Department at 1-800-669-6607, Monday through Friday, between the hours of 8 a.m. and 9 p.m., Eastern Standard Time.