**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**DOLORES CEPEDA**

    **VS**

**BANK OF AMERICA, N.A.**
**FAY SERVICING, LLC**
**WILMINGTON TRUST NATIONAL ASSOCIATION**
**SOLEY AS TRUSTEE FOR THE MFRA TRUST 2014-2 , ALIAS**

## MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff, by her attorney, move this Court as follows:

1.    Plaintiff is a resident of the  State of Rhode Island with an address of 177 Dexter Street, , Providence, Rhode Island.  Plaintiff owns said real estate located at 177 Dexter Street, Providence, Rhode Island.

2.    Plaintiff  executed a mortgage to Bank of America, N.A. on December 22, 2006.   A copy is attached as Exhibit A.

3.    Defendant,  Wilmington Trust National Association solely as Trustee for the MFRA Trust 2014-2 ("Wilmington Trust")  claims to own Plaintiff's mortgage.

4.    Defendant, Fay Servicing, LLC ("Fay") is a limited liability company, organized pursuant to the laws of Delaware. It is a debt collector and asserts that it is the loan servicer for the Plaintiff's mortgage. Defendant, Bank of America, N.A. is a National Bank. It was the former loan servicer for the Plaintiff's mortgage loan.

5.    Orlans PC ("Orlans") without signing the letter, on November 15, 2018, indicated in the attached Exhibit B that Wilmington Trust was bringing a foreclosure proceeding and that it had scheduled a public auction foreclosure sale for 7th day of January, 2019 at 3:00 PM.

6.    Neither Orlans, Fay, Bank of America nor Wilmington Bank have sent Plaintiff a notice pursuant to the provisions of paragraph 22 of ther mortgage and have not accelerated the note.  Plaintiff has never been sent a default notice from the owner of the note or mortgage.

7.    Before an acceleration of the loan was declared, the Lender was required to send Plaintiff a notice to her home address which specified:

    a.    the default;

    b.    the action required to cure the default, stating a date, not less than 30 days from the date the default must be cured;

    c.    that failure to cure the default on or before the date specified in the Notice may result in the acceleration and sale of her  home

    d.    the right to bring a court action to asset the non-existence of a default of Borrower to acceleration and sale.

8.    Paragraph 22 of the mortgage, which contains conditions for the exercise of the statutory power of sale, reads as follows:

**Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The  notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that  failure to cure the default on or before the date specified in the notice  may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not  cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law.  Lender shall be**

**entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

**If Lender invokes the STATUTORY POWER OF SALE, Lender shall  mail a copy of a notice of sale to Borrower as provided in Section 15.  Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.**

9.      The provisions in paragraph 22 of the mortgage were a condition precedent to the exercise of the power of sale of the mortgage. There was no compliance with the terms of the mortgage to exercise the statutory power of sale as indicated above.

10.      Any alleged exercise of the statutory power of sale to Plaintiff was defective because a default notice and a valid acceleration notice were never sent as required by paragraph 22 of the mortgage.

11.       Fay mailed Plaintiff  a letter dated December 12, 2017, which it claimed to be a default notice.  A copy is attached as Exhibit C.

12.      This letter did not comply with Paragraph 22 of my mortgage.

13.      Paragraph 22 (c) of the mortgage required a default notice which specified:

**(c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured**

14.       However this letter did not specify a particular date for the cure date.  Instead it stated:

To cure the default, you must pay the full amount of the default on this loan by 01/19/2018(or if said date falls on a Saturday, Sunday or legal holiday, then on the first business day thereafter.

3

15.    Plaintiff was not provided a specific and unequivocal  date to cure the loan.

16.    The mortgage required that Plaintiff be provided the following information:

**that   failure to cure the default on or before the date specified in the notice    may result in acceleration of the sums secured by this Security Instrument and sale of the Property.**

17.    This letter instead stated:

Failure to cure the default on or before this date may result in acceleration of the sums secured by the Security Instrument, foreclosure by judicial proceeding where applicable, and sale of the property.

18.    The reference to foreclosure by judicial procedure indicates that Fay would commence a legal action against Plaintiff as provided by Rhode Island law.

19.    Later in the letter, Fay again indicated that the purpose of the letter was to eventually commence a foreclosure proceeding:

If foreclosure proceedings are undertaken, we may pursue a deficiency judgment

20.    No earlier than September 27, 2018, a purported Notice of Foreclosure Counseling was mailed to Plaintiff pursuant to R.I.G.L. 34-27-3.1

21.    Plaintiff has not been provided a Notice of Foreclosure Counseling pursuant to the provisions of R.I.G.L 34-27-3.1, which states:

## § 34-27-3.1. Foreclosure counseling.

(a) No less than forty-five (45) days prior to initiating any foreclosure of real estate pursuant to subsection 34-27-4(b), the **mortgagee shall provide to an individual consumer mortgagor** written notice of default and the mortgagee's right to foreclose by first class mail at the address of the real estate and, if

4

different, at the address designated by the mortgagor by written notice to the mortgagee as the mortgagor's address for receipt of notices.

