CHAPTER 073
2018 -- S 2270 SUBSTITUTE A
Enacted 06/28/2018

AN ACT
RELATING TO PROPERTY -- MORTGAGE FORECLOSURE AND SALE--MEDIATION CONFERENCE

Introduced By: Senators Metts, Quezada, Crowley, Euer, and Jabour
Date Introduced: February 01, 2018

It is enacted by the General Assembly as follows:

    SECTION 1. Section 2 of Chapter 325 of the 2013 Public Laws entitled "An Act Relating to Property – Mortgage Foreclosure and Sale" is hereby amended to read as follows:

    Section 2. This act shall take effect sixty (60) days following passage, and ~~it~~ shall expire on ~~July 1, 2018~~ **July 1, 2023**.

    SECTION 2. Section 2 of Chapter 406 of the 2013 Public Laws entitled "An Act Relating to Property – Mortgage Foreclosure and Sale" is hereby amended to read as follows:

    Section 2. This act shall take effect sixty (60) days following passage, and ~~it~~ shall expire on ~~July 1, 2018~~ **July 1, 2023**.

    SECTION 3. Section 34-27-3.2 of the General Laws in Chapter 34-27 entitled "Mortgage Foreclosure and Sale" is hereby amended to read as follows:

    **34-27-3.2. Mediation conference.**

    (a) Statement of policy. It is hereby declared that residential mortgage foreclosure actions, caused in part by unemployment and underemployment, have negatively impacted a substantial number of homeowners throughout the state, creating a situation that endangers the economic stability of many of the citizens of this state as the increasing numbers of foreclosures lead to increases in unoccupied and unattended buildings and the unwanted displacement of homeowners and tenants who desire to live and work within the state.

    (b) Purpose. The statutory framework for foreclosure proceedings is prescribed under the provisions of chapter 27 of ~~title 34~~ **this title**. As the need for a mortgage mediation process has evolved, it is important for the state to develop a standardized, statewide process for foreclosure mediation rather than a process based on local ordinances that may vary from municipality to municipality. By providing a uniform standard for an early HUD-approved, independent counseling process in owner-occupied principal residence mortgage foreclosure cases, the chances of achieving a positive outcome for homeowners and lenders will be enhanced.

    (c) Definitions. The following definitions apply in the interpretations of the provisions of this section unless the context requires another meaning:

    (1) "Default" means the failure of the mortgagor to make a timely payment of an amount due under the terms of the mortgage contract, which failure has not been subsequently cured.

    (2) "Department" means the department of business regulation.

    (3) "Good faith" means that the mortgagor and mortgagee deal honestly and fairly with the mediation coordinator with an intent to determine whether an alternative to foreclosure is economically feasible for the mortgagor and mortgagee, as evidenced by some or all of the following factors:

    (i) Mortgagee provided notice as required by this section;

    (ii) Mortgagee designated an agent to participate in the mediation conference on its behalf and with the authority to agree to a work-out agreement on its behalf;

    (iii) Mortgagee made reasonable efforts to respond in a timely manner to requests for information from the mediation coordinator, mortgagor, or counselor assisting the mortgagor;

    (iv) Mortgagee declined to accept the mortgagor's work-out proposal, if any, and the mortgagee provided a detailed statement, in writing, of its reasons for rejecting the proposal;

    (v) Where a mortgagee declined to accept the mortgagor's work-out proposal, the mortgagee offered, in writing, to enter into an alternative work-out/disposition resolution proposal that would result in net financial benefit to the mortgagor as compared to the terms of the mortgage.

    (4) "HUD" means the United States Department of Housing and Urban Development and any successor to such department.

(5) "Mediation conference" means a conference involving the mortgagee and mortgagor, coordinated and facilitated by a mediation coordinator whose purpose is to determine whether an alternative to foreclosure is economically feasible to both the mortgagee and the mortgagor, and if it is determined that an alternative to foreclosure is economically feasible, to facilitate a loan workout or other solution in an effort to avoid foreclosure.

