# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

DOLORES CEPEDA,

    Plaintiff,

v.

BANK OF AMERICA, N.A.,
FAY SERVICING, LLC, and
WILMINGTON TRUST NATIONAL
ASSOCIATION SOLELY AS TRUSTEE FOR
THE MFRA TRUST 2014-2,

    Defendants.

C.A. No. 19-cv-00005-WES-PAS

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Defendants Fay Servicing, LLC ("Fay") and Wilmington Trust National Association Solely As Trustee For The MFRA Trust 2014-2 ("Wilmington") (together, "Defendants") hereby file their Opposition to Plaintiff Dolores Cepeda's ("Plaintiff") Motion for a Temporary Restraining Order and Preliminary Injunction ("Motion") to enjoin a foreclosure sale scheduled for January 7, 2019. The Motion must be denied as she has not carried her burden by clearly showing she is entitled to the extraordinary relief of an injunction.

*First*, Plaintiff and her counsel have known for two months of the scheduled January 7, 2019 foreclosure sale. Despite this, Plaintiff filed her Motion through counsel one business day before the foreclosure sale in a clear and inappropriate attempt to prejudice Defendants' ability to respond thereto with necessary evidence and case law. These issues could and should have been litigated at any point during the past several months and counsel's litigation-by-ambush tactics should not be countenanced. As demonstrated by the documents submitted by Plaintiff in support of her motion, counsel for the Plaintiff has been engaged and actively communicating with the Defendants since at least mid-2017. See, e.g., August 21, 2017 Letter from John B.

Ennis to Bank of America, ECF No. 1-10, Exhibit J to Complaint. The decision to file an eleventh hour motion is an act of gamesmanship and is—in and of itself—a manifestation of the frailty of Plaintiff's legal position. Indeed, the affidavit submitted by Plaintiff in support of her motion was executed nearly one month ago, on December 13, 2018. See Affidavit in Support of Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 3-1. Plaintiff purposefully sat on her motion for more than three weeks in an effort to manufacture an "emergency" and engender confusion.

*Second*, key allegations in her memorandum are simply false. For example, she claims that "Plaintiff has never been sent a default notice from the owner of the note or mortgage." See Plaintiff's Memorandum, p. 2. Yet Plaintiff later references a December 12, 2017 notice of default and intent to accelerate that was sent to her by certified mail. Id. Likewise, Plaintiff spends several pages devoted to an argument that Defendants have failed to comply with a statute that was repealed nearly five years ago—as counsel for Plaintiff is surely aware.

*Third*, Plaintiff makes no attempt to cite to, let alone argue, the elements necessary for an entry of a temporary restraining order or preliminary injunction. As demonstrated by the attached notices, there is no likelihood of success on the merits. Plaintiff has failed to clearly demonstrate that she will suffer "irreparable" harm or that the cost to Plaintiff will outweigh the ever-mounting cost to the Defendants. Indeed, Plaintiff has made no attempt to comply with Rule 65(c) of the Federal Rules of Civil Procedure, which states that a preliminary injunction or a temporary restraining order may be issued "**only** if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." (Emphasis added). In short, Plaintiff's motion is legally and factually inaccurate and she has not carried her burden of clearly showing she is entitled to the extraordinary remedy of a temporary restraining order of preliminary injunction.

## BACKGROUND

Plaintiff executed a mortgage on December 22, 2006. See Exhibit A to Complaint. Plaintiff defaulted on the mortgage, and the mortgagee, Bank of America, sent a R.I.G.L. § 34-27-3.2 notice of mediation to Plaintiff on October 3, 2016. See Exhibit 1 (letter enclosing October 3, 2016 Notice). On January 4, 2017, a mediation coordinator executed a certificate indicating that Bank of America, the mortgagee, had complied with § 34-27-3.2. See id. Bank of America then sent a paragraph 22 notice of intent to accelerate on September 14, 2017. See id. On September 29, 2017, the mortgage was sold and transferred from Bank of America to Wilmington. See Exhibit 2 (enclosing 404 Notice). On December 15, 2017, Fay—the servicer of the mortgage for Wilmington—mailed another paragraph 22 notice of acceleration. See Exhibit 1 (enclosing notice of acceleration). On September 27, 2018, Defendants sent Plaintiff a notice of the availability of counseling. See Plaintiff's Affidavit at ¶ 20. And on November 15, 2018, Defendants sent Plaintiff a notice of foreclosure sale, identifying the sale date as January 7, 2019.

