IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DOLORES CEPEDA,<br><br>                         Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br>FAY SERVICING, LLC,<br>WILMINGTON TRUST NATIONAL<br>ASSOCIATION SOLELY AS TRUSTEE<br>FOR THE MFRA TRUST 2014-2, ALIAS<br><br>                         Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   C.A. No. 1:19-cv-00005-WES-PAS<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT**
**BANK OF AMERICA, N.A.'S MOTION TO DISMISS COMPLAINT**

Defendant Bank of America, N.A. ("BANA") respectfully submits this Memorandum of Law in support of its Motion to Dismiss the Complaint (the "Complaint" or "Compl.") filed by Plaintiff Dolores Cepeda ("Plaintiff") pursuant to Fed. R. Civ. P. 12(b)(6) for failure, as a matter of law, to state any cognizable claim for relief.

**I.  PROCEDURAL HISTORY**

Plaintiff filed the Complaint on January 3, 2019.  Doc. 1.  BANA was served with Summons and the Complaint on April 29, 2019.  Doc. 27.  By extension, BANA's response to the Complaint is due on June 19, 2019.  *See* Text Order dated May 23, 2019.  Accordingly, BANA now timely files this response to the Complaint.

**II.  INTRODUCTION**

On December 22, 2006, Plaintiff executed a promissory note (the "Note," attached as **Exhibit A**) in favor of BANA as Lender in exchange for a loan in the principal amount of

1

$255,000.00 (the "Loan").[1] BANA endorsed the Note in blank. *See id.* To secure the obligations under the Note, Plaintiff executed a mortgage (the "Mortgage," attached as **Exhibit B**) on the property located at 177 Dexter Street, Providence, Rhode Island 02907 (the "Property") in favor of BANA and its successors and assigns.[2] Compl. ¶ 2. On October 25, 2017, BANA assigned the Mortgage to Wilmington Trust National Association, Not in its Individual Capacity, But Solely as Trustee for MFRA Trust 2014-2 ("Wilmington Trust" and the "Assignment," attached as **Exhibit C**).[3]

BANA serviced the Loan since its origination until November 1, 2017 (the "Service Transfer Date"), when servicing of the Loan was transferred to Fay Servicing, LLC ("Fay"). *See* **Exhibit D** (service transfer letter); *see also* Compl. ¶ 7 (identifying BANA as the former Loan servicer) & Compl. Ex. C (letter dated December 15, 2017, in which Fay identifies itself as the Loan's servicer on behalf of Wilmington Trust). According to the public record, Wilmington Trust conducted a foreclosure sale on January 7, 2019, and recorded a Foreclosure Deed conveying the Property to Sahara Property Management LLC (attached as **Exhibit E**).[4]

---

[1] The Court may consider the Note in evaluating this motion to dismiss, without converting the motion to one for summary judgment, because the Note is central to Plaintiff's claims. *See Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993) (in considering a motion to dismiss, courts may consider documents whose authenticity is not disputed, official public records, documents central to a plaintiff's claim, and documents referred to in the complaint).

[2] The Court may consider the Mortgage in evaluating this motion to dismiss, without converting the motion to one for summary judgment, because the Mortgage is central to Plaintiff's claims and is a matter of public record, having been recorded with the Providence Registry of Deeds on December 26, 2006, in Book 8462, Page 326. *See Watterson*, 987 F.2d at 3. Furthermore, a copy of the Mortgage is attached as Exhibit A to the Complaint, and therefore, the Mortgage is part of the pleadings.

[3] For the reasons stated in n.2, the Court may consider the Assignment because it is a matter of public record, having been recorded with the Providence Registry of Deeds on November 2, 2017, in Book 11873, Page 162. *See Watterson*, 987 F.2d at 3.

[4] For the reasons stated in n.2, the Court may consider the Foreclosure Deed because it is a matter of public record, having been recorded with the Providence Registry of Deeds on February 15, 2019, in Book 12284, Page 241. *See Watterson*, 987 F.2d at 3.

Plaintiff now brings suit against former servicer BANA in relation to the servicing of her Loan, and she alleges that BANA failed to properly respond to a Notice of Error she sent on October 29, 2017, violating 12 C.F.R. § 1024.36(c) and 12 C.F.R. § 1024.36(d)(2)(i)(A) in the process. *See* Compl. ¶ 137. However, the attachments to Plaintiff's Complaint contradict her allegations and show that Plaintiff does not state a plausible claim for relief against BANA. Thus, for the reasons discussed more fully below, the Court should dismiss the Complaint against BANA with prejudice.

