UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DOLORES CEPEDA

    VS                                                C.A.2019-CV-5

BANK OF AMERICA, N.A.
FAY SERVICING, LLC
WILMINGTON TRUST NATIONAL ASSOCIATION
SOLEY AS TRUSTEE FOR THE MFRA TRUST 2014-2 , ALIAS

## MEMORANDUM OF LAW IN RESPONSE TO MOTION TO DISMISS

      Plaintiff was a resident of the State of Rhode Island with an address of 177 Dexter Street, Providence, Rhode Island. She claims to still own this real estate. She executed a mortgage to Bank of America, N.A. on December 22, 2006. Defendant, Bank of America, N.A. is a national bank with a principal office in the State of North Carolina. It was the former loan servicer to the Plaintiffs' mortgage loan account. In January 2009 the new owner of the loan claims to have foreclosed on her property. This claim, referenced in her complaint does not relate to that activity, and instead relates to Bank of America's responses to her RESPA requests and Notices of Error. The Defendant has filed a Motion to Dismiss the entire complaint with prejudice, including Count VI pursuant to FRCP 12(b)(6) for

1

failure to state a claim. This memorandum will demonstrate that this Motion should be denied.

## COUNTS 1-5 ARE AGAINST OTHER DEFENDANTS AND THE MOTION TO DISMISS THESE COUNTS BY BANK OF AMERICA SHOULD BE DENIED

The only Count which was filed against Bank of America was Count VI. All other counts were filed against either Fay Servicing of Wilmington Trust, which are not the subject of this Motion.  The Defendant acknowledged on pages 4 and 5 of its memorandum the following:

B. Plaintiff Does Not Assert Counts I and 2 Against BANA

C. Plaintiff Does Not Assert Count 3 Against BANA

D. Plaintiff Does Not Assert Count 4 For Injunctive Relief Against BANA

E. Plaintiff Does Not Assert Count 4  for Violation of TILA Against BANA

F. C. Plaintiff Does Not Assert Count 5 Against BANA

Despite this acknowledgment that these counts were not pleaded against Bank of America, it asks this Court to dismiss those Counts with prejudice, pursuant to Rule 12(b)(6) for failure to state a plausible claim for relief. There is no basis for this relief since the Counts were not pleaded against Bank of America. It in fact lacks any standing to request the Court to dismiss a Count as to which it was not the defendant. These Counts clearly

identified a Defendant other than Bank of America as the party to which the Count was directed. Thus this part of their Motion should be denied.

## DEFENDANT'S PRIMARY MOTION REVOLVES AROUND A TYPOGRAPHICAL ERROR

Defendant filed a Motion to Dismiss alleging that the Plaintiff's complaint referenced seven Notices of Error, which the complaint erroneously indicates were dated October 29, 2017. Bank of America is correct that at least on the surface this date was not accurate and there were no Notice of Error dated October 29, 2017. However the actual date of each Notice of Error was October 29, 2018, which is readily apparent as they were attached to the complaint as Exhibits F,G,H, I, J, K and L. The complaint makes this quite clear when each allegation is reviewed. Each Notice of Error is identified by content and by the certified mail number as follows:

**NOTICE OF ERROR 1**

144. On or about October 29, 2017, the Plaintiff sent a written notice of error to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

145. The Notice of Error was mailed by certified mail, return receipt requested, having an article number 9470110898765020746192.

146. The Notice was mailed to the address noticed by the Defendant on its website as the designated address for sending a Notice of Error as provided for by 12 CFR § 1024.35.

147. The Notice was received by the Defendant on October 31, 2018.

148. A copy of the Notice of Error is attached as Exhibit F.

149. The Plaintiff's Notice of Error referenced failure to correct an error by which Defendant had failed to provide the contractual status of the mortgage loan when Bank of America, California, N.A. transferred ownership of the mortgage loan.

