IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DOLORES CEPEDA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BANK OF AMERICA, N.A., )<br>FAY SERVICING, LLC, )<br>WILMINGTON TRUST NATIONAL )<br>ASSOCIATION SOLELY AS TRUSTEE )<br>FOR THE MFRA TRUST 2014-2, ALIAS )<br>)<br>Defendants. )<br>) | C.A. No. 1:19-cv-00005-WES-PAS |

**BANK OF AMERICA, N.A.'S REPLY BRIEF IN SUPPORT OF
MOTION TO DISMISS COMPLAINT**

Defendant Bank of America, N.A. ("BANA") respectfully submits this Reply Brief in further support of its Rule 12(b)(6) Motion to Dismiss Plaintiff Dolores Cepeda's Complaint (the "Motion to Dismiss," Doc. 31 & 32) and in response to Plaintiff's Objection to the Motion to Dismiss (the "Opposition," Doc. 41). Because nothing in the Opposition overcomes the Motion to Dismiss, the Court should dismiss Plaintiff's Complaint, with prejudice, for failure to state a plausible claim for relief.

**I.    SUMMARY OF THE REPLY**

Plaintiff's Opposition concedes that she makes no allegations, and does not assert, her claims for violation of R.I.G.L. §§ 34-27.31 & 34-2 (Counts 1 & 2), breach of contract and breach of the covenant of good faith and fair dealing (Count 3), violation of TILA (Count 4), violation of the FDCPA (Count 5), and her request for injunctive relief (repeat Count 4) against BANA. Thus, the Court should dismiss those claims against BANA with prejudice.

1

As to the sole claim remaining against BANA for violation of Regulation X (Count 6), Plaintiff's Opposition makes clear that she does not and cannot state a plausible claim for relief against BANA, as the Exhibits C and D to the Complaint confirm that BANA ceased servicing the Loan effective November 1, 2017, and Plaintiff's other exhibits confirm that she does not state a plausible claim for relief.

## II.  ARGUMENT

In view of Plaintiff's concession that the only claim asserted against BANA is her claim for violation of Regulation X (Count 6), BANA responds only to the arguments raised in the Opposition in relation to Count 6.

In relation to "Notice of Error 1," i.e., **Plaintiff's Exhibit F**, Plaintiff argues in the Opposition that she made a typographical error and that the Notice of Error was sent on October 29, 2018, and not on October 29, 2017, as alleged in the Complaint.  In any event, Plaintiff argues in the Opposition that BANA's November 2, 2018 response to the October 29, 2018 Notice of Error violated Regulation X by failing "to correct an error by which Defendant had failed to provide the contractual status of the mortgage loan when Bank of America, California, N.A. transferred ownership of the mortgage loan."  Opp. ¶ 149.  But documents attached to Plaintiff's Complaint show that on **January 12, 2018**, BANA responded to a prior qualified written request (QWR) from Plaintiff dated December 7, 2017, in which BANA informed Plaintiff that the "servicing of the loan was transferred from Bank of America, N.A. to Fay Servicing on November 1, 2017" and that "at the time the account was transferred, the account was delinquent and due for the August 2017 through October 2017 installments…."  *See* Doc. 1-7 at PageID #107.  The January 12, 2018 letter from BANA also included a copy of the "Loan Transaction History Statement."  *See id.*  Section 1024.36(f)(1)(i) of Regulation X states that:

> A servicer is not required to comply with the requirements of paragraphs (c) and (d) of this section if the servicer reasonably determines that any of the following apply:
>
> (i) **Duplicative information**. The information requested is substantially the same as information previously requested by the borrower for which the servicer has previously complied with its obligation to respond pursuant to paragraphs (c) and (d) of this section.

Thus, because BANA had previously provided information to Plaintiff regarding the "contractual status" of Plaintiff's loan when the loan was transferred to Fay Servicing in response to a December 7, 2017 QWR, BANA was not required to provide the same information in its November 2, 2018 response to the October 29, 2018 "Notice of Error," as the October 29, 2018 letter requested "duplicative information" which BANA had already provided in prior letters, including those dated January 18, 2018 and October 22, 2018, copies of which were enclosed with the November 2, 2018 response (i.e., Plaintiff's **Exhibit F-1**). *See* 12 CFR § 1024.36(f)(1)(i). Accordingly, BANA's response that "no corrections are required in response to your initial request" did not violate Regulation X.

