IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DOLORES CEPEDA,<br><br>    Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br>FAY SERVICING, LLC,<br>WILMINGTON TRUST NATIONAL<br>ASSOCIATION SOLELY AS TRUSTEE<br>FOR THE MFRA TRUST 2014-2, ALIAS<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No. 1:19-cv-00005-WES-PAS |

**DEFENDANT BANK OF AMERICA, N.A.'S OBJECTION
TO PLAINTIFF'S MOTION TO EXTEND TIME TO FILE
<u>SURREPLY IN RESPONSE TO MOTION TO DISMISS</u>**

  Defendant Bank of America, N.A. ("BANA"), through its undersigned counsel, objects to the Plaintiff, Dolores Cepeda's Motion to Extend Time to File Surreply in Response to BANA's Motion to Dismiss (the "Motion to Extend").

  While the docket does not reflect it, the pending Motion to Extend comes after the Plaintiff requested, and was allowed, a "couple weeks" to file a Surreply in response to BANA's Motion to Dismiss the Complaint ("Motion to Dismiss") <u>and</u> BANA's good faith assent to two separate requests for additional time. What the record and timeline related to BANA's still pending Motion to Dismiss demonstrate is the Plaintiff's continued indifference to the Court's schedule and her undeniable taking advantage of BANA's good faith cooperation.

  For example, BANA's Motion to Dismiss was originally filed on June 18, 2019. *See* Docket Nos. 31-32. Plaintiff subsequently received three separate extensions to file her response to the Motion to Dismiss, first two BANA did not oppose. The third extension was granted

1

despite BANA's objection, but the Court held that no further extensions would be allowed, noting that "Plaintiff's showing of good cause is barely sufficient[.]" *See* Text Order re Docket No. 39.  Plaintiff filed her opposition on August 8, 2019, fifty-one (51) days after the Motion to Dismiss was filed. *See* Docket No. 41.

On August 13, 2019, within the seven (7) days permitted by the Court, BANA filed its Reply to the Plaintiff's opposition to its Motion to Dismiss. *See* Docket No. 42.  Required by Local Rule 7(a)(5) to seek leave of the Court to file a surreply, Plaintiff did not get around to doing so until fifteen (15) days later at the August 28, 2019 chamber conference with the Court. The Court granted Plaintiff leave to file a surreply after which Plaintiff's counsel informed the Court that he would file the surreply within a couple weeks.

On September 11, 2019, two (2) weeks after the August 28, 2019 conference, BANA requested of Plaintiff when her surreply would be filed. *See* Exhibit A. Two days later, after not receiving a response, BANA again requested of Plaintiff when she intended to file her surreply. *See* Exhibit B.  Plaintiff responded, requesting until Monday, September 16, 2019 to file the surreply, to which BANA assented.  *See* Exhibit C.

After 4:00 pm on September 16, 2019, Plaintiff again requested more time until September 18, 2019 to file, and again BANA assented. *See* Exhibit D.

Just before 5:00 pm on September 18, 2019, Plaintiff requested (for a third time) another extension, until September 19, 2019, to file his surreply, and BANA rejected this request. *See* Exhibit E. Shortly thereafter, Plaintiff filed the instant Motion to Extend, requesting an extension until September 23, 2019 to file her surreply. *See* Docket No. 45.  If granted this extension, Plaintiff will have had forty-one (41) days to file his surreply, and a total of ninety-two (92) days for his opposition and surreply.

The Plaintiff offers no grounds to support the relief sought in the Motion to Extend. Not a scintilla of evidence is presented to establish good cause for the extension. A further extension for the Plaintiff to respond to BANA's Motion to Dismiss would unfairly prejudice BANA and simply further delays this Court's consideration of BANA's dispositive motion.  BANA objects to any further extensions of time for the Plaintiff to file a surreply to BANA's Motion to Dismiss and to the extent that Plaintiff files a surreply before the Court rules on her Motion to Extend, BANA respectfully requests that the surreply be stricken.

Accordingly, the Defendant, Bank of America, N.A., respectfully requests that this Court deny the Plaintiff's Motion to Extend Time to File Surreply in Response to Motion to Dismiss and provide any additional relief that it deems fair and just.

Date:  September 19, 2019                    Respectfully submitted,

BANK OF AMERICA, N.A.,
Defendant,

By its attorneys,

*/s/ Justin J. Shireman*
Justin J. Shireman (#7779)
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
260 Franklin Street, 14th Floor
Boston, MA 02110
(617) 422-5300
Justin.Shireman@wilsonelser.com

1390948v.1

## **CERTIFICATE OF SERVICE**

I, Justin J. Shireman, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on September 19, 2019.

*/s/ Justin J. Shireman*
Justin J. Shireman

1390948v.1