## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

DOLORES CEPEDA,

                Plaintiff,

v.

BANK OF AMERICA, N.A.,
FAY SERVICING, LLC and
WILMINGTON TRUST NATIONAL
ASSOCIATION SOLELY AS TRUSTEE FOR
THE MFRA TRUST 2014-2,

                Defendants.

C.A. No.   19-cv-00005-WES-PAS

## DEFENDANTS FAY SERVICING, LLC AND WILMINGTON TRUST NATIONAL ASSOCIATION SOLELY AS TRUSTEE FOR THE MFRA TRUST 2014-2'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56, Defendants Fay Servicing, LLC ("Fay") and Wilmington Trust National Association Solely as Trustee for the MFRA Trust 2014-2 ("Wilmington", and together with Fay, "Defendants") hereby move for summary judgment on all claims against Defendants set forth in Plaintiff Dolores Cepeda's ("Plaintiff") Complaint. Plaintiff's claims are patently false, rely on defunct law, and lack any legal merit, and summary judgment must enter for Defendants.

## BACKGROUND

On December 22, 2006, Plaintiff granted a mortgage ("Mortgage") to Bank of America, N.A. ("Bank of America"). See Statement of Undisputed Facts, hereinafter "SOF", ¶ 2. In or around August 2016, Plaintiff defaulted on the Mortgage. See id. ¶ 3. On October 3, 2016, Bank of America sent Plaintiff a Notice of Mediation Conference pursuant to R.I.G.L. § 34-27-3.2. See id. ¶ 4. On January 4, 2017, the Mediation Coordinator issued a Certificate of Compliance with

the Mediation Requirement, certifying that Bank of America provided the Notice of Mediation Conference pursuant to § 34-27-3.2. See id. ¶ 5.

On September 14, 2017, Bank of America sent Plaintiff a Notice of Intent to Accelerate (the "First Notice"). See SOF, ¶ 6. On September 29, 2017, Bank of America assigned the mortgage to Wilmington, id. ¶ 7, and Fay took over as the servicer of the mortgage on November 1, 2017. Id. ¶ 8. On December 15, 2017, Fay sent to Plaintiff a second default/right to cure/intent to accelerate notice (the "Second Notice"). See id. ¶ 9. The Second Notice stated, in relevant part:

> This letter is formal notice by Fay Servicing, LLC, the Servicer of the above-referenced loan, on behalf of Wilmington Trust National Association not in its individual capacity but solely as trustee for MFRA Trust 2014-2, that you are in default under the terms of the documents creating and securing your Loan described above, including the Note and Deed of Trust/Mortgage/ˆSecurity Deed ("Security Instrument"), for failure to pay amounts due.
> . . .
> You have a right to cure your default. To cure the default, you must pay the full amount of the default on this loan by 01/19/2018 (or if said date falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter). Failure to cure the default on or before this date may result in acceleration of the sums secured by the Security Instrument, foreclosure by judicial proceeding where applicable, and sale of the property.
> . . .
> You can cure this default by making a payment of $7,504.99 by 01/19/2018. Please note any additional monthly payments, late charges and other charges that may be due under the Note, Security Instrument and applicable law after the date of this notice must also be paid to bring your account current.
> . . .
> You have the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.

See SOF ¶ 9. Plaintiff admits Fay mailed, and Plaintiff received, the Second Notice. See Complaint, ¶ 15.

On September 26, 2018, Defendants mailed Plaintiff a Notice of Availability of Mortgage Counseling Services pursuant to § 34-27-3.2. See SOF ¶ 10. On November 15, 2018, Defendants

sent Plaintiff a notice of foreclosure sale, identifying the sale date as January 7, 2019.  See id. ¶ 11.

At all times relevant to the allegations set forth in the Complaint, Defendants issued monthly mortgage statements to Plaintiff.  See id. ¶ 12.

## LEGAL STANDARD

Summary judgment must be granted when the moving party shows there is no genuine dispute as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a); Kearney v. Town of Wareham, 316 F.3d 18, 21 (1st Cir. 2002).  A "genuine" dispute exists when a jury can reasonably interpret the evidence in the non-movant's favor. Miranda-Rivera v. Toledo-Davila, 813 F.3d 64, 69 (1st Cir. 2016).  A "material" fact is "one that might affect the outcome of the suit under the governing law." Id. quoting Vélez–Rivera v. Agosto–Alicea, 437 F.3d 145, 150 (1st Cir. 2006).

