UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DOLORES CEPEDA,<br><br>      Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br>FAY SERVICING, LLC and<br>WILMINGTON TRUST NATIONAL<br>ASSOCIATION SOLELY AS TRUSTEE FOR<br>THE MFRA TRUST 2014-2,<br><br>      Defendants. | C.A. No.  19-cv-00005-WES-PAS |

### AFFIDAVIT OF FAY SERVICING, LLC

I, Stephanie Cejas, do hereby state as follows:

    1.    I am over the age of 18, of sound mind, and able to make this Affidavit.

    2.    Upon information and belief, the matters set forth in this Affidavit are true and accurate based on business records kept by Fay Servicing, LLC ("Fay") in the ordinary course of business relating to a mortgage loan issued to borrower Dolores Cepeda ("Plaintiff") that is at issue in this case.

    3.    I am a current employee of Fay. I hold the position of Trial and Mediation Specialist.

    4.    I have personal knowledge of the matters set forth in this Affidavit based upon my review of the business records kept by Fay in the ordinary course of business relating to the mortgage loan at issue.

    5.    Fay is the loan servicer for Wilmington Trust National Association Solely as Trustee for the MFRA Trust 2014-2 ("Wilmington Trust"), which is the holder by assignment of

the Note and Mortgage on property located at 177 Dexter Street, Providence, RI (the "Property").

6. As part of its business practice, Fay keeps records of all correspondence it had with Plaintiff relating to Plaintiff's default under the note and mortgage.

7. Also as part of its business practice and as servicer for Wilmington Trust, Fay maintains a loan file for Plaintiffs' loan, which includes documents and information relating to origination and ownership of the loan, as well the servicing notes for the loan.

8. According to the electronic books and records of Fay, Plaintiff granted a Mortgage to Bank of America, N.A. on December 22, 2006. A true and accurate copy of the Mortgage is attached hereto as **Exhibit A**.

9. According to the electronic books and records of Fay, Plaintiff defaulted on the Mortgage in or around August 2016.

10. According to the electronic books and records of Fay, Bank of America sent to Plaintiff a Notice of Mediation Conference pursuant to R.I.G.L. § 34-27-3.2 on October 3, 2016. A true and accurate copy of this Notice of Mediation Conference is attached hereto as **Exhibit B**.

11. According to the electronic books and records of Fay, the Mediation Coordinator issued a Certificate of Compliance with Mediation Requirement, certifying that Bank of America provided the Notice of Mediation Conference pursuant to § 34-27-3.2, on January 4, 2017. A true and accurate copy of this Certificate of Compliance is attached hereto as **Exhibit C**.

12. According to the electronic books and records of Fay, on September 14, 2017, Bank of America sent Plaintiff a Notice of Intent to Accelerate. A true and accurate copy of this Notice of Intent to Accelerate is attached hereto as **Exhibit D**.

13. According to the electronic books and records of Fay, Bank of America sold the Mortgage to Wilmington on September 29, 2017, and Fay took over as the servicer of the Mortgage on November 1, 2017.

14. According to the electronic books and records of Fay, Fay sent to Plaintiff a second default/right to cure/intent to accelerate notice on December 15, 2017. A true and accurate copy of this second acceleration notice is attached hereto as **Exhibit E**.

15. According to the electronic books and records of Fay, Defendants mailed Plaintiff a Notice of Availability of Mortgage Counseling Services pursuant to § 34-27-3.2 on September 26, 2018. A true and accurate copy of this Notice is attached hereto as **Exhibit F**.

16. According to the electronic books and records of Fay, on November 15, 2018, Defendants sent Plaintiff a notice of foreclosure sale, identifying the sale date as January 7, 2019. A true and accurate copy of this Notice is attached hereto as **Exhibit G**.

17. According to the electronic books and records of Fay, Fay has issued monthly mortgage statements to Plaintiff. True and accurate copies of the monthly mortgage statements from January 2018 to the date of Plaintiff's Complaint are attached hereto as **Exhibit H**.

Signed under the pains and penalties of perjury this 26th day of April, 2019.

*Stephanie Cejas*
Stephanie Cejas

Fay Servicing, LLC

**STATE OF ___Florida_____**

On this ___26th___ day of April 2019, before me, the undersigned notary public, personally appeared the above-named _____Stephanie Cejas_____, proved to me through satisfactory evidence of identification, which was *PERSONALLY KNOWN*, to be the person whose name is signed on the preceding or attached document, and acknowledged to me that he signed it voluntarily in said capacity for its stated purpose.

Notary Public
My commission expires: 1·25·22

_____
MICHAEL D. BROOKS

MICHAEL D. BROOKS
MY COMMISSION # GG 179493
EXPIRES: January 25, 2022
Bonded Thru Notary Public Underwriters

4