## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DOLORES CEPEDA,<br><br>   Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br>FAY SERVICING, LLC and<br>WILMINGTON TRUST NATIONAL<br>ASSOCIATION SOLELY AS TRUSTEE FOR<br>THE MFRA TRUST 2014-2,<br><br>   Defendants. | C.A. No. 19-cv-00005-WES-PAS |

### DEFENDANTS FAY SERVICING, LLC AND WILMINGTON TRUST NATIONAL ASSOCIATION SOLELY AS TRUSTEE FOR THE MFRA TRUST 2014-2'S <u>REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT</u>

  The specious and well-trod positions set forth in Plaintiff's Opposition—serially asserted by Plaintiff's counsel in countless other matters—have been repeatedly rejected by this Court. *See, e.g., Viera v. Bank of New York Mellon as Tr. for Certificate Holders of Cwalt, Inc.*, 2018 WL 4964545, at *2 (D.R.I. Oct. 12, 2018), attached hereto at <u>Tab A</u>; *see also St. Amour v. Fed. Home Loan Mortg. Corp.*, 2019 WL 1453055, at *1 (D.R.I. Apr. 2, 2019), attached hereto at <u>Tab B</u>; *Pemental v. Bank of New York Mellon for Holders of Certificates, First Horizon Mortg. Pass-Through Certificates Series FHAMS 2004-AA5*, 2017 WL 3279015, at *1 (D.R.I. May 10, 2017), attached hereto at <u>Tab C</u>.  As with these cases, the Court should reject Plaintiff's baseless claims and grant summary judgment in favor of Defendants Fay Servicing, LLC ("<u>Fay</u>") and Wilmington Trust National Association Solely as Trustee for the MFRA Trust 2014-2 ("<u>Wilmington</u>", and together with Fay, "<u>Defendants</u>")

## I.     <u>Defendants Complied With Paragraph 22 Of The Mortgage</u>

As with her 52-page, 381-paragraph Complaint, Plaintiffs continue to sow confusion by failing to clearly present her arguments in her 32 page Opposition. The first 11 pages of Plaintiff's opposition appear to be devoted to the argument that Defendants' Paragraph 22 notice letters did not comply with the Mortgage. Plaintiff's arguments resort to characterizations (and mischaracterizations) of the notice letters, instead of directly citing their plain and unambiguous language. The letters speak for themselves and clearly provided adequate and timely notice in compliance with Paragraph 22 of the Mortgage.

A plain reading of the notices demonstrates that Plaintiff's allegations are patently incorrect. Paragraph 22 of the Mortgage states:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale.

SOF, ¶ 2. The December 15, 2017 notice complies with all of the notice requirements set forth in Paragraph 22. It states:

(a)     "you are in default under the terms of the documents creating and securing your Loan described above, including the Note and Deed of Trust/Mortgage/`Security Deed ("Security Instrument"), for failure to pay amounts due";

(b)     "You can cure this default by making a payment of $7,504.99";

(c)     "by 01/19/2018";

(d) "Failure to cure the default on or before this date may result in acceleration of the sums secured by the Security Instrument, foreclosure by judicial proceeding where applicable, and sale of the property."

*Id.* at ¶ 9. In addition, the December 15, 2017 notice states: "[y]ou have the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale." *Id.* Thus, Defendants have complied with all requirements set forth in Paragraph 22.

## II. Defendants Complied With R.I.G.L. § 34-27-3.1 By Sending Timely Notices of Foreclosure Counseling

Plaintiff argues that, because she now testifies that she did not "receive" a notice of foreclosure counseling 45 day prior to initiating foreclosure proceedings, Defendants have therefore purportedly failed to comply with R.I.G.L. § 34-27-31. *See* Opposition, pp. 11-17. Plaintiff does not cite to a single case which stands for this proposition. None exists. Her position is contrary to the plain language of the statute, which states that a Defendant must "provide" notice, focusing on the act of mailing and not when Plaintiff chooses to open her mail. *See* R.I.G.L. § 34-27-3.1; *see also Westerly Trucking Co. v. Nardone*, 1985 WL 661658, at *3 (R.I. Super. Ct. Aug. 6, 1985) ("[p]roof that a letter has been mailed, properly directed to a person, is presumptive proof that the letter has been received by such person").

Additionally, Plaintiff flatly ignores the fact that she was sent not one, but two compliant notices of foreclosure counseling. Aside from the notice of mortgage counseling that was sent on September 26, 2018, Defendants likewise sent a notice of foreclosure counseling on July 23, 2018. *See* Exhibit F, Cepeda Affidavit. There is no dispute that Plaintiff received this notice more than 45 days prior to initiating foreclosure proceedings on November 15, 2018. Accordingly, Plaintiff's claims regarding an alleged violation of R.I.G.L. § 34-27-3.1 must fail as a matter of law.

**III.     Defendants Complied With R.I.G.L. § 34-27.3.2 By Sending A Mediation Notice**

Plaintiff alleges that "the Plaintiff was not mailed a notice of mediation as required by the provisions of R.I.G.L. § 34-27-3.2. *See* Opposition at p. 17. This is plainly false. A Notice of Mediation was mailed to Plaintiff on October 3, 2016. *See* SOF ¶ 4. Indeed, on January 4, 2017, a mediation coordinator executed a certificate indicating that Bank of America, as mortgagee, had complied with § 34-27-3.2. *See id.* ¶ 5.

