IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DOLORES CEPEDA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BANK OF AMERICA, N.A., | ) C.A. No. 1:19-cv-00005-WES-PAS |
| FAY SERVICING, LLC, | ) |
| WILMINGTON TRUST NATIONAL | ) |
| ASSOCIATION SOLELY AS TRUSTEE | ) |
| FOR THE MFRA TRUST 2014-2, ALIAS | ) |
| | ) |
| Defendants. | ) |
| | ) |

**BANK OF AMERICA, N.A.'S OPPOSITION TO PLAINTIFF'S MOTION TO FILE SUPPLEMENTAL MEMORANDUM OF LAW**

Defendant Bank of America, N.A. ("BANA") respectfully submits this opposition to Plaintiff Dolores Cepeda's ("Plaintiff") Motion to File Supplemental Memorandum of Law (the "Motion," Doc. 59) in view of the Rhode Island Supreme Court's recent decision in *Woel v. Christiana Trust as Trustee for Stanwich Mortgage Loan Trust Series 2017-17, et al.,* No. 2018-347, 2020 WL 2844821 (R.I. June 2, 2020). Because the Rhode Island Supreme Court's decision in *Woel*—which pertains only to issues regarding whether a notice of default satisfied paragraphs 19 and 22 of the mortgage at issue—has no bearing on Plaintiff's claim against BANA, the Court should deny Plaintiff's Motion to the extent Plaintiff seeks leave to file a supplemental opposition to BANA's pending Motion to Dismiss Plaintiff's Complaint.

**PROCEDURAL HISTORY**

Plaintiff filed her Complaint (Doc. 1) on January 3, 2019. BANA was served with process months later, and on June 18, 2019, BANA filed its Motion to Dismiss Plaintiff's Complaint and supporting Memorandum of Law (Doc. 31 & 32). The Motion to Dismiss is fully briefed as of

1

August 13, 2019, and was argued before this Court on May 18, 2020. The Court took the motion under advisement, and BANA's motion to dismiss remains pending before the Court.

On June 11, 2020, Plaintiff filed the Motion. In the Motion, Plaintiff asks the Court for leave to file supplemental briefing following the Rhode Island Supreme Court's decision in *Woel*. Plaintiff does not provide any details regarding what type of briefing she seeks to file or what claims and/or to which Defendants her proposed supplemental briefing pertains.  What is crystal clear, however, is that any proposed supplemental briefing by Plaintiff would have no bearing on her sole claim against BANA (Count 6) for violation of RESPA.

## LEGAL ARGUMENT

As discussed in the Motion to Dismiss, Plaintiff asserts a sole claim against BANA (Count 6) for violation of Regulation X, based on allegations that BANA failed to properly respond to a Notice of Error she sent on October 29, 2017, violating 12 C.F.R. § 1024.36(c) and 12 C.F.R. § 1024.36(d)(2)(i)(A) in the process.  *See* Compl. ¶ 137.  As also discussed in the Motion to Dismiss, the attachments to Plaintiff's Complaint contradict her allegations and show that Plaintiff does not state a plausible claim for relief against BANA.  *See* Doc. 32 at 6-12.

As to the issues raised in Plaintiff's Motion, a review of Plaintiff's allegations in the Complaint shows that Plaintiff does not allege any wrongdoing by BANA in relation to the notice of default mailed to her on December 12, 2017.  Instead, Plaintiff's allegations pertain to Defendant Fay Servicing, as Plaintiff alleges that:

> 15. Fay mailed Plaintiff a letter dated December 12, 2017, which it claimed to be a default notice. A copy is attached as Exhibit C.
>
> 16. This letter did not strictly comply with Paragraph 22 of the mortgage as indicated in this complaint.

Compl. (Doc. 1) at ¶¶ 15-16.  Thus, Plaintiff's own allegations confirm that BANA did not mail the notice of default that is the subject of the Complaint.  The *Woel* decision and its holding

2

regarding the language that must be included in a notice of default, therefore, have no bearing on Plaintiff's sole claim against BANA (Count 6) as alleged in the Complaint.

Because the *Woel* decision is inapplicable to Plaintiff's sole claim against BANA, it does not provide a basis for this Court to deny BANA's Motion to Dismiss. Thus, any supplemental briefing by Plaintiff in relation to the *Woel* decision would be irrelevant and unnecessary to the Court's resolution of BANA's Motion to Dismiss. Accordingly, to the extent Plaintiff seeks leave to submit additional briefing to support her opposition to BANA's Motion to Dismiss, the Court should deny Plaintiff's request.

## CONCLUSION

For the reasons set forth herein, BANA respectfully requests that the Court deny Plaintiff's Motion, to the extent Plaintiff seeks leave to submit supplemental briefing in opposition to BANA's pending Motion to Dismiss.

Date:  June 22, 2020

Respectfully submitted,

BANK OF AMERICA, N.A.,
Defendant,

By its attorneys,

 /s/ Justin J. Shireman_____
Justin J. Shireman (#7779)
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
260 Franklin Street, 14th Floor
Boston, MA 02110
(617) 422-5300
Justin.Shireman@wilsonelser.com

1437047v.1

## **CERTIFICATE OF SERVICE**

      I, Justin J. Shireman, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on June 22, 2020.

                                                */s/ Justin J. Shireman*
                                                Justin J. Shireman

1437047v.1