UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DOLORES CEPEDA,<br><br>  Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br>FAY SERVICING, LLC and<br>WILMINGTON TRUST NATIONAL<br>ASSOCIATION SOLELY AS TRUSTEE FOR<br>THE MFRA TRUST 2014-2,<br><br>  Defendants. | C.A. No.  19-cv-00005-WES-PAS |

**DEFENDANTS FAY SERVICING, LLC AND WILMINGTON TRUST NATIONAL ASSOCIATION SOLELY AS TRUSTEE FOR THE MFRA TRUST 2014-2'S OPPOSITION TO MOTION TO FILE SUPPLEMENTAL MEMORANDUM**

Defendants Fay Servicing, LLC ("Fay") and Wilmington Trust National Association Solely as Trustee for the MFRA Trust 2014-2 ("Wilmington", and together with Fay, "Defendants") hereby object to Plaintiff Dolores Cepeda's ("Plaintiff") Motion to File Supplemental Memorandum of Law in View of the Rhode Island Supreme Court Case of *Woel v. Christiana Trust* ("Motion"). For the reasons set forth below, the Motion should be denied.

**ARGUMENT**

**I.**   ***Woel v. Christina Trust* Is Inapposite**

The Court should deny Plaintiff's Motion because the case she seeks to rely on—*Woel v. Christina Trust*, No. 2018-347-Appeal (R.I. June 2, 2020)—is entirely inapposite. There, the Rhode Island Supreme Court held that a foreclosure was invalid because the acceleration notice provided by the mortgagee failed to comply with paragraph 22 of the mortgage, insofar as "the default notice failed to inform plaintiff of the right to reinstate the mortgage after acceleration." *Woel*, No. 2018-347-Appeal at *12. Here, the acceleration notice expressly states that: "You have

1

the right to reinstate after acceleration and the right to bring a court action or assert in court the non-existence of a default or any other defense to acceleration and sale." *See, e.g.*, Affidavit of Fay Servicing, LLC, Exhibit D (Document No. 53). Accordingly, the Court should deny Plaintiff's instant motion because it is irrelevant.

**II.**    ***Woel v. Christina Trust* Only Applies Prospectively and Plaintiff Seeks to Raise an Irrelevant Issue Not Pled in the Complaint**

The Court should deny Plaintiff's motion because the Rhode Island Supreme Court expressly held that the ruling only applied prospectively:

> The potential impact this new rule of law could have on the finality of foreclosures has not escaped us. To the extent that this opinion is viewed as a new rule of law, it is to be given prospective effect…. Specifically, the pronouncement in this opinion applies to the case at bar and to cases pending in the Superior Court in which this specific issue has been, or may be, raised.

*Woel*, No. 2018-347-Appeal at *14. Thus, the issue is not only irrelevant, as explained *supra*, but it is inapplicable because it is not an issue that was raised in Plaintiff's Complaint. Accordingly, the Court should deny Plaintiff's instant motion because *Woel* is inapplicable to this proceeding.

## CONCLUSION

For the foregoing reasons, Defendants Fay Servicing, LLC and Wilmington Trust National Association Solely as Trustee for the MFRA Trust 2014-2 respectfully request that the Court deny Plaintiff's Motion to File Supplemental Memorandum of Law in View of the Rhode Island Supreme Court Case of *Woel v. Christiana Trust*.

<table>
<tr><td></td><td>Respectfully submitted,</td></tr>
<tr><td></td><td>FAY SERVICING, LLC and<br>WILMINGTON TRUST NATIONAL ASSOCIATION SOLELY AS TRUSTEE FOR THE MFRA TRUST 2014-2</td></tr>
<tr><td></td><td>By its attorneys,</td></tr>
<tr><td>Date:  June 25, 2020</td><td>/s/ *Patrick T. Uiterwyk*<br>Patrick T. Uiterwyk, Bar No. 7461<br>Nelson Mullins Riley & Scarborough LLP<br>One Post Office Square, 30th Floor<br>Boston, MA 02109<br>Tel:  617-217-4643<br>Fax: 617-217-4710<br>Email: patrick.uiterwyk@nelsonmullins.com</td></tr>
</table>

### CERTIFICATE OF SERVICE

I, Patrick T. Uiterwyk, certify that on this 25th day of June 2020, I served the foregoing document through by regular mail and email to the following:

John B. Ennis, Esq.
1200 Reservoir Ave
Cranston, RI 02920
jbelaw75@gmail.com
*Attorney for Plaintiff Dolores Cepeda*

Justin J. Shireman, Esq.
Wilson Elser Moskowitz Edelman & Dicker LLP
260 Franklin Street - 14th Floor
Boston, MA 02110-3112
justin.shireman@wilsonelser.com
*Attorney for Defendant Bank of America, N.A.*

/s/ *Patrick T. Uiterwyk*
Patrick T. Uiterwyk