**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**DOLORES CEPEDA**

**VS**                                              **C.A.2019-CV-5**

**BANK OF AMERICA, N.A.**
**FAY SERVICING, LLC**
**WILMINGTON TRUST NATIONAL ASSOCIATION**
**SOLEY AS TRUSTEE FOR THE MFRA TRUST 2014-2 , ALIAS**


**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO**
**ALTER/AMEND JUDGMENT FOR BANK OF AMERICA ON ITS**
**MOTION TO DISMISS**


This Court dismissed Plaintiff's complaint filed pursuant to the Real

Estate Settlement and Procedures Act. Plaintiff referenced several Notices of

Error and demanded Judgment due to Bank of America failing to correct

errors by not providing documents which were the subject of Requests for

Information pursuant to 12 CFR 1024.36. Subsequently Plaintiff, through

her attorney mailed Notices of Error, dated October 29, 2018 pursuant to 12

CFR 1024.35.   These Regulations are referred to as Regulation X, which

can be enforced by a party for the failure of the loan servicer to provide the

information requested.  The Borrower begins the process by mailing a

request for information to the loan servicer, which has 5 business days to

acknowledge receipt and thirty business days to respond to the Request for

1

Information. If the servicer does not provide the information, the servicer

must acknowledge receipt within five business days and has thirty business

days to respond to the Notice of Error.  Regulation X, section 1024.35

indicates the duty of the loan servicer:

**(e)** *Response to notice of error* -

  **(1)** *Investigation and response requirements* -

    **(i)** *In general.* Except as provided in paragraphs (f) and (g) of this section, a servicer must respond to a notice of error by either:

      **(A)** Correcting the error or errors identified by the borrower and providing the borrower with a written notification of the correction, the effective date of the correction, and contact information, including a telephone number, for further assistance; or

      **(B)** Conducting a reasonable investigation and providing the borrower with a written notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information, including a telephone number, for further assistance.


If the servicer does not comply with its duties then 12 U. S. C. 2605(f)

provides for a private right of action for the borrower:

**(f)**DAMAGES AND COSTSWhoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts:

**(1)**INDIVIDUALSIn the case of any action by an individual, an amount equal to the sum of—

**(A)**

any actual damages to the borrower as a result of the failure; and

**(B)**
any additional damages, as the court may allow, in the case of a
pattern or practice of noncompliance with the requirements of this
section, in an amount not to exceed $2,000.

This Court dismissed the RESPA Count by holding that the complaint did

not state a claim because the Notices of Error requested information which

had not been provided or which was unduly burdensome to provide. A

review of the Notices of Error indicate that the Court committed manifest

error by accepting the assertions of the Defendant in its reply Memorandum

and did not accept as true the factual allegations in the complaint.

In *FDIC v. World University, Inc*. 978 F.2d 10, 16 (1st Cir.1992), the

First Circuit defined the basis for Motions for reconsideration pursuant to

Rule 59:

Rule 59(e) motions are "aimed at *re*consideration, not initial consideration."
*Harley-Davidson Motor Co., Inc. v. Bank of New England,* 897 F.2d 611,
616 (1st Cir.1990) (citing *White v. New Hampshire Dept. of Employment
Sec.,* 455 U.S. 445, 451, 102 S.Ct. 1162, 1166, 71 L.Ed.2d 325 (1982))
(emphasis in original). Thus, parties should not use them to "raise arguments
which could, and should, have been made before judgment issued." *Id.*
(quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th
Cir.1986)). Motions under Rule 59(e) must either clearly establish a
manifest error of law or must present newly discovered evidence. *Meyer,*
781 F.2d at 1268. They may not be used to argue a new legal theory. *Id.*

F.R.C.P. 59(e) permits a party to file a Motion to Amend or Alter the

Judgment within 28 days of the Entry of the Judgment. This Motion has

been timely filed. To avoid Manifest Error and to address issues raised but

not referenced by the Court in its decision, in order to clarify the decision the

Plaintiff has filed this Motion.

This Court in the Order dismissing this case pursuant to FRCP

12(b)(6) held that the Notices of Error were not plausibly pleaded and that

the information sought by the Plaintiff was duplicative. However a review of

each Notice of Error and the pleadings in regard to each did not seek

duplicative information.  In the first notice of error  referenced in paragraph

149 of  the complaint, Plaintiff alleged that Bank of America had committed

an error by failing to correct an error and provide the  contractual status of

the mortgage loan **when Bank of America, California, N.A. transferred**

**ownership of the mortgage loan**. This particular Notice of Error asserted

the following specific and distinct Notice of Error:

**The consumer in this case believes that you committed an error  by not responding to a Request for Information within thirty business days of receipt. You received a Request for Information on December 12, 2017 and have not provided the information requested. This Request for Information requested the following information:**

 **With respect to the receipt of all periodic payments of principal, interest and escrow, what was the contractual status of the consumer's mortgage loan when  Bank of America, NA as Creditor for Bank of America, California, N.A. transferred  ownership of  this mortgage loan, including all documents on which you relied on to provide this information.**

4

When you responded by letter dated January 12, 2018 and received on January 20, 2018, you declined to respond, stating:

Certain requests described in your correspondence constitutes a valid qualified written request(QWR) under the Real Estate Settlement and Procedures Act (RESPA) and will be addressed in accordance with RESPA guidelines.