(b) The written notice required by this section shall be in English and Spanish and, provided the same is then available, shall advise the mortgagor of the availability of counseling through HUD-approved mortgage counseling agencies and, the toll-free telephone number and website address maintained to provide information regarding no-cost HUD-approved mortgage counseling agencies in Rhode Island. The written notice may also contain any other information required under federal law. A form of written notice meeting the requirements of this section shall be promulgated by the department of business regulation for use by mortgagees at least thirty (30) days prior to the effective date of this section. Counseling shall be provided at no cost to the mortgagee.

(c) Failure of the mortgagee to provide notice to the mortgagor as provided herein shall render the foreclosure void, without limitation of the right of the mortgagee thereafter to reexercise its power of sale or other means of foreclosure upon compliance with this section. The mortgagee shall include in the foreclosure deed an affidavit of compliance with this section.

(d) As used herein and in this chapter, the term "HUD" means the United States Department of Housing and Urban Development and any successor to such department.

22.    Exhibit E attached to this letter is a letter mailed to Plaintiff from Troy Michigan, which was provided to her after October 1, 2018  by regular mail.

23.    Plaintiff was not provided this letter at least 45 days prior to the purported Notice of Sale, which was dated November 15, 2018.  The statute provides that failure to provide the homeowner/Plaintiff with this letter at least forty five days before the Notice of Sale will render the sale void.

24.    Plaintiff was not sent a Notice of Mediation from the purported mortgagor, Wilmington Trust pursuant to R.I.G.L 34-27-3.2.

25.    This statute provides:

(d) The mortgagee shall, prior to initiation of foreclosure of real estate pursuant to § 34-27-4(b), provide to the mortgagor written notice at the address of the real estate and, if different, at the address designated by the mortgagor by

written notice to the mortgagee as the mortgagor's address for receipt of notices, that the mortgagee may not foreclose on the mortgaged property without first participating in a mediation conference. Notice addressed and delivered as provided in this section shall be effective with respect to the mortgagor and any heir or devisee of the mortgagor.. .

(m) No deed offered by a mortgagee as a result of a mortgage foreclosure action under power of sale shall be submitted to a city or town recorder of deeds for recording in the land evidence records of the city or town until and unless the requirements of this section are met. Failure of the mortgagee to comply with the requirements of this section shall render the foreclosure voidable, without limitation of the right of the mortgagee thereafter to re-exercise its power of sale or other means of foreclosure upon compliance with this section. The rights of the mortgagor to any redress afforded under the law are not abridged by this section.

26.     Wilmington Trust did not send Plaintiff a Notice of Mediation as required by the Mediation Statute.

27.     Plaintiff has a substantial likelihood of success in the pending action, would otherwise suffer irreparable harm and can claim the greater hardship in the absence of an order, which will not disserve the public interest if imposed.

28.     The failure of the Defendants to comply with the terms of the mortgage renders void any attempt to commence the alleged foreclosure by Statutory Power of Sale, without having the statutory ability to conduct this foreclosure.

29.     Plaintiff lives  in this property, as her only residence.

30.     Fay Servicing has not accelerated the mortgage loan by a letter to her and has not indicated in her mortgage statements that the loan has been accelerated.

31.     Fay Servicing, LLC has refused to accept any payments from the Plaintiff since January, 2018. It has returned each payment made to it by Plaintiff who has made payments since Fay commenced servicing.

32.     Fay, through its attorney Orlans PC was notified of the
defective nature of the foreclosure proceedings for failure to comply with the
provisions of R.I.G.L 34-27-3.1 and R.I.G.L 34-27-3.2 but has refused to
cancel this sale.

33.     These facts demonstrate that Plaintiff has  a substantial
likelihood of success.  Likewise a foreclosure of her property by a party not
entitled to foreclose on the property will cause Plaintiff irreparable harm,
which hardship is greater than any hardship, which may be claimed by
defendants.

34.     Such relief sought by Plaintiff will not disserve the public
interest if imposed.

35.     Notice of this Motion has been sent to Defendants' attorney,
Orlans, P.C.

WHEREFORE, Plaintiffs demand that this Court:

a.     Grant a Temporary Restraining Order and Preliminary

Injunction Restraining and Enjoining Wilmington Trust, Fay  or any other

entity acting on their behalf from conducting, advertising or continuing a

foreclosure  sale at 177 Dexter Street, Providence, Rhode Island  on January

7, 2019 or at any other time until there has been compliance the terms of the

mortgage, R.I.G.L 34-27-3.2 and R.I.G.L 34-27-3.1, pending a hearing on a

Permanent Injunction

b.     Grant a Permanent Injunction Restraining and Enjoining Wilmington

Trust, Fay  or any other entity acting on their behalf from conducting,

advertising or continuing a  foreclosure  sale at 177 Dexter Street,

7

Providence, Rhode Island  on January 7, 2019 or at any other time until there

has been compliance the terms of the mortgage, R.I.G.L 34-27-3.2 and

R.I.G.L 34-27-3.1 until  further Order of this Court.

c.      Award the Plaintiff actual damages and compensatory damages and

legal fees and costs against the Defendants for scheduling a foreclosure

without complying the  terms of the mortgage and the provisions of Rhode

Island law.

d.      Grant all other just and proper relief.

DOLORES CEPEDA
By her Attorney

January 3, 2019                              /s/ John B. Ennis

JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, Rhode Island 02920
(401) 943-9230
Jbelaw75@gmail.com