(6) "Mediation coordinator" means a person employed by a Rhode Island-based, HUD-approved counseling agency designated to serve as the unbiased, impartial, and independent coordinator and facilitator of the mediation conference, with no authority to impose a solution or otherwise act as a consumer advocate, provided that such person possesses the experience and qualifications established by the department.

(7) "Mortgage" means an individual consumer first-lien mortgage on any owner-occupied, one (1)- to four (4)- unit residential property that serves as the mortgagor's primary residence.

(8) "Mortgagee" means the holder of a mortgage, or its agent or employee, including a mortgage servicer acting on behalf of a mortgagee.

(9) "Mortgagor" means the person who has signed a mortgage in order to secure a debt or other duty, or the heir or devisee of such person provided that:

(i) The heir or devisee occupies the property as his or her primary residence; and

(ii) The heir or devisee has record title to the property, or a representative of the estate of the mortgagor has been appointed with authority to participate in a mediation conference.

(d) The mortgagee shall, prior to initiation of foreclosure of real estate pursuant to § 34-27-4(b), provide to the mortgagor written notice at the address of the real estate and, if different, at the address designated by the mortgagor by written notice to the mortgagee as the mortgagor's address for receipt of notices, that the mortgagee may not foreclose on the mortgaged property without first participating in a mediation conference. Notice addressed and delivered as provided in this section shall be effective with respect to the mortgagor and any heir or devisee of the mortgagor.

(1) If the mortgagee fails to mail the notice required by this subsection to the mortgagor within one hundred twenty (120) days after the date of default, it shall pay a penalty at the rate of one thousand ($1,000) per month for each month or part thereof, with the first month commencing on the one hundred twenty-first (121st) day after the date of default and a new month commencing on the same day (or if there is no such day, then on the last day) of each succeeding calendar month until the mortgagee sends the mortgagor written notice as required by this section.

Notwithstanding the foregoing, any penalties assessed under this subsection for any failure of any mortgagee to provide notice as provided herein during the period from September 13, 2013, through the effective date of this section shall not exceed the total amount of one hundred twenty-five thousand dollars ($125,000) for such mortgagee.

(2) Penalties accruing pursuant to subsection (d)(1) shall be paid to the mediation coordinator prior to the completion of the mediation process. All penalties accrued under this section shall be transferred to the state within one month of receipt by the mediation coordinator and deposited to the restricted-receipt account within the general fund established by § 42-128-2(3) and used for the purposes set forth therein.

(3) Issuance by the mediation coordinator of a certificate authorizing the mortgagee to proceed to foreclosure, or otherwise certifying the mortgagee's good-faith effort to comply with the provisions of this section, shall constitute conclusive evidence that, to the extent that any penalty may have accrued pursuant to subsection (d)(1), the penalty has been paid in full by the mortgagee.

(4) Notwithstanding any other provisions of this subsection, a mortgagee shall not accrue any penalty if the notice required by this subsection is mailed to the borrower:

(i) Within sixty (60) days after the date upon which the loan is released from the protection of the automatic stay in a bankruptcy proceeding, or any similar injunctive order issued by a state or federal court, or within sixty (60) days after a loan is no longer afforded protection under the Servicemembers Civil Relief Act (50 U.S.C. § 3901 et seq.) or the provisions of § 34-27-4(d), or within one hundred twenty (120) days of the date on which the mortgagor initially failed to comply with the terms of an eligible workout agreement, as hereinafter defined; and

(ii) The mortgagee otherwise complies with the requirements of subsection (d); provided, however, that if the mortgagee fails to mail the notice required by subsection (d) to the mortgagor

within the time frame set forth in subsection (d)(4)(i), the mortgagee shall pay a penalty at the rate of one thousand dollars ($1,000) per month for each month, or part thereof, with the first month commencing on the thirty-first (31st) day after the date upon which the loan is released from the protection of the automatic stay **in** a bankruptcy proceeding or any similar injunctive order issued by a state or federal court and a new month commencing on the same day (or if there is no such day, then on the last day) of each succeeding calendar month until the mortgagee sends the mortgagor written notice as required by this section. Notwithstanding the foregoing, any penalties assessed under this subsection for any failure of any mortgagee to provide notice as provided herein during the period from September 13, 2013, through the effective date of this section shall not exceed the total amount of one hundred twenty-five thousand dollars ($125,000) for such mortgagee.