## STANDARD OF REVIEW

"The standard to be applied to determine whether to issue a temporary restraining order is identical to the standard applied for preliminary injunctions." Kellam v. Burnley, 673 F. Supp. 71, 72 (D.R.I. 1987). The Court weighs four factors: "(1) the likelihood of success on the merits; (2) the potential for irreparable harm [to the movant] if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest." Wine and Spirits Retailers, Inc. v. Rhode Island, 418 F.3d 36, 46 (1st Cir. 2005). The likelihood of success on the merits is the most important factor of the four. Id. **A preliminary injunction or temporary restraining order is an "extraordinary remedy" that**

**may only be entered if the plaintiff makes a <u>clear showing</u> that she is entitled to such relief.**
See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (emphasis added). The burden of proof is on the movant in establishing a purported entitlement to an injunction. See Esso Standard Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006).

## ARGUMENT

**I.     Defendants Sent Compliant Default, Counseling, And Mediation Notices**

Plaintiff makes three arguments in her motion. First, she alleges that Defendants failed to send a paragraph 22 notice of acceleration. See Motion, pp. 2-7. Second, she alleges that Defendants failed to provide a notice of foreclosure counseling in violation of R.I.G.L. § 34-27-3.1. See id., pp. 8-10. Finally, she argues that Defendants have failed to comply with R.I.G.L. § 34-27-3.2 by failing to send a notice appraising her of the availability, and necessity to participate in, a mediation conference. See id., pp. 10-17. Each of these arguments fail because they lack substantive and legal merit.

Defendants sent a compliant paragraph 22 notice. See, e.g., Exhibit 1 (September 14, 2017 Notice of Acceleration and Default; December 15, 2017 Notice of Acceleration and Default). Defendants also sent a compliant and timely counseling notice (although not required to do so, as the statute relied upon by Plaintiff was repealed in 2014). See, e.g., Plaintiff's Affidavit, ECF No. 3-1, ¶ 20; Exhibit D. And Defendants sent a compliant mediation notice, as evidenced by the attached notices and "Certificate of Compliance" signed and executed by a mediation coordinator on January 4, 2017. See, e.g., Exhibit 1 (September 15, 2016 Mediation Notice; January 4, 2017 Certificate of Compliance).

**A.     Defendants Complied With Paragraph 22 Of The Mortgage By Sending Notices Of Acceleration And Default**

Plaintiff's primary allegation is that Defendants failed to send notices of acceleration and

default which complied with paragraph 22 of the Mortgage. This is patently incorrect. Paragraph 22 of the Mortgage states that a notice of acceleration and default must contain four elements:

> The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property.

See Mortgage, ECF Doc. No. 1-1, Exhibit A to Complaint. The December 12, 2017 Letter sent by Fay complied with paragraph 22 of the Mortgage. It states:

(a) that "you are in default under the terms of the documents creating and securing your Loan described above, including the Note and Deed of Trust/Mortgage Security Deed;"

(b) that "[t]o cure the default, you must pay the full amount of the default on this loan;"

(c) "by 01/19/2018;" and

(d) that "[f]ailure to cure the default on or before this date may result in acceleration of the sums secured by the Security Instrument, foreclosure by judicial proceeding where applicable, and sale of the property."

See December 15, 2017, Exhibit 1 (also attached as Exhibit C to Plaintiff's Affidavit). This was not the only paragraph 22 letter sent to the Plaintiff. Prior to the transfer of the loan from Bank of America to Wilmington, a paragraph 22 notice was also sent by Bank of America on September 14, 2017. See id.