### III.  ARGUMENT AND AUTHORITIES

#### A.  Applicable Legal Standard

The Court should dismiss outright a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion to dismiss, a court accepts all well-pleaded facts as true and views them in the light most favorable to the claimant, but not conclusory allegations or legal conclusions masquerading as factual conclusions. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). Such will not suffice to prevent a motion to dismiss. *Id.* A complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted)). It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). While not a "probability requirement," the plausibility standard announced in *Twombly* and *Iqbal* requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Lastly, while courts

3

ordinarily do not take into consideration documents not attached to the complaint, or not expressly incorporated therein on a Rule 12 motion to dismiss, "courts have made narrow exceptions for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." *Watterson*, 987 F.2d at 3.

### B. Plaintiff Does Not Assert Counts 1 and 2 Against BANA.

Plaintiff alleges in Count 1 that she was not provided a Notice of Foreclosure Counseling at least 45 days prior to the mailing of a November 15, 2018 Notice of Sale, and in support of this claim, she alleges that she incurred damages as a result. Compl. ¶ 53. Plaintiff alleges in Count 2 that Fay and Wilmington Trust did not provide a Notice of Mediation by and that she incurred damages as a result. Compl. ¶¶ 59-60, 62. Plaintiff makes no allegations against BANA in support of Counts 1 or 2. Furthermore, Plaintiff's own Exhibit C confirms that at least as of December 15, 2017, Fay—not BANA—was the Loan's servicing. *See* Doc. 1-3. Additionally, Plaintiff's Exhibit E confirms that BANA was not seeking to foreclose on the Property, as the Notice of Sale dated July 23, 2018, which notified Plaintiff that the Property would be sold on September 13, 2018, was sent on behalf of mortgagee Wilmington Trust, not BANA. *See* Doc. 1-5. Accordingly, because BANA had no obligations pursuant to R.I.G.L. 35-27-3.1 and 35-27-3.2 in relation to the Property's foreclosure, the Court should dismiss Counts 1 and 2, with prejudice, pursuant to Rule 12(b)(6) for failure to state a plausible claim for relief.

### C. Plaintiff Does Not Assert Count 3 Against BANA.

Plaintiff alleges in Count 3 that Wilmington Trust and Fay breached the Mortgage and that Wilmington Trust violated the covenant of good faith and fair dealing. *See generally* Count 3. Plaintiff makes no allegations of wrongdoing against BANA in support of Count 3. Thus, the

4

Court should dismiss Count 3, with prejudice, pursuant to Rule 12(b)(6) for failure to state a plausible claim for relief.

### D.  Plaintiff Does Not Assert Count 4 for Injunctive Relief Against BANA.

Plaintiff alleges in Count 4 that Wilmington Trust and Fay should be enjoined from "conducting, advertising or continuing a foreclosure sale" regarding the Property. *See generally* Count 4. Plaintiff makes no allegations of wrongdoing against BANA in support of Count 4, and she does not seek injunctive relief against BANA. Thus, the Court should dismiss Count 4, with prejudice, pursuant to Rule 12(b)(6) for failure to state a plausible claim for relief.

### E.  Plaintiff Does Not Assert Count 4 for Violation of TILA Against BANA.

Plaintiff alleges in Count 4 (number repeated) that Wilmington Trust has violated the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., and she seeks statutory damages against Wilmington Trust only. *See generally* Count 4. Plaintiff makes no allegations of wrongdoing against BANA in support of her TILA claim as alleged in Count 4. Thus, the Court should dismiss Count 4 for violation of TILA, with prejudice, pursuant to Rule 12(b)(6) for failure to state a plausible claim for relief.

### F.  Plaintiff Does Not Assert Count 5 Against BANA.

Plaintiff alleges in Count 5 that Fay has committed several violations of the Fair Debt Collection Practices Act (the "FDCPA"), and the claim is asserted "against Fay" only. *See generally* Count 5. Plaintiff makes no allegations of wrongdoing against BANA in support of Count 5. Thus, the Court should dismiss Count 5, with prejudice, pursuant to Rule 12(b)(6) for failure to state a plausible claim for relief.