**NOTICE OF ERROR 2**

173. On or about October 29, 2017, the Plaintiff sent a written notice of error to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

174. The Notice of Error was mailed by certified mail, return receipt requested, having an article number 9470110898765020746192.

175. The Notice was mailed to the address noticed by the Defendant on its website as the designated address for sending a Notice of Error as provided for by 12 CFR § 1024.35.

176. The Notice was received by the Defendant on October 31, 2018.

177 A copy of the Notice of Error is attached as Exhibit G.

178. The Plaintiff's Notice of Error referenced failure to correct an error by which Defendant had failed to provide the Plaintiff all documents transferred to the new loan servicer.

**NOTICE OF ERROR 3**

201. On or about October 29, 2017, the Plaintiff sent a written notice of error to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

202. The Notice of Error was mailed by certified mail, return receipt requested, having an article number 9470110898765020746192.

203. The Notice was mailed to the address noticed by the Defendant on its website as the designated address for sending a Notice of Error as provided for by 12 CFR § 1024.35.

204. The Notice was received by the Defendant on October 31, 2018.

205 A copy of the Notice of Error is attached as Exhibit H.

206. The Plaintiff's Notice of Error referenced failure to correct an error by which Defendant had failed to provide the Plaintiff information relating to the status of the Plaintiff's mortgage loan in regard to periodic payments of principal, interest and escrow when Bank of America, N.A. transferred ownership of the mortgage loan, including all documents on which it relied to provide this information.

**NOTICE OF ERROR 4**

230. On or about October 29, 2017, the Plaintiff sent a written notice of error to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

231. The Notice of Error was mailed by certified mail, return receipt requested, having an article number 9470110898765020746192.

232. The Notice was mailed to the address noticed by the Defendant on its website as the designated address for sending a Notice of Error as provided for by 12 CFR § 1024.35. 230. On or about October 29, 2017, the Plaintiff sent a written notice of error to the Defendant that included the name of the borrower, the identity of the account, the property description

and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

233. The Notice was received by the Defendant on October 31, 2018.

234. A copy of the Notice of Error is attached as Exhibit I.

235. The Plaintiff's Notice of Error referenced failure to correct an error by which Defendant had failed to provide the Plaintiff information relating to the status of the Plaintiff's mortgage loan in regard to periodic payments of principal, interest and escrow when Bank of America, N.A. as creditor for Bank of America California, N.A. obtained ownership of the mortgage loan, including all documents on which it relied to provide this information.

**NOTICE OF ERROR 5**

259. On or about October 29, 2017, the Plaintiff sent a written notice of error to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

260. The Notice of Error was mailed by certified mail, return receipt requested, having an article number 9470110898765020746192.

261. The Notice was mailed to the address noticed by the Defendant on its website as the designated address for sending a Notice of Error as provided for by 12 CFR § 1024.35.

262. The Notice was received by the Defendant on October 31, 2018.

263. A copy of the Notice of Error is attached as Exhibit J.

264. The Plaintiff's Notice of Error referenced failure to correct an error by which Defendant had failed to provide the Plaintiff regarding the identity of the master servicer of the mortgage loan and failure to provide the owner of the mortgage loan by merely stating that the owner/investor of the mortgage loan was Bank of America, N.A. as Creditor on behalf of Bank of America, California, N.A.

**NOTICE OF ERROR 6**

290. On or about October 29, 2017, the Plaintiff sent a written notice of error to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

291. The Notice of Error was mailed by certified mail, return receipt requested, having an article number 9470110898765020746192.

292. The Notice was mailed to the address noticed by the Defendant on its website as the designated address for sending a Notice of Error as provided for by 12 CFR § 1024.35.

293. The Notice was received by the Defendant on October 31, 2018.

294. A copy of the Notice of Error is attached as Exhibit K.

295. The Plaintiff's Notice of Error referenced failure to correct an error by which Defendant had failed to provide the Plaintiff all periodic statements which were prepared for the mortgage loan account.