In relation to "Notice of Error 2," i.e., **Plaintiff's Exhibit G**, Plaintiff argues in the Opposition that BANA's November 2, 2018 response to the October 29, 2018 Notice of Error violated Regulation X by failing "to correct an error by which Defendant had failed to provide the Plaintiff all documents transferred to the new loan servicer." Opp. ¶ 178. But documents attached to Plaintiff's Complaint show that on **January 18, 2018**, BANA responded to a prior qualified written request (QWR) from Plaintiff dated December 7, 2017, in which BANA enclosed copies of numerous documents from its servicing records, and stated that a "copy of your client's Servicing File, which includes servicing notes" was being mailed under separate cover, and Plaintiff does not allege that the Servicing File was not sent as stated in that letter. *See* Doc. 1-6 at PageID #98-99. The January 18, 2018 letter from BANA also included a copy of the "Loan

3

Transaction History Statement." *See id.* Thus, because BANA had previously provided information to Plaintiff regarding the "servicing file" relating to Plaintiff's loan, BANA was not required to provide the same information in its November 2, 2018 response to the October 29, 2018 "Notice of Error," as the October 29, 2018 letter requested "duplicative information" which BANA had already provided in prior letters, including those dated January 18, 2018 and October 22, 2018, copies of which were enclosed with the November 2, 2018 response (i.e., Plaintiff's **Exhibit F-1**). *See* 12 CFR § 1024.36(f)(1)(i). Accordingly, BANA's response that "no corrections are required in response to your initial request" did not violate Regulation X.

In relation to "Notice of Error 3," i.e., **Plaintiff's Exhibit H**, Plaintiff argues in the Opposition that BANA's November 2, 2018 response to the October 29, 2018 Notice of Error violated Regulation X by failing "to provide the Plaintiff information relating to the status of the Plaintiff's mortgage loan in regard to periodic payments of principal, interest and escrow when Bank of America, N.A. transferred ownership of the mortgage loan, including all documents on which it relied to provide this information." Opp. ¶ 206. But documents attached to Plaintiff's Complaint show that on **January 12, 2018**, BANA responded to a prior qualified written request (QWR) from Plaintiff dated December 7, 2017, in which BANA informed Plaintiff that the "servicing of the loan was transferred from Bank of America, N.A. to Fay Servicing on November 1, 2017" and that "at the time the account was transferred, the account was delinquent and due for the August 2017 through October 2017 installments…." *See* Doc. 1-7 at PageID #107. The January 12, 2018 letter from BANA also included a copy of the "Loan Transaction History Statement." *See id.* In addition, on **January 18, 2018**, BANA provided an additional response to the December 7, 2017 QWR, in which it enclosed copies of numerous documents from its servicing records and enclosed an additional copy of the "Loan Transaction History Statement." *See* Doc.

4

1-6 at PageID #98-99. Thus, because BANA had previously provided information to Plaintiff regarding the "status of the Plaintiff's mortgage loan in regard to periodic payments of principal, interest and escrow relating to Plaintiff's loan" when the loan was transferred to Fay Servicing, BANA was not required to provide the same information in its November 2, 2018 response to the October 29, 2018 "Notice of Error," as the October 29, 2018 letter requested "duplicative information" which BANA had already provided in prior letters, including those dated January 18, 2018 and October 22, 2018, copies of which were enclosed with the November 2, 2018 response (i.e., Plaintiff's **Exhibit F-1**). *See* 12 CFR § 1024.36(f)(1)(i). Accordingly, BANA's response that "no corrections are required in response to your initial request" did not violate Regulation X.

In relation to "Notice of Error 4," i.e., **Plaintiff's Exhibit I**, Plaintiff argues in the Opposition that BANA's November 2, 2018 response to the October 29, 2018 Notice of Error violated Regulation X by failing "to provide the Plaintiff information relating to the status of the Plaintiff's mortgage loan in regard to periodic payments of principal, interest and escrow when Bank of America, N.A. as creditor for Bank of America California, N.A. obtained ownership of the mortgage loan, including all documents on which it relied to provide this information." Opp. ¶ 235. But documents attached to Plaintiff's Complaint show that on **January 12, 2018**, BANA responded to a prior qualified written request (QWR) from Plaintiff dated December 7, 2017, in which BANA included a copy of the "Loan Transaction History Statement." *See* Doc. 1-7 at PageID #107. In addition, on **January 18, 2018**, BANA provided an additional response to the December 7, 2017 QWR, in which it enclosed copies of numerous documents from its servicing records and enclosed an additional copy of the "Loan Transaction History Statement." *See* Doc. 1-6 at PageID #98-99. Thus, because BANA had previously provided information to Plaintiff regarding the "status of the Plaintiff's mortgage loan in regard to periodic payments of principal,