The initial burden is upon the moving party to "put the ball in play" and aver that a nonmoving party has no reasonable expectation of proving an essential element of his claim due to an absence of evidence.  Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990); Hartford Ins. Co. v. Gen. Elec. Co., 526 F. Supp. 2d 250, 255 (D.R.I. Oct. 2, 2007).  Once met, the burden shifts and the nonmoving party must establish affirmative material facts on the record that demonstrate a genuine trial-worthy issue exists.  Hartford Ins. Co., 526 F. Supp. 2d at 255.

Although a non-moving plaintiff may attempt to obfuscate the record by populating it with a multitude of facts, "not every documented factual dispute will avert the swing of the summary judgment axe." Kearney, 316 F.3d at 22.  See also Mesnick v. Gen. Elec. Co., 950 F.2d 816, 825-26 (1st Cir. 1991) (distinguishing "plethoric evidence" with which the plaintiff "flooded" the record, with actual material facts that could have created a genuine issue).

## ARGUMENT

Plaintiff's allegations are patently false and/or devoid of any legal merit, and summary judgment must enter for Defendants.  Plaintiff's 52 page, 381 paragraph Complaint can be distilled into four arguments against Defendants:  (1) failure to provide proper notice pursuant to Paragraph 22 of the mortgage; (2) failure to provide notice of foreclosure counseling pursuant to G.L. § 34-27-3.1; (3) failure to provide Notice of Mediation pursuant to G.L. § 34-27-3.2; and (4) failure to provide monthly mortgage statements pursuant to 15 U.S.C. § 1601 et seq.  None of these arguments have any basis in fact or law, and summary judgment must enter for Defendants.

    A.    <u>Defendants Complied with Paragraph 22 of the Mortgage by Sending Notices of Acceleration and Default</u>

Counts III and IV are each based, in part, on allegations that Defendants failed to provide notice pursuant to Paragraph 22 of the mortgage.  <u>See</u> Complaint, ¶ 9, 14, This is plainly false—Plaintiff received **<u>not one but two</u>** Paragraph 22 notices.  <u>See</u> SOF, ¶¶ 6, 9.  Indeed, Plaintiff does not dispute she received a Paragraph 22 notice from Defendants—she argues only that the notice failed to strictly comply with Paragraph 22 of the mortgage.  <u>See</u> Complaint ¶ 15.  In support of this argument, Plaintiff argues the Paragraph 22 notice failed to identify a date by which the default must be cured and contained additional language that suggested Defendants would pursue a judicial foreclosure.  <u>See</u> Complaint, ¶¶ 18-25.

A plain reading of the Second Notice reveals Plaintiff's allegations are patently incorrect. Paragraph 22 of the Mortgage states:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in

acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale.

SOF, ¶ 2.  The Second Notice clearly complies with all of the notice requirements set forth in Paragraph 22.  It states:

(a)     "you are in default under the terms of the documents creating and securing your Loan described above, including the Note and Deed of Trust/Mortgage/ˆSecurity Deed ("Security Instrument"), for failure to pay amounts due";

(b)     "You can cure this default by making a payment of $7,504.99";

(c)      "by 01/19/2018";

(d)     "Failure to cure the default on or before this date may result in acceleration of the sums secured by the Security Instrument, foreclosure by judicial proceeding where applicable, and sale of the property."

Id. at ¶ 9.  In addition, the Second Notice states:  "[y]ou have the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale."  Id.  Thus, the Second Notice complies with all requirements set forth in Paragraph 22.

Contrary to Plaintiff's unsupported assertions, the date by which the default needed to be cured—1/19/2018—is set forth not once but twice in the Second Notice.  Id.  Likewise, Plaintiff's argument that the Second Notice is non-compliant because it warns that failure to cure the default could also result in "foreclosure by judicial proceeding where applicable"—where Paragraph 22 provides only that failure to cure could result in acceleration or sale—is meritless.  In this regard, the Second Notice provided *more* notice than Paragraph 22 required—and Plaintiff's argument that this somehow renders the Second Notice non-compliant is baseless.  Plaintiff's allegations based on failure to provide sufficient Paragraph 22 notice are contrary to the undisputed facts and summary judgment should enter for Defendant on these claims.