Plaintiff's sole argument is that the mediation notice is inadequate because the mortgage was subsequently transferred from Bank of America to Wilmington. Unsurprisingly, Plaintiff does not cite to a single case which supports this proposition. There is no question that, at the time the mediation notices were sent, Bank of America was the mortgagee. Plaintiff appears to suggest that a later assignment or transfer of the mortgage by the mortgagee somehow invalidates the mediation notice. To the contrary, Rhode Island courts have routinely rejected similar attempts to undermine the import of a transfer or assignment of a mortgage. *See, e.g., Ingram v. Mortg. Elec. Registration Sys., Inc.*, 94 A.3d 523, 528-529 (R.I. 2014) (the assignee or transferee (Wilmington) acquires all the rights and powers of transferor or assignor). Thus, when the Mortgage was transferred to Wilmington, Wilmington acquired all rights and powers of Bank of America, including the rights Bank of America possessed relative to the previously sent mediation notice. Plaintiff's argument must be rejected. Indeed, if Plaintiff's argument were to be adopted, no assignees or transferees who acquire a mortgage more than 120 days after default would ever have the power to foreclose, given the statute's requirement that such Notice of Mediation be sent within 120 days of the date of the mortgagor's default. *See* § 34-27-3.2. Accordingly, summary judgment must enter for Defendants.

### IV. **Plaintiff Has Failed To Allege A Concrete Injury Sufficient To Confer Standing Under The Fair Debt Collection Practices Act**

Plaintiff next asserts that Defendants violated the Fair Debt Collection Practices Act when it sent letters providing notice of initiating foreclosure proceedings. *See* Opposition, pp. 23-30. Put simply, this claim fails because Plaintiff has not alleged a concrete injury-in-fact sufficient to confer Article III standing. Chief Judge Smith explained, at length, in *Viera v. Bank of New York Mellon as Tr. for Certificate Holders of Cwalt, Inc.*, why a claim like Plaintiff's claim here must fail:

> The RIFDCPA claim as it relates to the November 15 fees must likewise be dismissed in accordance with *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1549 (2016), because Plaintiff has alleged only a "bare procedural violation" and therefore has failed to allege an injury that is sufficiently concrete to confer Article III standing.
>
> In *Spokeo*, the plaintiff claimed that the defendant violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA"), by creating an online profile about him which contained inaccurate personal information. *Id.* at 1544. The Supreme Court observed that, while the injury that the plaintiff had alleged was sufficiently "particularized" (*i.e.*, personal to that plaintiff) he had failed to establish that the injury was "concrete." *Id*. at 1548-1549. The Court explained that "[a] 'concrete' injury must be 'de facto'; that is, it must actually exist. When we have used the adjective 'concrete,' we have meant to convey the usual meaning of the term– 'real,' and not 'abstract.' " *Id.* at 1548 (citations omitted). The Supreme Court held that "not all inaccuracies cause harm or present any material risk of harm" and, therefore, a complaint based upon only a technical violation of a statutory right, without any explanation of how the violation actually harmed the plaintiff, failed to establish standing. *Id*. at 1548, 1550.
>
> Like the plaintiff in *Spokeo*, here, Plaintiff has not explained how the inclusion of the allegedly improper fees and expenses charged to his account on November 15, 2016 caused him actual harm. There is no allegation in the Complaint that Plaintiff ever paid any of the allegedly improper charges and Plaintiff has not stated whether the November 15, 2016 charge currently appears on his mortgage loan account, or why the appearance of that charge would be wrongful. Moreover, Plaintiff seeks damages only for the costs he has incurred in prosecuting the RIFDCPA claim and attorney's fees. While these damages would be recoverable if Plaintiff had successfully established a RIFDCPA violation, *see* R.I. Gen. Laws § 19-14.9-13(2)(d), they are not a substitute for the injury-in-fact requirement developed in *Spokeo*.

2018 WL 4964545, at *4 (D.R.I. Oct. 12, 2018), attached hereto at Tab A.  Just as in *Viera*, Plaintiff has not set forth any concrete injury-in-fact and summary judgment must therefore enter for Defendants.

## CONCLUSION

Plaintiff's claims fail as a matter of law.  Defendants thus respectfully request that this Court grant summary judgment in favor of Defendants.

Respectfully submitted,

FAY SERVICING, LLC and
WILMINGTON TRUST NATIONAL
ASSOCIATION SOLELY AS TRUSTEE
FOR THE MFRA TRUST 2014-2

By its attorneys,

/s/ *Patrick T. Uiterwyk*
Patrick T. Uiterwyk, Bar No. 7461
Nelson Mullins Riley & Scarborough LLP
One Post Office Square, 30th Floor
Boston, MA 02109
Tel:  617-217-4643
Fax: 617-217-4710
Email: patrick.uiterwyk@nelsonmullins.com

Date:  January 22, 2020

## CERTIFICATE OF SERVICE

I, Patrick T. Uiterwyk, certify that on this 22nd day of January, 2020, I filed the foregoing document through the ECF system, thereby serving it electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on this date.  The foregoing document is available for viewing and downloading from the ECF system.

/s/ *Patrick T. Uiterwyk*
Patrick T. Uiterwyk