**However you then did not provide any of the information requested in the Request for Information and did not provide any of this information, but merely referenced a Loan Transaction History Spreadsheet and ignored the Request for Information. No information was provided in response to the following information:**

**With respect to the receipt of all periodic payments of principal, interest and escrow, what was the contractual status of the consumer's mortgage loan when  Bank of America, NA as Creditor for Bank of America, California, N.A. transferred  ownership of  this mortgage loan, including all documents on which you relied on to provide this information.**

This information was not provided and Bank of America did not provide any

documents as requested. Plaintiff made the following allegations regarding

this Notice of Error, which are deemed to be true for purposes of a Motion to

Dismiss:

149. The Plaintiff's Notice of Error referenced failure to correct an error by which Defendant had failed to provide the contractual status of the mortgage loan when **Bank of America, California, N.A. transferred ownership of the mortgage loan.** (emphasis added) . . .

152. It refused to correct the information and correct the error. It merely made a generic response restating its previous failure to provide the documents requested and incorporated the prior response that the documents requested did not need to be provided alleging the following:

We determined a number of the requests for information and documentation relating to the loan fit within one or more exceptions under 12 C.F.R. 1024.36.

153. It refused to provide the documents stating alternatively without any supporting basis that the documents requested were either:
Overbroad
Sought an unreasonable volume of documents or information.
Were irrelevant to the borrower's loan
Sought confidential, privileged or proprietary information
Sought information which was not in its control or possession or that cannot be retrieved in the ordinary course of business through reasonable efforts

154. A copy of its response is attached as Exhibit F-1.

155. Bank of America made no reasonable effort to correct the error and merely recited the Regulation promulgated under the Dodd Frank Act.

156. Its response was nonresponsive to the Notice of Error.

157. This Request for Information did not seek documents which were excepted from production.

158. The information sought in this request for information did not seek information which was overbroad.

159. The request was for a single request and was not overly broad.

160. The information sought in this request for information did not seek information which constituted an unreasonable volume of documents or information.

161. The request was for a single item and did not constitute an unreasonable volume of documents.

162. The information sought in this request for information did not seek information which was irrelevant to the borrower's loan.

163. The information sought in this request for information did not seek information which was confidential.

164. The information sought in this request for information did not seek information which was proprietary.

165. The information sought in this request for information did not seek information which was not in its control or possession or that cannot be retrieved in the ordinary course of business through reasonable efforts

166. The Defendant had the ability to access this information which remained on its electronic system of record or on its archives.

167. The Defendant transmitted this information to the successor servicer, Fay and retained access to the information.

168. The Defendant has exhibited a pattern and practice of failing to comply with the Regulations as it failed to respond to or correct the error as indicated in this complaint and in other responses to Notices of Error.

169. Its general practice is to failure to provide any documents and to ignore Notices of Error by reciting generic reasons for not providing documents and to merely recite the regulation without responding to the Notice of Error.

A review of this Notice of Error, referenced as Exhbit F the response

of Bank of America and this Court's analysis of this response indicates that

the Court committed an error in its analysis. The question asked of Bank of

America was to provide the contractual status of the mortgage loan when

Bank of America, California, N.A. transferred ownership of the mortgage

loan. The Request for Information did not seek the status of the loan when

servicing was transferred as the Court determined.  This Notice of Error did

not seek any information about the status when Bank of America transferred

servicing to Fay,  different  time frame and the pleadings specifically

addressed this failure. The granting of the  Motion to dismiss  was manifest error because e the information in the Request for Information  was not duplicative, because Bank of America never provided the information requested nor provided  the documents which indicated the status of the mortgage loan when the ownership transferred from Bank of America, California, N.A., which was not the originator of the mortgage loan. Bank of America did not comply with its duties pursuant to 1024.35 and just ignored this Notice of Error, repeating a generic reference to the exception portion of the Regulation.

The second Notice of Error  was referenced as Exhibit G and alleged the  error at paragraph 178 in which the Plaintiff alleged that Bank of America had  failure to correct an error by which Defendant had failed to provide the Plaintiff all documents transferred to the new loan servicer, including the servicing file. This Notice of Error asserted an error in failing to provide the following documents:

**All documents, electronic documents, collection notes and servicing notes in the loan servicing file, which relate to the servicing of the consumer's mortgage loan from origination to the time that you transferred servicing. Please provide all such documents on your electronic system of record**
**You also committed error by not providing documents from your system of  record and by refusing to comply with a a reasonable request for all documents transferred at servicing to the new servicer.**

**You also committed an error by making a generic response, refusing to provide this information stating:**

**A servicer is also not required to respond to requests for information to a borrower's loan that seek confidential, privileged or proprietary information. In addition, a servicer is not required to provide a Borrower with information that is not in the servicer's control or possession or that cannot be retrieved in the ordinary course of business through reasonable efforts.**

**This generic response merely recites regulatory exemptions without making any effort to provide the documents requested, which are available in your archives, accessible by a keystroke of your computer system and are neither confidential, privileged nor proprietary. Thus you have committed error failing to make a good faith effort to respond to the Request for Information.**

Plaintiff also made the following allegations, which are deemed to be

true for purposes of a Motion to Dismiss:

180. Defendant did not correct the error within thirty business days. It responded by letter dated November 2, 2018 in which it failed to correct the error and refused to provide the information requested.