   (5) Notwithstanding any other provisions of this section, a mortgagee may initiate a judicial foreclosure in accordance with § 34-27-1.

   (e) A form of written notice meeting the requirements of this section shall be promulgated by the department for use by mortgagees at least thirty (30) days prior to the effective date of this section. The written notice required by this section shall be in English, Portuguese, and Spanish and may be combined with any other notice required under this chapter or pursuant to state or federal law.

   (f) The mediation conference shall take place in person, or over the phone, at a time and place deemed mutually convenient for the parties by an individual employed by a HUD-approved, independent counseling agency selected by the mortgagee to serve as a mediation coordinator, but not later than sixty (60) days following the mailing of the notice. The mortgagor shall cooperate in all respects with the mediation coordinator including, but not limited to, providing all necessary financial and employment information and completing any and all loan resolution proposals and applications deemed appropriate by the mediation coordinator. A mediation conference between the mortgagor and mortgagee conducted by a mediation coordinator shall be provided at no cost to the mortgagor. The HUD-approved counseling agency shall be compensated by the mortgagee <u>for mediation conferences that take place</u> at a rate not to exceed five hundred dollars ($500) per ~~engagement~~ <u>mediation</u>. <u>The HUD-approved agency shall be entitled to a filing fee not to exceed one hundred dollars ($100) per mediation engagement.</u>

   (g) If, after two (2) attempts by the mediation coordinator to contact the mortgagor, the mortgagor fails to respond to the mediation coordinator's request to appear at a mediation conference, or the mortgagor fails to cooperate in any respect with the requirements of this section, the requirements of the section shall be deemed satisfied upon verification by the mediation coordinator that the required notice was sent and any penalties accrued pursuant to subsection (d)(1) and any payments owed pursuant to subsection (f) have been paid. Upon verification, a certificate will be issued immediately by the mediation coordinator authorizing the mortgagee to proceed with the foreclosure action, including recording the deed. Such certificate shall be valid until the earlier of:

   (1) The curing of the default condition; or
   (2) The foreclosure of the mortgagor's right of redemption.

   The certificate shall be recorded along with the foreclosure deed. A form of certificate meeting the requirements of this section shall be promulgated by the department for use by mortgagees at least thirty (30) days prior to the effective date of this section.

   (h) If the mediation coordinator determines that after a good-faith effort made by the mortgagee at the mediation conference, the parties cannot come to an agreement to renegotiate the terms of the loan in an effort to avoid foreclosure, such good faith effort by the mortgagee shall be deemed to satisfy the requirements of this section. A certificate certifying such good faith effort will be promptly issued by the mediation coordinator authorizing the mortgagee to proceed with the foreclosure action and recording of the foreclosure deed; provided, however, that the mediation coordinator shall not be required to issue such a certificate until any penalties accrued pursuant to subsections (d)(1) and (d)(4)(ii), and any payments owed pursuant to subsection (f), have been paid. Such certification shall be valid until the earlier of:

   (1) The curing of the default condition; or
   (2) The foreclosure of the mortgagor's equity of redemption.

   The certificate shall be recorded along with the foreclosure deed. A form of certificate meeting the requirements of this section shall be promulgated by the department for use by mortgagees at least thirty (30) days prior to the effective date of this section.