    **B.**    **R.I.G.L. § 34-27-3.1 Was Repealed Nearly Five Years Ago**

Plaintiff devotes two pages of her memorandum to the argument that Defendants have not complied with R.I.G.L. § 34-27-3.1 by failing to send a timely notice of the availability of foreclosure counseling. See Motion, pp. 8-10. The problem with this argument is two-fold.

5

First, this statute was repealed in 2014. Second, even if this statute had not been repealed, as demonstrated by Plaintiff's Affidavit, Defendants did, in fact, send a R.I.G.L. § 34-27-3.1 compliant notice on September 27, 2018, more than 45 days prior the November 15, 2018 Notice of Sale. See Plaintiff's Affidavit, ECF No. 3-1, ¶ 20; see also Westerly Trucking Co. v. Nardone, 1985 WL 661658, at *3 (R.I. Super. Ct. Aug. 6, 1985) ("Proof that a letter has been mailed, properly directed to a person, is presumptive proof that the letter has been received by such person."); Hutter v. Hartford Acc. & Indem. Co., 710 A.2d 665, 666 (R.I. 1998) ("The party against whom [a] presumption operates has the burden of producing satisfactory evidence to rebut the presumption.").

    C.    **<u>Defendants Sent A 34-27-3.2 Mediation Notice</u>**

R.I.G.L. § 34-27-3.2 requires that a mortgagee send a mortgagor in default a notice indicating the availability of a mediation conference. Plaintiff was sent such a notice on October 3, 2016. See Exhibit 1 (letter enclosing October 3, 2016 Notice). On January 4, 2017, a mediation coordinator executed a certificate indicating that Bank of America, the mortgagee, had complied with § 34-27-3.2. See id. Plaintiff's sole argument is that the mediation notice is inadequate because the mortgage was subsequently transferred from Bank of America to Wilmington. Unsurprisingly, Plaintiff does not cite to a single case which supports this proposition.

There is no question that, at the time the mediation notices were sent, Bank of America was the mortgagee. Plaintiff appears to suggest that a later assignment or transfer of the mortgage by the mortgagee somehow invalidates the mediation notice. This is nonsensical. To the contrary, Rhode Island courts have routinely rejected similar attempts to undermine the import of a transfer or assignment of a mortgage. For example, as stated by the Rhode Island Supreme Court in Ingram v. Mortg. Elec. Registration Sys., Inc., when a mortgage is transferred

or assigned, the assignee or transferee (Wilmington) acquires all the rights and powers of transferor or assignor (Bank of America). 94 A.3d 523, 528–29 (R.I. 2014). Thus, when the mortgage was transferred to Wilmington, it acquired all rights and powers of Bank of America, including the rights Bank of America possessed relative to the previously sent mediation notice. Plaintiff's unprecedented and illogical argument must be rejected. She has failed to carry her burden by clearly demonstrating that she is entitled to the extraordinary remedy of an temporary restraining order or preliminary injunction.

## CONCLUSION

WHEREFORE, Defendants respectfully request that the Court deny Plaintiff's motion for a temporary restraining order and preliminary injunction of the sale for all of the reasons stated herein.

                                        Respectfully submitted,

                                        FAY SERVICING, LLC and
WILMINGTON TRUST NATIONAL ASSOCIATION SOLELY AS TRUSTEE FOR THE MFRA TRUST 2014-2

By its attorneys,

*/s/ Patrick T. Uiterwyk*
Patrick T. Uiterwyk, Bar No. 7461
Nelson Mullins Riley & Scarborough LLP
One Post Office Square, 30th Floor
Boston, Massachusetts 02109
Tel: 617-217-4643
Fax: 617-217-4710
Email: patrick.uiterwyk@nelsonmullins.com

Date: January 7, 2019

**CERTIFICATE OF SERVICE**

   I, Patrick T. Uiterwyk, certify that on this 7th day of January, 2019, I filed the foregoing document through the ECF system, thereby serving it electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on this date. The foregoing document is available for viewing and downloading from the ECF system.

            /s/ *Patrick T. Uiterwyk*
             Patrick T. Uiterwyk