### G. Plaintiff's Claims for Violation of Regulation X (Count 6) Fail.[5]

Plaintiff alleges in Count 6 that "[t]his action is specifically filed to enforce the Regulations that became effective on January 10, 2014, specifically 12 C.F.R. § 1024.36(c) and 12 C.F.R. § 1024.36(d)(2)(i)(A) of Regulation X." Compl. ¶ 137. These are the only sections of Regulation X that Plaintiff asserts BANA violated in Count 6. In addition, Plaintiff concedes that BANA is a former servicer of Plaintiff's Loan, *see* Compl. ¶ 138, and correspondence attached to the Complaint confirms that at least as of December 15, 2017, Fay was the servicer of Plaintiff's Loan, *see* Compl. Ex C (Doc. 1-3); *see also* Ex. D (informing Plaintiff that effective November 1, 2017, servicing of the Loan was being transferred to Fay).

Section 1024.36(c) states that within five days of receiving a request for information from a borrower, the servicer shall provide to the borrower a written response acknowledging receipt of the information request. *See* 12 C.F.R. 1024.36(c). Section 1024.36(d)(2)(i)(A) states that "[n]ot later than 10 days (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives an information request for the identity of, and address or other relevant contact information for, the owner or assignee of a mortgage loan," the servicer must comply with 1024.36(d)(1) by providing the borrower with the requested information and contact information. *See* 12 C.F.R. 1024.36(d)(2)(i)(A).

**Paragraphs 144-148, 154**

In support of Count 6, Plaintiff first alleges that BANA failed to respond to her October 29, 2017 Notice of Error, which she alleges is attached as Exhibit F to the Complaint. *See* Compl.

---

[5] In its title, Count 6 also references "Regulation Z," but in paragraph 137 of the Complaint, Plaintiff alleges that this Count seeks relief pursuant to 12 C.F.R. §§ 1024.36(c) and 1024.36(d)(2)(i)(A) of Regulation X only. *See* Compl. ¶ 137. Thus, BANA responds to Plaintiff's allegations as set forth in the Complaint.

¶¶ 144-148.  Plaintiff further alleges that BANA's response to the October 29, 2017 Notice of Error is attached as Exhibit F-1 to the Complaint.  *See* Compl. ¶ 154.  However, there is no "Exhibit F" to the Complaint, and the documents included as Exhibit F-1 are BANA letters dated October 22, 2018 and November 2, 2018 responding to correspondence dated October 9, 2018 and October 29, 2018, *not* a Notice of Error dated October 29, 2017.  *See* Doc. 1-6.  Thus, Plaintiff does not state a plausible claim for relief in relation to an October 29, 2017 Notice of Error allegedly attached as Exhibit F to the Complaint.

**Paragraphs 173-177, 183**

Next, Plaintiff repeats her allegations regarding an October 29, 2017 Notice of Error and alleges that the Notice of Error is attached as Exhibit G to the Complaint.  *See* Compl. ¶¶ 173-177.  Plaintiff further alleges that BANA's response to the October 29, 2017 Notice of Error is attached as Exhibit F-1 to the Complaint.  *See* Compl. ¶ 183.  However, there is no "Exhibit G" to the Complaint, and the documents included as Exhibit F-1 are BANA letters dated October 22, 2018 and November 2, 2018 responding to correspondence dated October 9, 2018 and October 29, 2018, *not* a Notice of Error dated October 29, 2017.  *See* Doc. 1-6.  Thus, Plaintiff does not state a plausible claim for relief in relation to an October 29, 2017 Notice of Error allegedly attached as Exhibit G to the Complaint.

**Paragraphs 201-205, 211**

Next, Plaintiff repeats her allegations regarding an October 29, 2017 Notice of Error and alleges that the Notice of Error is attached as Exhibit H to the Complaint.  *See* Compl. ¶¶ 201-205.  Plaintiff further alleges that BANA's response to the October 29, 2017 Notice of Error is attached as Exhibit F-1 to the Complaint.  *See* Compl. ¶ 211.  However, there is no "Exhibit H" to the Complaint, and the documents included as Exhibit F-1 are BANA letters dated October 22, 2018

and November 2, 2018 responding to correspondence dated October 9, 2018 and October 29, 2018, *not* a Notice of Error dated October 29, 2017. *See* Doc. 1-6. Thus, Plaintiff does not state a plausible claim for relief in relation to an October 29, 2017 Notice of Error allegedly attached as Exhibit H to the Complaint.