**NOTICE OF ERROR 7**

322. On or about October 29, 2017, the Plaintiff sent a written notice of error to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

323. The Notice of Error was mailed by certified mail, return receipt requested, having an article number 9470110898765020746192.

324. The Notice was mailed to the address noticed by the Defendant on its website as the designated address for sending a Notice of Error as provided for by 12 CFR § 1024.35.

325. The Notice was received by the Defendant on October 31, 2018.

326. A copy of the Notice of Error is attached as Exhibit L.

327. The Plaintiff's Notice of Error referenced failure to correct an error by which Defendant had failed to provide the servicing file for the mortgage loan account.

**THE DEFENDANT'S MOTION INACCURATELY IGNORES THE ACTUAL EXHIBITS AND DISPUTES THE ALLEGATIONS AND EXHIBITS WHICH ESTABLISH THAT THE EACH CLAIM IN COUNT VI IS PLAUSIBLY PLEADED**

Thus there is no doubt that despite the typographical error in the complaint for the year 2017 instead of 2018, each Notice of Error attached to the complaint were specifically identified in the complaint by content and certified mail number. The Defendant's motion is not accurate when it states that Plaintiff did not attach the exhibits, which are in fact attached to this Memorandum.

The Defendant moves to dismiss the claim for Notice of Error 1, which references Exhibit F, by stating that there is no Exhibit F to the Complaint and that Exhibit F-1 contains two letters from Bank of America, neither of which relate to the Notice of Error, dated October 29, 2017. This assertion, disputed by the complaint's language identifying the nature of the Notice of Error and by Exhibit F, itself, which is attached to this memorandum and which clearly is dated October 29, 2018.

The Defendant moves to dismiss the claim for Notice of Error 2 , which references Exhibit G, by stating that there is no Exhibit G to the

Complaint and that Exhibit F-1 contains two letters from Bank of America, neither of which relate to the Notice of Error, dated October 29, 2017. This assertion disputed by the complaint's language identifying the Notice of Error and by Exhibit G, itself, which is attached to this memorandum and which clearly is dated October 29, 2018.

The Defendant moves to dismiss the claim for Notice of Error 3, which references Exhibit H, by stating that there is no Exhibit H to the Complaint and that Exhibit F-1 contains two letters from Bank of America, neither of which relate to the Notice of Error, dated October 29, 2017. This assertion disputed by the complaint's language identifying the nature of the Notice of Error and by Exhibit H, itself, which is attached to this memorandum and which clearly is dated October 29, 2018.

The Defendant moves to dismiss the claim for Notice of Error 4, which references Exhibit I, by stating that there is no Exhibit I to the Complaint and that Exhibit F-1 contains two letters from Bank of America, neither of which relate to the Notice of Error, dated October 29, 2017. This assertion disputed by the complaint's language identifying the Notice of Error and by Exhibit I, itself, which is attached to this memorandum and which clearly is dated October 29, 2018.

The Defendant moves to dismiss the claim for Notice of Error 5 , which references Exhibit I, by stating that there is no Exhibit I to the Complaint and that Exhibit F-1 contains two letters from Bank of America, neither of which relate to the Notice of Error, dated October 29, 2017. This assertion disputed by the complaint's language identifying the nature of the Notice of Error and by Exhibit I, itself, which is attached to this memorandum and which clearly is dated October 29, 2018.

The Defendant moves to dismiss the claim for Notice of Error 6 , which references Exhibit J, by stating that there is no Exhibit J to the Complaint and that Exhibit F-1 contains two letters from Bank of America, neither of which relate to the Notice of Error, dated October 29, 2017. This assertion disputed by the complaint's language identifying the nature of the Notice of Error and by Exhibit J, itself, which is attached to this memorandum and which clearly is dated October 29, 2018.