5

interest and escrow relating to Plaintiff's loan" when BANA "obtained ownership of the mortgage loan," BANA was not required to provide the same information in its November 2, 2018 response to the October 29, 2018 "Notice of Error," as the October 29, 2018 letter requested "duplicative information" which BANA had already provided in prior letters, including those dated January 18, 2018 and October 22, 2018, copies of which were enclosed with the November 2, 2018 response (i.e., Plaintiff's **Exhibit F-1**). *See* 12 CFR § 1024.36(f)(1)(i). Accordingly, BANA's response that "no corrections are required in response to your initial request" did not violate Regulation X.

In relation to "Notice of Error 5," i.e., **Plaintiff's Exhibit J**, Plaintiff argues in the Opposition that BANA's November 2, 2018 response to the October 29, 2018 Notice of Error violated Regulation X by failing "to provide the Plaintiff [information] regarding the identity of the master servicer of the mortgage loan and failure to provide the owner of the mortgage loan by merely stating that the owner/investor of the mortgage loan was Bank of America, N.A. as Creditor on behalf of Bank of America, California, N.A." Opp. ¶ 264. But documents attached to Plaintiff's Complaint show that on **January 12, 2018**, BANA responded to a prior qualified written request (QWR) from Plaintiff dated December 7, 2017, in which BANA informed Plaintiff that the "servicing of the loan was transferred from Bank of America, N.A. to Fay Servicing on November 1, 2017." *See* Doc. 1-7 at PageID #107. In addition, on **January 18, 2018**, BANA provided an additional response to the December 7, 2017 QWR, in which it informed Plaintiff that servicing of Plaintiff's loan was transferred from BAC Home Loans Servicing LP to BANA effective July 1, 2011 and from BANA to Fay Servicing on November 1, 2017 and provided copies of the servicing transfer letters. *See* Doc. 1-6 at PageID #98-99. Thus, because BANA had previously provided information to Plaintiff regarding the identity of the loan servicers and the relevant servicing dates, BANA was not required to provide the same information in its November 2, 2018

6

response to the October 29, 2018 "Notice of Error," as the October 29, 2018 letter requested "duplicative information" which BANA had already provided in prior letters, including those dated January 18, 2018 and October 22, 2018, copies of which were enclosed with the November 2, 2018 response (i.e., Plaintiff's **Exhibit F-1**). *See* 12 CFR § 1024.36(f)(1)(i). In addition, Plaintiff's own allegations and Exhibits to the Complaint confirm that BANA had previously identified the owner or "investor" of the Loan as "Bank of America, N.A. as Creditor on behalf of Bank of America California, N.A." in its August 14, 2017 response to a prior request for information regarding the "investor, or owner of your loan." *See* Doc. 1-17, Page ID # 112. Accordingly, BANA's response that "no corrections are required in response to your initial request" did not violate Regulation X.

In relation to "Notice of Error 6," i.e., **Plaintiff's Exhibit K**, Plaintiff argues in the Opposition that BANA's November 2, 2018 response to the October 29, 2018 Notice of Error violated Regulation X by failing "to provide all periodic statements which were prepared for the mortgage loan account." Opp. ¶ 295. But Regulation X does not require a mortgage servicer to provide copies of periodic statements in response to a QWR, and Plaintiff does not allege a particular provision of Regulation X that does. Furthermore, BANA was not required to provide copies of monthly statements because, as allowed by Section 1024.36(f)(1), BANA *reasonably determined* that Plaintiff's request for copies of all periodic statements prepared and mailed to Plaintiff during the **eleven year period** (December 22, 2006 through December 15, 2017) that BANA and its predecessors serviced Plaintiff's loan was *overbroad and unduly burdensome*, as well as *duplicative* of other information BANA provided to Plaintiff, including the loan's servicing file and transaction history, as discussed above. *See* 12 CFR §§ 1024.36(f)(i) (duplicative information) & 1024.36(f)(iv) (overbroad or unduly burdensome information request).

Accordingly, BANA's response that "no corrections are required in response to your initial request" did not violate Regulation X.