5

B.   Defendants Sent a Fully Compliant R.I.G.L. § 34-27-3.1 Notice of Foreclosure Counseling

Counts I, III, IV (Injunctive Relief)[1] and V are based on Defendants' purported failure to issue a Notice of Foreclosure Counseling pursuant to G.L. § 34-27-3.1.  The allegation is specious.  On September 26, 2018, Defendants sent Plaintiff a Notice of Foreclosure Counseling in the form prescribed by the Department of Business Regulation, Banking Division.  See SOF, ¶ 10.  Banking Bulletin 2018-2 sets forth the form notice mortgagees are required to use to comply with § 34-27-3.1.  See R.I.G.L. § 34-27-3.1 ("[a] form of written notice meeting the requirements of this section shall be promulgated by the department of business regulation for use by mortgagees at least thirty (30) days prior to the effective date of this section"); Department of Business Regulation, Banking Division,          Bulletin          2018-2,          available          at http://www.dbr.ri.gov/documents/news/banking/Banking_Bulletin_2018-2.pdf   (last   accessed August 30, 2019).  Here, Defendants utilized the form set forth by the Department of Business Regulation and mailed Plaintiff a fully compliant § 34-27-3.1 Notice.  See SOF, ¶ 10.

In addition, the Notice was timely.  Defendants mailed Plaintiff a copy of this Notice on September 26, 2018—approximately 50 days prior to Defendants mailing the November 15, 2018 Notice of Sale.  See id., at ¶¶ 10-11.  Indeed, Plaintiff does not dispute receipt of this Notice— Plaintiff simply avers that although Defendants mailed the Notice to Plaintiff on September 27, 2018, she did not receive it until after October 1, 2018.  See Complaint, ¶¶ 26, 28; Docket No. 7,

---

[1] Plaintiff's Complaint contains both unnumbered Counts and Counts that are numbered the same.  Count I in Plaintiff's Complaint is followed by an unnumbered section entitled "Violation of Rhode Island General Laws §34-27-3.1".  Immediately following this unnumbered section is Count III.  Accordingly, Defendants treat the unnumbered section in between Counts I and III as Count II.  Likewise, Plaintiff's Complaint contains two Count IVs:  the first Count IV is labeled "Injunctive Relief" and the second Count IV is labeled "Complaint for Damages for Violations of the Truth in Lending Act by Wilmington Trust's Failure to Send the Plaintiff a Monthly Mortgage Statement Each Month Pursuant to the Provisions of 12 C.F.R. 1026.41 and 15 U.S.C. 1638 Since January 5, 2018."  Accordingly, Defendants will refer herein to the first Count IV as "Count IV (Injunctive Relief)" and the second Count IV as "Count IV (TILA)".

Affidavit of Plaintiff, ¶¶ 20, 22.  Plaintiff's argument must fail.  The statute does not require Plaintiff *receive* the Notice at least 45 days prior to initiating foreclosure proceedings, but rather that Defendants "provide" by "first class mail" such Notice at least 45 days prior—which Defendants have unquestionably done.  See R.I.G.L. § 34-27-3.1; see also Westerly Trucking Co. v. Nardone, 1985 WL 661658, at *3 (R.I. Super. Ct. Aug. 6, 1985) ("[p]roof that a letter has been mailed, properly directed to a person, is presumptive proof that the letter has been received by such person"); Hutter v. Hartford Acc. & Indem. Co., 710 A.2d 665, 666 (R.I. 1998) ("[t]he party against whom [a] presumption operates has the burden of producing satisfactory evidence to rebut the presumption").  Thus, contrary to Plaintiff's assertions, Defendants issued a timely and fully compliant Notice of Foreclosure Counseling, and summary judgment must enter for Defendants on these claims.

C.     Defendants Sent a Fully Compliant § 34-27-3.2 Mediation Notice

Count II in its entirety, and Counts III, Count IV (Injunctive Relief) and Count V, in part, allege Defendants never sent Plaintiff a Notice of Mediation as required by G.L. § 34-27-3.2.  R.I.G.L. § 34-27-3.2 requires a mortgagee send a mortgagor in default a notice indicating the availability of a mediation conference.  R.I.G.L. § 34-27-3.2.  Here, Bank of America sent Plaintiff a Notice of Mediation on October 3, 2016. See SOF ¶ 4.  On January 4, 2017, a mediation coordinator executed a certificate indicating that Bank of America, as mortgagee, had complied with § 34-27-3.2.  See id. ¶ 5.

Plaintiff's sole argument is that the mediation notice is inadequate because the mortgage was subsequently transferred from Bank of America to Wilmington. See Complaint, ¶ 31, 60.  Unsurprisingly, Plaintiff does not cite to a single case which supports this proposition.