181. It refused to correct the information and correct the error. It merely made a generic response restating its previous failure to provide the documents requested and incorporated the prior response that the documents requested did not need to be provided alleging the following:

We determined a number of the requests for information and documentation relating to the loan fit within one or more exceptions under 12 C.F.R. 1024.36.

182. **It refused to provide the documents** stating alternatively without any supporting basis that the documents requested were either:

Overbroad
Sought an unreasonable volume of documents or information.

Were irrelevant to the borrower's loan
Sought confidential, privileged or proprietary information
Sought information which was not in its control or possession or that cannot
be retrieved in the ordinary course of business through reasonable efforts
(emphasis added)

183. A copy of its response is attached as Exhibit F-1.

184. Bank of America made no reasonable effort to correct the error and
merely recited the Regulation promulgated under the Dodd Frank Act.

185. This Request for Information did not seek documents which were
excepted from production.

186. The information sought in this request for information did not seek
information which was overbroad.

187. The request was for a single request and was not overly broad.
\
188. The information sought in this request for information did not seek
information which constituted an unreasonable volume of documents or
information.

189. The request was for the file transferred at servicing to Fay Servicing
and did not constitute an unreasonable volume of documents.

190. The information sought in this request for information did not seek
information which was irrelevant to the borrower's loan.

191. The information sought in this request for information did not seek
information which was confidential.

192. The information sought in this request for information did not seek
information which was proprietary.

193. The information sought in this request for information did not seek
information which was not in its control or possession or that cannot be
retrieved in the ordinary course of business through reasonable efforts

194. The Defendant had the ability to access this information which remained on its electronic system of record or on its archives.

195. The Defendant transmitted this information to the successor servicer, Fay and retained access to the information.

196. The Defendant has exhibited a pattern and practice of failing to comply with the Regulations as it failed to respond to or correct the error as indicated in this complaint and in other responses to Notices of Error.

197. Its general practice is to fail to provide any documents and to ignore Notices of Error by reciting generic reasons for not providing documents and to merely recite the regulation without responding to the Notice of Error.

Bank of America did not deny these allegations since the complaint was not answered. Instead in its reply to Plaintiff's Response to the Motion to Dismiss, it for the first time stated falsely that "Plaintiff does not allege that the Servicing File was not sent as stated in that letter". However paragraph 182 of the complaint specifically alleges:

. **It refused to provide the documents**

The Court committed manifest error by making a factual determination that the documents requested had already been provided and that the Notice of Error sought duplicative information. However the allegation in the complaint suggested that those documents had not been provided. The servicing file pursuant to 12 CFR 1024.38 defines the servicing file and the procedures required of servicers:

**2) Servicing file.** A servicer shall maintain the following documents and data on each mortgage loan account serviced by the servicer in a manner that facilitates compiling such documents and data into a servicing file within five days:

**(i)** A schedule of all transactions credited or debited to the mortgage loan account, including any escrow account as defined in § 1024.17(b) and any suspense account;

**(ii)** A copy of the security instrument that establishes the lien securing the mortgage loan;

**(iii)** Any notes created by servicer personnel reflecting communications with the borrower about the mortgage loan account;

**(iv)** To the extent applicable, a report of the data fields relating to the borrower's mortgage loan account created by the servicer's electronic systems in connection with servicing practices; and

**(v)** Copies of any information or documents provided by the borrower to the servicer in accordance with the procedures set forth in § 1024.35 or § 1024.41.

Plaintiff alleged that the servicing file had not been provided. In fact ,Bank of America admitted that it had not provided the entire servicing file when it stated in its January 18, 2018 letter when it refused to provide any documents contained in its servicing file prior to January 1, 2014:

Please be aware that records prior to January 1, 2014 will not be furnished as we have provided all information that is available or required  to comply with a Request for Information as defined under 2013 Real Estate Settlement Procedures Act (Regulation X).

However the regulation came into effect on January 14, 2010 and does not

indicate that a servicer does not have to provide information prior to that

date.  The  Consumer Financial Protection Bureau commentary to the

Regulation merely states that for payments made prior to  January 10, 2014,

a loan servicer was not  required to maintain information in particular

manner in the manner set forth in § 1024.38(c)(2) :

**Timing.** A servicer complies with § 1024.38(c)(2) if it maintains
information in a manner that facilitates compliance with § 1024.38(c)(2)
beginning on or after January 10, 2014. A servicer is not required to comply
with § 1024.38(c)(2) with respect to information created prior to January 10,
2014. For example, if a mortgage loan was originated on January 1, 2013, a
servicer is not required by § 1024.38(c)(2) to maintain information regarding
transactions credited or debited to that mortgage loan account **in any
particular manner for payments made prior to January 10, 2014**.
However, for payments made on or after January 10, 2014, a servicer must
maintain such information in a manner that facilitates compiling such
information into a servicing file within five days. (emphasis added)

The Plaintiff alleged in a complaint that the servicing file was not provided

and that this request was not duplicative. The original response to the

Request for Information did not assert that the information was duplicative.