(i) If the mortgagee and mortgagor are able to reach agreement to renegotiate the terms of the loan to avoid foreclosure, the agreement shall be reduced to writing and executed by the mortgagor and mortgagee. If the mortgagee and mortgagor reach agreement after the notice of mediation conference is sent to the mortgagor, but without the assistance of the mediation coordinator, the mortgagee shall provide a copy of the written agreement to the mediation coordinator. Upon receipt of a written agreement between the mortgagee and mortgagor, the mediation coordinator shall issue a certificate of eligible workout agreement if the workout agreement would result in a net financial benefit to the mortgagor as compared to the terms of the mortgage ("Certificate of Eligible Workout Agreement"). For purposes of this subsection, evidence of an agreement shall include, but not be limited to, evidence of agreement by both mortgagee and mortgagor to the terms of a short sale or a deed in lieu of foreclosure, regardless of whether said short sale or deed in lieu of foreclosure is subsequently completed.

(j) Notwithstanding any other provisions of this section, where a mortgagor and mortgagee have entered into a written agreement and the mediation coordinator has issued a certificate of eligible workout agreement as provided in subsection (i), if the mortgagor fails to fulfill his or her obligations under the eligible workout agreement, the provisions of this section shall not apply to any foreclosure initiated under this chapter within twelve (12) months following the date of the eligible workout agreement. In such case, the mortgagee shall include in the foreclosure deed an affidavit establishing its right to proceed under this section.

(k) This section shall apply only to foreclosure of mortgages on owner-occupied, residential real property with no more than four (4) dwelling units that is the primary dwelling of the mortgagor and not to mortgages secured by other real property.

(l) Notwithstanding any other provisions of this section, any locally based mortgagees shall be deemed to be in compliance with the requirements of this section if:

(1) The mortgagee is headquartered in Rhode Island; or

(2) The mortgagee maintains a physical office, or offices, exclusively in Rhode Island from which office, or offices, it carries out full-service mortgage operations, including the acceptance and processing of mortgage payments and the provision of local customer service and loss mitigation and where Rhode Island staff have the authority to approve loan restructuring and other loss mitigation strategies; and

(3) The deed offered by a mortgagee to be filed with the city or town recorder of deeds as a result of a mortgage foreclosure action under power of sale contained a certification that the provisions of this section have been satisfied.

(m) No deed offered by a mortgagee as a result of a mortgage foreclosure action under power of sale shall be submitted to a city or town recorder of deeds for recording in the land evidence records of the city or town until and unless the requirements of this section are met. Failure of the mortgagee to comply with the requirements of this section shall render the foreclosure voidable, without limitation of the right of the mortgagee thereafter to re-exercise its power of sale or other means of foreclosure upon compliance with this section. The rights of the mortgagor to any redress afforded under the law are not abridged by this section.

(n) Any existing municipal ordinance or future ordinance that requires a conciliation or mediation process as a precondition to the recordation of a foreclosure deed shall comply with the provisions set forth herein and any provisions of said ordinances that do not comply with the provisions set forth herein shall be determined to be unenforceable.

(o) The provisions of this section shall not apply if:

(1) The mortgage is a reverse mortgage as described in chapter 25.1 of ~~title 34~~ **this title**; or

(2) The date of default under the mortgage is on or before May 16, 2013.

(p) Limitations on actions. Any person who claims that a foreclosure is not valid due to the mortgagee's failure to comply with the terms of this section shall have one year from the date that the first notice of foreclosure was published to file a complaint in the superior court for the county in which the property is located and shall also file in the records of land evidence in the city or town where the land subject to the mortgage is located a notice of lis pendens, the complaint to be filed on the same day as the notice of lis pendens or within seven (7) days thereafter. Failure to file a complaint, record the notice of lis pendens, and serve the mortgagee within the one-year period shall preclude said mortgagor, or any other person claiming an interest through a mortgagor, from subsequently challenging the validity of the foreclosure. Issuance by the mediation coordinator of a certificate authorizing the mortgagee to proceed to foreclosure, or

otherwise certifying the mortgagee's good-faith effort to comply with the provisions of this section, shall constitute a rebuttable presumption that the notice requirements of subsection (d) have been met in all respects.

SECTION 4. This act shall take effect upon passage.

========

LC004394/SUB A/2

========