**Paragraphs 230-234, 240**

Next, Plaintiff repeats her allegations regarding an October 29, 2017 Notice of Error and alleges that the Notice of Error is attached as Exhibit I to the Complaint. *See* Compl. ¶¶ 230-234. Plaintiff further alleges that BANA's response to the October 29, 2017 Notice of Error is attached as Exhibit F-1 to the Complaint. *See* Compl. ¶ 240. However, there is no "Exhibit I" to the Complaint, and the documents included as Exhibit F-1 are BANA letters dated October 22, 2018 and November 2, 2018 responding to correspondence dated October 9, 2018 and October 29, 2018, *not* a Notice of Error dated October 29, 2017. *See* Doc. 1-6. Thus, Plaintiff does not state a plausible claim for relief in relation to an October 29, 2017 Notice of Error allegedly attached as Exhibit I to the Complaint.

**Paragraphs 259-263, 269**

Next, Plaintiff repeats her allegations regarding an October 29, 2017 Notice of Error and alleges that the Notice of Error is attached as Exhibit J to the Complaint. *See* Compl. ¶¶ 259-263. Plaintiff further alleges that BANA's response to the October 29, 2017 Notice of Error is attached as Exhibit F-1 to the Complaint. *See* Compl. ¶ 269. However, "Exhibit J" to the Complaint is a letter dated August 21, 2017, and the documents included as Exhibit F-1 are BANA letters dated October 22, 2018 and November 2, 2018 responding to correspondence dated October 9, 2018 and October 29, 2018, *not* a Notice of Error dated October 29, 2017. *See* Doc. 1-6. Thus, Plaintiff

does not state a plausible claim for relief in relation to an October 29, 2017 Notice of Error allegedly attached as Exhibit J to the Complaint.

**Paragraphs 290-294, 301**

Next, Plaintiff repeats her allegations regarding an October 29, 2017 Notice of Error and alleges that the Notice of Error is attached as Exhibit K to the Complaint. *See* Compl. ¶¶ 290-294. Plaintiff further alleges that BANA's response to the October 29, 2017 Notice of Error is attached as Exhibit F-1 to the Complaint. *See* Compl. ¶ 301. However, "Exhibit K" to the Complaint is a letter dated October 29, 2018, and the documents included as Exhibit F-1 are BANA letters dated October 22, 2018 and November 2, 2018 responding to correspondence dated October 9, 2018 and October 29, 2018, <u>not</u> a Notice of Error dated October 29, 2017. *See* Doc. 1-6. Thus, Plaintiff does not state a plausible claim for relief in relation to an October 29, 2017 Notice of Error allegedly attached as Exhibit K to the Complaint.

Furthermore, to the extent this portion of Count 6 could be construed as a claim for violation of 12 C.F.R. § 1024.36(c) and 12 C.F.R. § 1024.36(d)(2)(i)(A) of Regulation X in relation to the October 29, 2018 letter attached as Exhibit K, Plaintiff's claim still fails. Correspondence attached to the Complaint confirms that, at least as of December 15, 2017, Fay was the servicer of Plaintiff's Loan. *See* Compl. Ex C (Doc. 1-3). Thus, as a former servicer of Plaintiff's Loan, BANA could not be expected to have "current" information regarding the "identity of, and address or other relevant contact information for, the owner or assignee of" Plaintiff's Loan on October 29, 2018—which was approximately one year after servicing responsibilities were transferred from BANA to Fay. *See* Ex. D. Furthermore, the letter attached as Exhibit K did not request the information identified in 12 C.F.R. § 1024.36(d)(2)(i)(A). *See* Doc. 1-11. Plaintiff, therefore, does not state a plausible claim for relief in relation to Exhibit K.

9

**Paragraphs 322-326, 332**

Next, Plaintiff repeats her allegations regarding an October 29, 2017 Notice of Error and alleges that the Notice of Error is attached as Exhibit L to the Complaint. *See* Compl. ¶¶ 322-326. Plaintiff further alleges that BANA's response to the October 29, 2017 Notice of Error is attached as Exhibit F-1 to the Complaint. *See* Compl. ¶ 332. However, "Exhibit L" to the Complaint is a letter dated October 29, 2018, and the documents included as Exhibit F-1 are BANA letters dated October 22, 2018 and November 2, 2018 responding to correspondence dated October 9, 2018 and October 29, 2018, *not* a Notice of Error dated October 29, 2017. *See* Doc. 1-6. Thus, Plaintiff does not state a plausible claim for relief in relation to an October 29, 2017 Notice of Error allegedly attached as Exhibit L to the Complaint.