The Defendant moves to dismiss the claim for Notice of Error 7 , which references Exhibit K, by stating that there is no Exhibit J to the Complaint and that Exhibit F-1 contains two letters from Bank of America, neither of which relate to the Notice of Error, dated October 29, 2017. This assertion disputed by the complaint's language identifying the nature of the

Notice of Error and by Exhibit K, itself, which is attached to this memorandum and which clearly is dated October 29, 2018.

Defendant also moves to dismiss any claim arising out of Notice of Error relating to Exhibit L claiming that this letter dated October 29, 2018 somehow relates to the identity of the owner or assignee of the loan. However as indicated by Exhibit L, this was not the allegation in Exhibit L, which indicated that the Defendant committed error by not providing the servicing file for the mortgage loan account. This was not the error asserted by the Defendant.

Bank of America also moves to dismiss any allegation arising from Notice of Error 8, which referenced Exhibit M. Plaintiff concedes that an incorrect exhibit was attached to the Notice of Error referenced failure to correct an error by which Defendant had failed to provide information which would indicate the application of each payment made on the mortgage loan account from the date of origination to the present and whether any payments had ever been placed in suspense. This claim can be remedied by a an amended complaint and an accurate exhibit.

The standard of the First Circuit precludes this Motion to Dismiss. The First Circuit has interpreted the holding of the United States Supreme

Court in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) for analysis of FRCP 12(b)(6) motions. The Supreme Court in *Iqbal* hadstated:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

The First Circuit in *Rodriguez-Vives v. Puerto Rico Firefighters* (1st Cir., January 8, 2014) held:

> We emphasize that this case is on appeal of a 12(b)(6) motion, not a motion for summary judgment. *HN12* "Although a plaintiff must plead enough facts to make entitlement to relief plausible in light of the evidentiary standard that will pertain at trial . . . she need not plead facts sufficient to establish a prima facie case." Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 54 (**1st Cir.** 2013).

The First Circuit thus confirmed that even if a Plaintiff makes a specific factual allegation, that merely lacks some surrounding context, the claim will be sufficient to survive a motion to dismiss.

Thus for purposes of the Motion, all factual allegations in

Plaintiff's complaint must be accepted by the Court as true. The Court also reiterated the principle that the First Circuit had previously stated in similar principles in Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 54 (1st Cir. 2013):

> The prima facie case is an evidentiary model, not a pleading standard. For this reason, the interaction between the prima facie case and the plausibility standard crafted by the [**2] Supreme Court in Bell Atlantic Corp. v. Twombly, created some confusion. We now resolve that confusion and hold that the prima facie case is not the appropriate benchmark for determining whether a complaint has crossed the plausibility threshold. Accordingly, that aspect of the district court's decision must be annulled and the case remanded for further proceedings.

The defendant hangs its hat in this motion relying on a typographical error, which it knew was an error, due to the documents. Despite its knowledge of these documents, it denied their existence and relied on its assertion that each Notice of Error was dated October 29, 2017 when the exhibits made it clear that each were dated October 29, 2018. The pleadings can be corrected by an Amended Complaint to address the date, which will not prejudice the Defendant, because it knew all along that this was the correct date. The amendment will not be futile and could clarify for the Defendant the exact nature of the exhibits, attached to the complaint.

15

For these reasons the Plaintiff suggests that the Motion to Dismiss should be denied and in the alternative the Plaintiff should be provided an opportunity to amend his complaint, especially at this early stage of the pleadings.

For this reason, the Motion to Dismiss should be denied.

DOLORES CEPEDA<br>
By her attorney,

August 8, 2019                                              /s/ John B. Ennis
                                                            JOHN B. ENNIS, ESQ. #2135
                                                            1200 Reservoir Avenue
                                                            Cranston, Rhode Island 02920
                                                            (401) 943-9230
                                                            Jbelaw75@gmail.com

**Certificate of Service**

I hereby certify that I emailed a copy of this Memorandum of Law to Patrick T. Uiterwyk and Justin Shireman on August 8, 2019 and by electronic filing.

/s/ John B. Ennis