In relation to "Notice of Error 7," i.e., **Plaintiff's Exhibit L**, Plaintiff argues in the Opposition that BANA's November 2, 2018 response to the October 29, 2018 Notice of Error violated Regulation X by failing "to provide the servicing file for the mortgage loan account." Opp. ¶ 327. But as discussed above, documents attached to Plaintiff's Complaint show that on **January 18, 2018**, BANA responded to a prior qualified written request (QWR) from Plaintiff dated December 7, 2017, in which BANA enclosed copies of numerous documents from its servicing records, and stated that a "copy of your client's Servicing File, which includes servicing notes" was being mailed under separate cover, and Plaintiff does not allege that the servicing file was not sent as stated in that letter. *See* Doc. 1-6 at PageID #98-99. Thus, because BANA had previously provided a copy of the servicing file in response to a prior QWR, BANA was not required to provide the same information in its November 2, 2018 response to the October 29, 2018 "Notice of Error," as the October 29, 2018 letter requested "duplicative information" which BANA had already provided. *See* 12 CFR § 1024.36(f)(1)(i). Accordingly, BANA's response that "no corrections are required in response to your initial request" did not violate Regulation X.

Finally, in relation to "Notice of Error 8," i.e., **Plaintiff's Exhibit M**, Plaintiff argues in the Opposition that BANA's November 2, 2018 response to the October 29, 2018 Notice of Error violated Regulation X by failing "to provide information which would indicate the application of each payment made on the mortgage loan account from the date of origination to the present and whether any payments had ever been placed in suspense." Opp. at 13. But as discussed above, documents attached to Plaintiff's Complaint show that on **January 12, 2018** and again on **January 18, 2018**, BANA responded to a prior qualified written request (QWR) from Plaintiff dated

December 7, 2017, in which BANA enclosed copies of the Loan's Transaction History Statement, which showed the application of payments during the time that BANA serviced the loan until the December 15, 2017 service transfer to Fay Servicing.  *See* Doc. 1-6 at PageID #98-99, Doc. 1-7 at PageID #107.  As stated in the January 12, 2018 letter, the Loan Transaction History Statement "provides pertinent information on payments received, tax and insurance payments disbursed, funds in the suspense/unapplied funds balance, fees due and late fees assessed and paid."  Doc. 1-7 at PageID #107.  Moreover, because BANA ceased servicing the loan effective December 15, 2017, Plaintiff's request for information regarding application of payments "through the present" was not reasonably directed to BANA, as BANA was not in possession of that information.  Thus, because BANA had previously provided copies of the Loan's Transaction History Statement to Plaintiff in response to a prior QWR for the period during which BANA serviced Plaintiff's loan, BANA was not required to provide the same information in its November 2, 2018 response to the October 29, 2018 "Notice of Error," as the October 29, 2018 letter requested "duplicative information" which BANA had already provided.  *See* 12 CFR § 1024.36(f)(1)(i).  Accordingly, BANA's response that "no corrections are required in response to your initial request" did not violate Regulation X.

In sum, each of Plaintiff's alleged "Notices of Error" sought information that BANA had previously provided in response to Plaintiff's earlier QWRs and was therefore duplicative of information previously requested and provided, and/or sought information that BANA reasonably determined constituted an overly broad and unduly burdensome request.  Thus, because one or more exceptions under § 1024.36(f)(1) applied to Plaintiff's October 29, 2018 letter, BANA did not violate Regulation X in stating that "no corrections are required in response to your initial request" in its November 2, 2018 response to that letter.  For all of these reasons, Plaintiff's claim

for violation of 12 CFR §§ 1024.36(c) and 1024.36(d)(2)(i)(A)—the only provisions of Regulation X Plaintiff alleges were violated (*see* Compl. ¶ 137)— is not plausible, as Plaintiff's own exhibits to the Complaint confirm.  Thus, the Court should dismiss Count 6 in its entirety, with prejudice.

### III.   CONCLUSION

For the reasons set forth herein and in BANA's Memorandum of Law in Support of its Motion to Dismiss, BANA respectfully requests that the Court grant its motion and dismiss the Complaint in its entirety, with prejudice, pursuant to Rule 12(b)(6) for failure, as a matter of law, to state a plausible claim for relief.

Date:  August 13, 2019

Respectfully submitted,

BANK OF AMERICA, N.A.,
Defendant,

By its attorneys,

___*/s/ Justin J. Shireman*_____
Justin J. Shireman (#7779)
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
260 Franklin Street, 14th Floor
Boston, MA 02110
(617) 422-5300
Justin.Shireman@wilsonelser.com

**CERTIFICATE OF SERVICE**

  I, Justin J. Shireman, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on August 13, 2019.

                */s/ Justin J. Shireman*
                Justin J. Shireman