There is no question that, at the time the mediation notices were sent, Bank of America was the mortgagee.  Plaintiff appears to suggest that a later assignment or transfer of the mortgage by the mortgagee somehow invalidates the mediation notice.  To the contrary, Rhode Island courts have routinely rejected similar attempts to undermine the import of a transfer or assignment of a mortgage.  For example, as stated by the Rhode Island Supreme Court in Ingram v. Mortg. Elec. Registration Sys., Inc., when a mortgage is transferred or assigned, the assignee or transferee (Wilmington) acquires all the rights and powers of transferor or assignor (Bank of America).  94 A.3d 523, 528-29 (R.I. 2014).  Thus, when the Mortgage was transferred to Wilmington, Wilmington acquired all rights and powers of Bank of America, including the rights Bank of America possessed relative to the previously sent mediation notice.  Plaintiff's argument must be rejected.  Indeed, if Plaintiff's argument were to be adopted, no assignees or transferees who acquire a mortgage more than 120 days after default would ever have the power to foreclose, given the statute's requirement that such Notice of Mediation be sent within 120 days of the date of the mortgagor's default.  See § 34-27-3.2.  Accordingly, Defendants issued the Notice of Mediation as required by § 34-27-3.2 and summary judgment must enter for Defendants on these claims.

D.    Defendants Have Sent Statutorily Compliant Monthly Mortgage Statements to Plaintiff

Count IV (TILA) is based on Wilmington's purported failure to provide Plaintiff with monthly mortgage statements since January 5, 2018.  Plaintiff argues alternatively that she was not provided with monthly mortgage statements at all, or that they failed to comply with 12 C.F.R. 1026.41 and 15 U.S.C. 1638.  The claims in Count IV (TILA) are contrary to the objective facts.  As set forth in and attached to Fay's Affidavit, Defendants sent Plaintiff monthly mortgage statements for all months relevant to the allegations set forth in Plaintiff's Complaint.  See SOF ¶ 12.  These statements contained all of the information required by 12 C.F.R. 1026.41, including,

*inter alia*, the amount due, an explanation of the amount due, a past payment breakdown, transaction activity, partial payment information, contact information, account information, and delinquency information.

In addition, Plaintiff argues that these statements failed to comply with 12 C.F.R. 1026.41 because she was wrongly assessed property preservation fees, advertising costs, and foreclosure fees. Once again, Plaintiff's argument lacks any legal merit. Paragraph 9 of the Mortgage permits the Lender (Wilmington) to "do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Interest, including protecting and/or assessing the value of the Property . . . and [ ] paying reasonable attorneys' fees to protect its interest in the Property" in the event of the Borrower's default. Id. at ¶ 2. Likewise, Paragraph 14 of the Mortgage permits the Lender to "charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees." Id. Here, Wilmington assessed $12.50 in property preservation fees per month to ensure the Property was occupied and appropriately maintained—such an amount is not unreasonable, and is entirely within Wilmington's rights pursuant to the Mortgage. Id. ¶ 12. Likewise, Wilmington assessed $786.12 in foreclosure expenses and $517.50 in attorney advances over the course of six months—reasonable amounts it was entitled to assess against Plaintiff due to her default. See id. Thus, Defendants issued monthly mortgage statements to Plaintiff in compliance with all applicable laws, and accurately assessed reasonable fees against her—and summary judgment must enter for Defendants on Count IV.

**CONCLUSION**

Plaintiff's claims fail as a matter of law.  Defendants thus respectfully request that this

Court allow this Motion, and grant summary judgment in favor of Defendants.

Respectfully submitted,

FAY SERVICING, LLC and
WILMINGTON TRUST NATIONAL
ASSOCIATION SOLELY AS TRUSTEE
FOR THE MFRA TRUST 2014-2

By its attorneys,

/s/ *Patrick T. Uiterwyk*
Patrick T. Uiterwyk, Bar No. 7461
Nelson Mullins Riley & Scarborough LLP
One Post Office Square, 30th Floor
Boston, MA 02109
Date:  January 22, 2020          Tel:  617-217-4643
Fax: 617-217-4710
Email: patrick.uiterwyk@nelsonmullins.com


**CERTIFICATE OF SERVICE**

I, Patrick T. Uiterwyk, certify that on this 22nd day of January, 2020, I filed the foregoing document through the ECF system, thereby serving it electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on this date.  The foregoing document is available for viewing and downloading from the ECF system.


/s/ *Patrick T. Uiterwyk*
Patrick T. Uiterwyk