The servicing file includes notes of servicer personnel, which Plaintiff

alleged were not provided to the Plaintiff. Thus this request was not

duplicative and the Motion to Dismiss should not have been granted as to

this Notice of Error.

The third Notice of Error  was referenced as Exhibit H and alleged the error at paragraph 206 in which the Plaintiff alleged that Bank of America had  failure to correct an error by which Defendant had failed to provide the Plaintiff  information relating to the status of the Plaintiff's mortgage loan in regard to periodic payments of principal, interest and escrow **when Bank of America, N.A. transferred ownership of the mortgage loan, including all documents on which it relied to provide this information**. This loan originated with Bank of America, N.A. However in its response to a Request for Information regarding the owner of the mortgage loan, Bank of America identified the owner of the mortgage loan  as Bank of America, California, N.A., a different entity.  Plaintiff also alleged the following assertions which are deemed to be true for purposes of a Motion to Dismiss:

209. It refused to correct the information and correct the error. It merely made a generic response restating its previous failure to provide the documents requested and incorporated the prior response that the documents requested did not need to be provided alleging the following:

We determined a number of the requests for information and documentation relating to the loan fit within one or more exceptions under 12 C.F.R. 1024.36.

210. It refused to provide the documents stating alternatively without any supporting basis that the documents requested were either:

Overbroad
Sought an unreasonable volume of documents or information.
Were irrelevant to the borrower's loan
Sought confidential, privileged or proprietary information

Sought information which was not in its control or possession or that cannot be retrieved in the ordinary course of business through reasonable efforts

211. A copy of its response is attached as Exhibit F-1.

212. Bank of America made no reasonable effort to correct the error and merely recited the Regulation promulgated under the Dodd Frank Act.

213. Its response was nonresponsive to the Notice of Error.

214. This Request for Information did not seek documents which were excepted from production.

215. The information sought in this request for information did not seek information which was overbroad.

216. The request was for a single request and was not overly broad.

217. The information sought in this request for information did not seek information which constituted an unreasonable volume of documents or information.

218. The request was for a single request and did not constitute an unreasonable volume of documents.

219. The information sought in this request for information did not seek information which was irrelevant to the borrower's loan.

220. The information sought in this request for information did not seek information which was confidential.

221. The information sought in this request for information did not seek information which was proprietary.

222. The information sought in this request for information did not seek information which was not in its control or possession or that cannot be retrieved in the ordinary course of business through reasonable efforts.

223. The Defendant had the ability to access this information which remained on its electronic system of record or on its archives.

224. The Defendant transmitted this information to the successor servicer, Fay and retained access to the information.

225. The Defendant has exhibited a pattern and practice of failing to comply with the Regulations as it failed to respond to or correct the error as indicated in this complaint and in other responses to Notices of Error.

226. Its general practice is to fail to provide any documents and to ignore Notices of Error by reciting generic reasons for not providing documents and to merely recite the regulation without responding to the Notice of Error.

Thus the same generic response was made to the Request for Information and the Notice of Error. Bank of America in its reply, not its Motion to dismiss, asserted that this information had been provided referencing **the status of the mortgage loan when servicing was transferred.**  This information was not sought in the Request for Information and the Notice of Error did not seek this information, but information which was not provided in the January 12, 2018 letter or at any other time.  Thus the Court committed manifest error by making a factual determination that the Plaintiff made a duplicative request, when in fact this Notice of Error referenced the failure to provide distinctly different information.

The fourth Notice of Error was attached as Exhibit I and referenced failure to correct an error by which Defendant had failed to provide the

Plaintiff information relating to the status of the Plaintiff's mortgage loan in regard to periodic payments of principal, interest and escrow when **Bank of America, N.A. as creditor for Bank of America California, N.A. obtained ownership of the mortgage loan**, including all documents on which it relied to provide this information.

Once again Bank of America had made the same generic response to this Request for Information and in its Reply, not its Motion to Dismiss, conflated this as a duplicative request for information relating to the time frame when Bank of America transferred the servicing of the mortgage loan to Fay Servicing. However this was not the request, which attached a letter from Bank of America, dated August 14, 2017 in which Bank of America stated that the "Investor" was Bank of America, N.A. as Creditor on behalf of Bank of America California N.A, a different time than the date servicing was transferred to Fay.  The Notice of Error asserted the following error:

**The consumer in this case believes that you committed an error  by not responding to a Request for Information within thirty business days of receipt. You received a Request for Information on December 12, 2017 and have not provided the information requested. This Request for Information requested the following information:**

**With respect to the receipt of all periodic payments of principal, interest and escrow, what was the contractual status of the consumer's mortgage loan when  Bank of America, NA as Creditor for Bank of America, California, N.A. obtained ownership of  this mortgage loan, including all documents on which you relied on to provide this information.**

When you responded by letter dated January 12, 2018 and received on January 20, 2018, you declined to respond, stating:

Certain requests described in your correspondence constitutes a valid qualified written request(QWR) under the Real Estate Settlement and Procedures Act (RESPA) and will be addressed in accordance with RESPA guidelines.