Furthermore, to the extent this portion of Count 6 could be construed as a claim for violation of 12 C.F.R. § 1024.36(c) and 12 C.F.R. § 1024.36(d)(2)(i)(A) of Regulation X in relation to the October 29, 2018 letter attached as Exhibit L, Plaintiff's claim still fails. Correspondence attached to the Complaint confirms that, at least as of December 15, 2017, Fay was the servicer of Plaintiff's Loan. *See* Compl. Ex C (Doc. 1-3). Thus, as a former servicer of Plaintiff's Loan, BANA could not be expected to have "current" information regarding the "identity of, and address or other relevant contact information for, the owner or assignee of" Plaintiff's Loan on October 29, 2018—which was approximately one year after servicing responsibilities were transferred from BANA to Fay. *See* Ex. D. Furthermore, the letter attached as Exhibit L did not request the information identified in 12 C.F.R. § 1024.36(d)(2)(i)(A). *See* Doc. 1-12. Plaintiff, therefore, does not state a plausible claim for relief in relation to Exhibit L.

**Paragraphs 353-357, 363**

Finally, Plaintiff repeats her allegations regarding an October 29, 2017 Notice of Error and alleges that the Notice of Error is attached as Exhibit M to the Complaint. *See* Compl. ¶¶ 353-357. Plaintiff further alleges that BANA's response to the October 29, 2017 Notice of Error is attached as Exhibit F-1 to the Complaint. *See* Compl. ¶ 363. However, "Exhibit M" to the Complaint is a letter dated October 29, 2018, and the documents included as Exhibit F-1 are BANA letters dated October 22, 2018 and November 2, 2018 responding to correspondence dated October 9, 2018 and October 29, 2018, <u>not</u> a Notice of Error dated October 29, 2017. *See* Doc. 1-6. Thus, Plaintiff does not state a plausible claim for relief in relation to an October 29, 2017 Notice of Error allegedly attached as Exhibit M to the Complaint.

Furthermore, to the extent this portion of Count 6 could be construed as a claim for violation of 12 C.F.R. § 1024.36(c) and 12 C.F.R. § 1024.36(d)(2)(i)(A) of Regulation X in relation to the October 29, 2018 letter attached as Exhibit M, Plaintiff's claim still fails. Correspondence attached to the Complaint confirms that, at least as of December 15, 2017, Fay was the servicer of Plaintiff's Loan. *See* Compl. Ex C (Doc. 1-3). Thus, as a former servicer of Plaintiff's Loan, BANA could not be expected to have "current" information regarding the "identity of, and address or other relevant contact information for, the owner or assignee of" Plaintiff's Loan on October 29, 2018—which was approximately one year after servicing responsibilities were transferred from BANA to Fay. *See* Ex. D. Furthermore, the letter attached as Exhibit M did not request the information identified in 12 C.F.R. § 1024.36(d)(2)(i)(A). *See* Doc. 1-13. Plaintiff, therefore, does not state a plausible claim for relief in relation to Exhibit M.

In sum, Plaintiff's allegations are not supported by her Exhibits to the Complaint, and her allegations do not support a plausible claim for violation of 12 C.F.R. § 1024.36(c) or 12 C.F.R.

11

§ 1024.36(d)(2)(i)(A)—the only provisions of Regulation X Plaintiff alleges BANA violated. *See* Compl. ¶ 137. Accordingly, the Court should dismiss Plaintiff's Claim 6 in its entirety, and with prejudice, for failure to state a plausible claim for relief.

### IV. CONCLUSION

For the reasons stated herein, BANA respectfully requests that the Court grant its motion and dismiss the Complaint in its entirety, with prejudice, pursuant to Rule 12(b)(6) for failure, as a matter of law, to state a plausible claim for relief.

Date: June 18, 2019                                    Respectfully submitted,

BANK OF AMERICA, N.A.,
Defendant,

By its attorneys,

___*/s/ Justin J. Shireman*_____
Justin J. Shireman (#7779)
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
260 Franklin Street, 14th Floor
Boston, MA 02110
(617) 422-5300
Justin.Shireman@wilsonelser.com

## CERTIFICATE OF SERVICE

I, Justin J. Shireman, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on June 18, 2019.

>*/s/ Justin J. Shireman*
>Justin J. Shireman

1373866v.1