**However you then did not provide any of the information requested in the Request for Information and did not provide any of this information, but merely referenced a Loan Transaction History Spreadsheet and ignored the Request for Information. No information was provided in response to the following information:**

**With respect to the receipt of all periodic payments of principal, interest and escrow, what was the contractual status of the consumer's mortgage loan when  Bank of America, NA as Creditor for Bank of America, California, N.A. obtained  ownership of  this mortgage loan, including all documents on which you relied on to provide this information.**

**You committed error by refusing to provide information relating to the status of the mortgage loan when Bank of America, NA as Creditor for Bank of America, California, N.A. obtained ownership of the mortgage loan. You committed error in your response by treating this Request for Information as a request for the status at the time that Bank of America, N.A. with no reference as Creditor for Bank of America, California, N.A. obtained ownership of the mortgage loan.**

This Notice of Error did not make any reference to documents

transferred at servicing and did not seek the information which Bank of

America claims was duplicative. The Plaintiff also the same factual

allegations in regard to this Notice of Error which are deemed to be true for

purposes of a Motion to Dismiss as it had in each Notice of Error referenced

in the complaint in paragraphs 237-255:

237. Defendant did not correct the error within thirty business days. It responded by letter dated November 2, 2018 in which it failed to correct the error and refused to provide the information requested.

238. It refused to correct the information and correct the error. It merely made a generic response restating its previous failure to provide the documents requested and incorporated the prior response that the documents requested did not need to be provided alleging the following:

We determined a number of the requests for information and documentation relating to the loan fit within one or more exceptions under 12 C.F.R. 1024.36.

239. It refused to provide the documents stating alternatively without any supporting basis that the documents requested were either:

Overbroad
Sought an unreasonable volume of documents or information.
Were irrelevant to the borrower's loan
Sought confidential, privileged or proprietary information
Sought information which was not in its control or possession or that cannot be retrieved in the ordinary course of business through reasonable efforts

240. A copy of its response is attached as Exhibit F-1.

241. Bank of America made no reasonable effort to correct the error and merely recited the Regulation promulgated under the Dodd Frank Act.

242. Its response was nonresponsive to the Notice of Error.

243. This Request for Information did not seek documents which were excepted from production.

244. The information sought in this request for information did not seek information which was overbroad.

245. The request was for a single request and was not overly broad.

246. The information sought in this request for information did not seek information which constituted an unreasonable volume of documents or information.

247. The request was for a single request and did not constitute an unreasonable volume of documents.

248. The information sought in this request for information did not seek information which was irrelevant to the borrower's loan.

249. The information sought in this request for information did not seek information which was confidential.

250. The information sought in this request for information did not seek information which was proprietary.

251. The information sought in this request for information did not seek information which was not in its control or possession or that cannot be retrieved in the ordinary course of business through reasonable efforts

252. The Defendant had the ability to access this information which remained on its electronic system of record or on its archives.

253. The Defendant transmitted this information to the successor servicer, Fay and retained access to the information.

254. The Defendant has exhibited a pattern and practice of failing to comply with the Regulations as it failed to respond to or correct the error as indicated in this complaint and in other responses to Notices of Error.

255. Its general practice is to fail to provide any documents and to ignore Notices of Error by reciting generic reasons for not providing documents and to merely recite the regulation without responding to the Notice of Error.

The Court thus committed manifest error by making a factual determination

that  Notice of Error asserted that Bank of America had not provided

information, which it had already provided.  However this information was
not duplicative and had never been provided to Plaintiff.

The Fifth Notice of Error referenced as Exhibit J referenced Bank of
America's failure to correct an error by which Defendant had failed to
provide the Plaintiff **the identity of the master servicer of the mortgage
loan** and had failed to provide the identity of the owner of the mortgage loan
by merely stating that the owner/investor of the mortgage loan was Bank of
America, N.A. as Creditor on behalf of Bank of America, California, N.A.
This Notice of Error asserted the following error:

**The consumer in this case believes that you did not provide a borrower
within ten business days the following information pursuant to Section
1024.36(d):**
**1.   The identity of and address for the current owner of the mortgage
loan identified herein.**
**2.   The identity of and address for the master servicer of the mortgage
loan identified herein.**

**You received this request on August 10, 2017.   When you did respond
by a letter dated August 14, 2017, you failed to provide the identity and
address of the master
servicer.**
**You also failed to provide the owner of the mortgage loan as your letter
merely identified the owner/investor of the mortgage loan as Bank of
America, N.A as Creditor on behalf of Bank of America, California,
N.A.. You must provide the owner, not the investor.**

Bank of America in its reply, not its Motion to Dismiss, again sought to
conflate the issue by referencing the servicing transfer information

previously provided.  It also failed to provide the identity of the Master Servicer, which is required to be provided.  It also refused to provide the owner, not the investor as to which there was a distinction based on the documents sent to the Plaintiff.  The Plaintiff made the same allegations as it had regarding the previous Notices of Error in paragraphs 266-284, which are deemed to be true for purposes of this Motion to Dismiss.

This Court committed manifest error by making a factual determination that the Defendant correctly stated that the Request for Information sought duplicative information despite the fact that the identify of the Master Servicer was not provided and there was no distinction made between Owner of the Loan and Investor of the Loan.  The Court did not address the fact that the identity of the Master Servicer was not provided and did not deem true the allegations of the complaint.

The Plaintiff's sixth notice of Error was referenced as Exhibit K which alleged the error in paragraph 295 of failing to correct an error by which Defendant had failed to provide the Plaintiff all periodic statements which were prepared for the mortgage loan account. Defendant, in its reply, not its motion, asserted that Bank of America reasonably determined that this Request was overbroad and unduly burdensome and duplicative of the servicing file and transaction history.  However Plaintiff  made certain

allegations in the complaint which disputed this assertion by the Defendant

at paragraphs which are deemed to be true for the purpose of this Motion:

302. Bank of America made no reasonable effort to correct the error and merely recited the Regulation promulgated under the Dodd Frank Act.

303. Its response was nonresponsive to the Notice of Error.

304. This Request for Information did not seek documents which were excepted from production.

305. The information sought in this request for information did not seek information which was overbroad.

306. The request was for a single request and was not overly broad.

307. The information sought in this request for information did not seek information which constituted an unreasonable volume of documents or information.

308. The request was for a single request and did not constitute an unreasonable volume of documents.

309. The information sought in this request for information did not seek information which was irrelevant to the borrower's loan.

310. The information sought in this request for information did not seek information which was confidential.

311. The information sought in this request for information did not seek information which was proprietary.

312. The information sought in this request for information did not seek information which was not in its control or possession or that cannot be retrieved in the ordinary course of business through reasonable efforts.

313. The Defendant had the ability to access this information which remained on its electronic system of record or on its archives.

The Court committed manifest error by making a factual determination in a Motion to Dismiss that it was too burdensome for the Plaintiff to erroneously accepted the argument of the Defendant that it was too burdensome to provide the periodic statements, which Plaintiff alleged were readily available on its electronic system and could be retrieved in the ordinary course of business, through reasonable efforts. 12 CFR 1024-36 provides an exemption provided the following applies:

**(iv) Overbroad or unduly burdensome information request.** The information request is overbroad or unduly burdensome. An information request is overbroad if a borrower requests that the servicer provide an unreasonable volume of documents or information to a borrower. An information request is unduly burdensome if a diligent servicer could not respond to the information request without either exceeding the maximum time limit permitted by paragraph (d)(2) of this section or incurring costs (or dedicating resources) that would be unreasonable in light of the circumstances. To the extent a servicer can reasonably identify a valid information request in a submission that is otherwise overbroad or unduly burdensome, the servicer shall comply with the requirements of paragraphs (c) and (d) of this section with respect to that requested information.

The regulation allows the servicer not to provide the documents if the time to provide them exceeded 45 business days. In this case, Bank of America responded by suggesting that it was too burdensome to produce these documents in a time frame of less than thirty days and ignored its responsibilities under Regulation X.

 The official comment of the Consumer Financial Protection Bureau 36 explains which documents are overly burdensome:

1. **Examples of overbroad or unduly burdensome requests for information.** The following are examples of requests for information that are overbroad or unduly burdensome:

i. Requests for information that seek documents relating to substantially all aspects of mortgage origination, mortgage servicing, mortgage sale or securitization, and foreclosure, including, for example, requests for all mortgage loan file documents, recorded mortgage instruments, servicing information and documents, and sale or securitization information and documents;

ii. Requests for information that are not reasonably understandable or are included with voluminous tangential discussion or assertions of errors;

iii. Requests for information that purport to require servicers to provide information in specific formats, such as in a transcript, letter form in a columnar format, or spreadsheet, when such information is not ordinarily stored in such format; and

iv. Requests for information that are not reasonably likely to assist a borrower with the borrower's account, including, for example, a request for copies of the front and back of all physical payment instruments (such as checks, drafts, or wire transfer confirmations) that show payments made by the borrower to the servicer and payments made by a servicer to an owner or assignee of a mortgage loan.

The periodic statements requested did not fall in any of these categories.

Thus there was a factual question as to the extent of the burdensome nature

of providing these documents, which could not be resolved in a Motion to

Dismiss.

The seventh Notice of Error pleaded in this complaint  was Exhibit L,

which asserted the failure of the Defendant to provide the servicing file. This

Notice of Error asserted the error in this manner:

 **The consumer requests that you provide the consumer the entire
mortgage loan servicing file including all servicing notes, records of all**

**phone calls made to the consumer,  collection notes, recordings of all phone calls any loan servicer or any agent acting on its behalf made to the consumer or to the consumer's attorney, and any calls from the consumer or the consumer's attorney to any loan servicer or its agent which were recorded and all loss mitigation documents sent to any loan servicer by the consumer and all loss mitigation responses sent from you to the consumer at any time since you obtained servicing rights to the present.**

The Plaintiff's Notice of Error referenced failure to correct an error by

which Defendant had failed to provide the servicing file for the mortgage

loan account. The Notice of Error asserted the following errors:

**The consumer in this case believes that you committed an error  by not responding to a Request for Information within thirty business days of receipt. You received a Request for Information on October 15, 2018 and have not acknowledged receipt. This Request for for Information requested the following information:**

**The consumer requests that you provide the consumer the entire mortgage loan servicing file including all servicing notes, records of all phone calls made to the consumer,  collection notes, recordings of all phone calls any loan servicer or any agent acting on its behalf made to the consumer or to the consumer's attorney, and any calls from the consumer or the consumer's attorney to any loan servicer or its agent which were recorded and all loss mitigation documents sent to any loan servicer by the consumer and all loss mitigation responses sent from you to the consumer at any time since you obtained servicing rights to the present.**

This request for information is somewhat different than Exhibit G, the

second Notice of Error.  It requested items, including service notes, records

of all phone calls made to the consumer, collection notes, recordings of all

phone calls along with all loss mitigation requests sent by the consumer and

Bank of America's responses. As alleged in the complaint, none of these

documents were ever provided. The loss mitigation documents made this

somewhat more comprehensive than the second Notice of Error.  Bank of

America did not provide any of these documents and asserted in its Reply,

not Motion that this Request was duplicative and could not be the subject of

a Notice of Error.

The standard of the First Circuit precludes this Motion to Dismiss.

The First Circuit has interpreted the holding of the United States Supreme

Court in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) for analysis of FRCP

12(b)(6) motions.  The Supreme Court in *Iqbal* hadstated:

> To survive a motion to dismiss, a complaint must contain
> sufficient factual matter, accepted as true, to "state a claim to
> relief that is plausible on its face." *Id.,* at 570,127 S.Ct. 1955. A
> claim has facial plausibility when the plaintiff pleads factual
> content that allows the court to draw the reasonable inference
> that the defendant is liable for the misconduct alleged. *Id.,* at
> 556, 127 S.Ct. 1955. The plausibility standard is not akin to a
> "probability requirement," but it asks for more than a sheer
> possibility that a defendant has acted unlawfully.

The First Circuit in *Rodriguez-Vives v. Puerto Rico Firefighters*
(1[st]Cir.,

January 8, 2014) held:

We emphasize that this case is on appeal of a 12(b)(6) motion, not a motion for summary judgment. *HN12* "Although a plaintiff must plead enough facts to make entitlement to relief plausible in light of the evidentiary standard that will pertain at trial . . . she need not plead facts sufficient to establish a prima facie case." Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 54 (**1st Cir.** 2013).

The First Circuit thus confirmed that even if a Plaintiff makes a specific factual allegation, that merely lacks some surrounding context, the claim will be sufficient to survive a motion to dismiss.

Thus for purposes of the Motion, all factual allegations in Plaintiff's complaint must be accepted by the Court as true. The Court also reiterated the principle that the First Circuit had previously stated in similar principles

in Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 54 (1st Cir. 2013):

The prima facie case is an evidentiary model, not a pleading standard. For this reason, the interaction between the prima facie case and the plausibility standard crafted by the [**2] Supreme Court in Bell Atlantic Corp. v. Twombly, created some confusion. We now resolve that confusion and hold that the prima facie case is not the appropriate benchmark for determining whether a complaint has crossed the plausibility threshold.
Accordingly, that aspect of the district court's decision must be annulled and the case remanded for further proceedings.

The Plaintiff had requested that the Motion to Dismiss should have

been denied and in the alternative the Plaintiff should have been provided an

opportunity to amend his complaint, which the Court did not address. This

Court in denying the Motion to Amend on the issue of compliance with the

terms of the mortgage commited manifest error by ignoring the provisions of

Federal case law which requires  liberal right to file an amended complaint

pursuant to Fed. R. Civ P. 15.

The First Circuit has defined the standard for amendment of pleadings

in Torres-Alamo v. Pureto, 502 F. 3d 20 (1st Cir., 2007). In Torres-Alamo

the Court held:

When, as here, a motion to amend is entered before formal entry of
judgment, the district court should evaluate the motion under the "liberal
standard of Fed. R.Civ.P. 15(a)." *Palmer,* 465 F.3d at 30. Under this
standard, "[a]mendments may be permitted pre-judgment, even after a
dismissal for failure to state a claim, and leave to amend is `freely given
when justice so requires.'" *Id.* (quoting Fed. R.Civ.P. 15(a)).

Likewise in *United States of America ex rel. D'Agostino v. EV3, Inc*.

No. 14-2145 (1st. Cir, September 30, 2015), the Court granted a Motion to

Amend when the Motion to Amend was not consistent with the briefing

Order:

the fact that the relator sought to amend only a few days before his
opposition to the dismissal motions was due does not justify a different
result. At any rate, Rule 15(a)'s leave freely given standard typically applies
even where a party requests leave to amend after a motion to dismiss has

been fully briefed. See, e.g., Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006).

The case law thus supported the Plaintiff's request to amend the complaint. Caselaw regarding RESPA claims and the exceptions under 12 CFR 1024.36 to provide documents which are duplicative or burdensome also support the Plaintiff's position, which the Court did not consider thus committing manifest error.  In *Wilson v. Bank of America*, 48 F. Supp. 3d 787, 807  (E.D. PA, 2014), the Court denied a Motion to Dismiss based on the assertion that the information requested and not provided was duplicative:

n this case, Plaintiff has alleged, and Defendant does not dispute, that Defendant did not provide all of the information sought in the Request for Information, including copies of the servicing logs related to contacts between Plaintiff and Defendant or between Plaintiff and employees/representatives of Defendant, audio files of telephone calls with Plaintiff, documents submitted by Plaintiff in support of her request for loan modification, property inspection reports, and invoices from Defendant's foreclosure firm. Defendant argues, however, that it properly asserted delineated exceptions to its obligations—i.e., that the request for materials was overbroad, unduly burdensome, and sought duplicative, confidential, proprietary, privileged, or irrelevant information—pursuant to 12 C.F.R. § 1024.36(f). Having put forth such exceptions, Defendant asserts that it then bore no burden to search for materials and produce them or explain their unavailability. (Def.'s Mot. Dismiss 8.)

Regulation X, however, changes the requirement imposed on the servicer from conducting just an "investigation" for the information to conducting a "a reasonable search for the requested information." 12 C.F.R. § 1024.36(d)(1)(ii). Further, this regulation makes clear that a servicer's duty to comply with its response obligations are obviated only "if the

servicer *reasonably* determines that" the documents meet any of the enumerated exceptions. 12 C.F.R. § 1024.36(f)(1) (emphasis added). Plaintiff pleads that Defendant did not reasonably determine that the documents were in the excluded categories (unduly burdensome, overbroad, irrelevant, confidential, privileged, or proprietary), 807*807 and that, in fact, many of the requested documents were available and were within the categories of documents that a servicer should provide. (Compl. ¶ 101.) Taking such allegations as true, the Court again cannot dismiss this claim.

In short, the Court finds that Plaintiff's RESPA claims (Counts I and II) plead plausible claims for relief. While the law is clearly unsettled as to the scope of Defendant's duties under 12 U.S.C. § 2605 as amended by Regulation X, it appears that Regulation X requires more than mere procedural compliance with the enumerated duties. In light of the standard of review under Rule 12(b)(6) and the well-pled allegations of Plaintiff's Complaint, the Court must deny Defendant's Motion to Dismiss these claims.

In *Zinneti v. Deutsche Bank National Trust Company*, C.A. No. 19-1279-LPS-JLH. (D. Delaware, January 24, 2020) ,the Court denied a Motion to Dismiss regarding alleged duplicative requests because there had not been previous compliance:

cwen is correct that RESPA and Regulation X do not require it to respond to a duplicative notice of error or request for information. For example, under 12 C.F.R. § 1024.35(g), a loan servicer is not required to conduct a reasonable investigation if it "reasonably determines" that "[t]he asserted error is substantially the same as an error previously asserted by the borrower for which the servicer has previously complied with its obligation to respond." 12 C.F.R. § 1024.35(g)(1)(i). However, Regulation X requires a loan servicer to notify the borrower if the servicer determines that it need not respond to a request because it is duplicative. 12 C.F.R. § 1024.35(g)(2) (duplicative notice of error); *see also* 12 C.F.R. § 1024.36(f)(2) (duplicative request for information).

In this case, Ocwen treated at least one of Plaintiffs' requests within the limitations period as non-duplicative. Ocwen's September 25, 2018 response to Plaintiffs' August 27, 2018 notice of error does not state that the notice was duplicative. (D.I. 24 at 307-327 (Ex. Y-i-iii).) Instead, it states that Plaintiffs' "letter is a `qualified written request' in compliance with" RESPA. (*Id.* at 323.) At oral argument, counsel for Ocwen acknowledged that a mortgage servicer must notify a borrower in accordance with 12 C.F.R. § 1024.35(g)(2) that it has determined that it need not respond to a notice of error; otherwise, it must conduct a reasonable investigation in accordance with 12 C.F.R. § 1024.35(e). (Tr. 16:7-17:20.) Accordingly, Ocwen was required to conduct a reasonable investigation at least as to Plaintiff's August 27, 2018 notice of error.

Bank of America did not conduct a reasonable investigation as to any of the Notices of Error and merely sent a generic response alleging all exemptions, whether they were applicable or not. Its sole response to these Notices of Error was the following language in the November 2, 2018 letter:

We researched your account and have determined that no corrections are required in response to your initial request.

We previously responded to this matter. Please find the enclosed responses sent on October 22, 2018 and January 1, 2018.

These responses did not provide the information requested and did not even address the issue of duplicative request for information, because Bank of America never complied with all the initial requests. It provided part of the servicing file, but not all the information requested and provided none of the other requests.

The purpose of this Memorandum is to demonstrate that the granting of the Motion to Dismiss constituted manifest error and did not address the issues raised in the complaint as to Bank of America's lack of compliance with its obligations under Regulation X.  The Court is requested to amend and alter its Judgment since manifest error occurs when factual determination is made of disputed issues in a Motion to Dismiss.


DOLORES CEPEDA
By her attorney,


October 26, 2020                    /s/ John B. Ennis
                                    JOHN B. ENNIS, ESQ. #2135
                                    1200 Reservoir Avenue
                                    Cranston, Rhode Island 02920
                                    (401) 943-9230
                                    Jbelaw75@gmail.com

## Certificate of Service

I hereby certify that I emailed a copy of this Memorandum of Law to Patrick T. Uiterwyk and Justin Shireman on October 26, 2020 and by electronic filing.

/s/ John B. Ennis