UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DOLORES CEPEDA,<br><br>      Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br>FAY SERVICING, LLC and<br>WILMINGTON TRUST NATIONAL<br>ASSOCIATION SOLELY AS TRUSTEE FOR<br>THE MFRA TRUST 2014-2,<br><br>      Defendants. | C.A. No.   19-cv-00005-WES-PAS |

**DEFENDANTS FAY SERVICING, LLC AND WILMINGTON TRUST NATIONAL ASSOCIATION SOLELY AS TRUSTEE FOR THE MFRA TRUST 2014-2'S OPPOSITION TO MOTION TO ALTER AND AMEND JUDGMENT**

Defendants Fay Servicing, LLC ("Fay") and Wilmington Trust National Association Solely as Trustee for the MFRA Trust 2014-2 ("Wilmington", and together with Fay, "Defendants") hereby object to Plaintiff Dolores Cepeda's ("Plaintiff") Motion to Alter and Amend Judgment pursuant to Fed. R. Civ. P. 59(e) ("Motion to Amend").

The Motion should be denied because it seeks to assert new and untimely arguments that are not supported by the facts or the law. In short, there are no "extraordinary circumstances" that justify awarding this "rare" form of relief. See *Estate of Henault v. Am. Foam Corp.*, 2007 WL 9782482, at *3 (D.R.I. Oct. 10, 2007) (quoting *Lightfoot v. Dist. of Columbia*, 355 F.Supp.2d 414, 421 (D.D.C. 2005) ("Motions under Fed. R. Civ. P. 59(e) are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances … [and] should be relatively rare occurrences.").

**STANDARD**

Under Fed. R. Civ. P. 59(e), a motion to alter or amend the judgment "should be granted only if the court has patently misunderstood a party or there is a significant change in the law or facts since the submission of the issues to the court by the parties." *Reyes Canada v. Rey Hernandez*, 224 F.R.D. 46, 48 (D.P.R. 2004) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)).

Furthermore, "Rule 59(e) motions are 'aimed at reconsideration, not initial consideration.'" *F.D.I.C. v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992) (quoting *Harley–Davidson Motor Co. v. Bank of New England*, 897 F.2d 611, 616 (1st Cir. 1990)). "Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence. They may not be used to argue a new legal theory." *Bibby v. Petrucci*, 2009 WL 4639101, at *2 (D.R.I. Dec. 7, 2009).

**ARGUMENT**

I. **The Court Correctly Concluded That Defendants' Notice of Acceleration Complied With Paragraph 22 of the Mortgage.**

In its Decision, the Court found that the Notice of Acceleration "complied with all the substantive requirements set forth in Paragraph 22" of the Mortgage and was "distinguishable from the notice in *Woel*, which did not inform the plaintiff of his rights to reinstate the mortgage after acceleration, instead informing of the inequivalent right to cure." *Cepeda v. Fay Servicing, LLC*, 2020 WL 5775900, at *5 (D.R.I. Sept. 28, 2020). Plaintiff has failed to establish any "extraordinary circumstances" that show the Court made a manifest error of law or fact as to this conclusion by the Court.

Instead, Plaintiff impermissibly seeks to posit an entirely new and baseless theory. Cepeda now asserts—though there was no such assertion in her Complaint—that the notice of intention to

accelerate failed to comply with Paragraph 22 of the Mortgage, because the notice purportedly contained improper calculations as to the amount of Plaintiff's default. Plaintiff appears to theorize that certain provisions of the attendant promissory note must be read together with the Mortgage, which in turn circumscribes the amount of Plaintiff's default to be included in the notice of intention to accelerate. There are several problems with this belated theory.

*First*, this argument was not presented to the Court in earlier pleadings and is noticeably absent from the Complaint. Indeed, Plaintiff did not reference any specific provisions of the promissory note in her Complaint, nor did she even attach or include a copy of the promissory note as an exhibit to the Complaint or the summary judgment motion papers. She could have done so, but did not. As Plaintiff acknowledges in her Motion: "Rule 59(e) motions are 'aimed at reconsideration, not initial consideration." Motion to Amend, p. 2 (quoting *F.D.I.C. v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)). This new theory should be rejected for this reason alone.

*Second*, Plaintiff's new reading of Paragraph 22 is contrary to the plain language of the Mortgage, the notice of intention to accelerate, and the court's decision in *Woel v. Christiana Tr. as Tr. for Stanwich Mortg. Loan Tr. Series 2017-17*, 228 A.3d 339 (R.I. 2020). As an initial matter, the Motion to Amend does not contain section headings, nor does it clearly delineate between arguments and topics with linear reasoning or citations. A generous reading, however, suggests that Plaintiff appears to argue that the term "default" in the Mortgage is limited only to a borrower's overdue monthly payments under the promissory note, and even further limited only to the overdue principal and interest amounts in those monthly payments. *See* Motion to Amend,

pp. 2-14.[1]  This strained and far-fetched reading is undermined by the plain and unambiguous terms of the Mortgage and not supported by any law.[2]  Indeed, Paragraph 22 does not limit "default" to failure to make payment of monies or an "amount."  Instead, to accelerate, the lender must notify the borrower of the "default" and "the action required to cure the default."  This use of the general term "action" indicates "default" is not limited only to a failure to make a payment of principal and interest under the promissory note.  Other provisions of the Mortgage reinforce this conclusion.  *See, e.g.*, Mortgage, Paragraph 8 ("Borrower shall be in default if, during the Loan application process, Borrower … gave materially false, misleading, or inaccurate information"); Paragraph 9 ("Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property….").

*Third*, Plaintiff's corollary allegation—asserting that Defendants failed to provide notice of acceleration (as opposed to the notice of *intention* to accelerate) is both irrelevant and factually incorrect.  Plaintiff's allegations in the Complaint concern purported statutory failures in Defendants' December 15, 2017 notice of intent to accelerate, which this Court has already correctly rejected.  There is no actionable count in the Complaint regarding Defendants' notice of acceleration, which Plaintiff now claims was not sent.  Regardless, as Exhibits EE and FF to the Complaint demonstrate, Plaintiff's claim—that Defendants did not accelerate—is patently false and undermined by documents attached to the Complaint.  Thus, even if Defendants' May 1, 2018

---

[1] Despite the irrational interpretation proposed by Plaintiff, the notice of intention to accelerate at issue here actually only included a demand for payment of overdue principal and interest. *See* ECF No. 53-5.  Thus, even if the Court were to accept Plaintiff's absurd reading, there would be no violation.

[2] Plaintiff cites only to *Rhode Island Depositors Econ. Prot. Corp. v. Coffey & Martinelli, Ltd.*, 821 A.2d 222, 227 (R.I. 2003), which had nothing to do with defining the term "default" in Paragraph 22 of a mortgage, and stands only for the proposition that a jury trial provision may be read to apply to a contemporaneously executed agreement.

4

notice of acceleration was material (it is not), the claim that Defendants' did not send such a notice is entirely incorrect. Plaintiff's Motion to Amend must be denied.

**II.     The Court Accurately Quoted *Rivera v. Employees' Ret. Sys. of R.I.*, 70 A.3d 905 (R.I. 2013) And Otherwise Engaged In A Separate R.I.G.L. § 34-27-3.1 Analysis.**

In her Motion to Amend, Plaintiff claims that "[t]he Court also committed manifest error by its application of *Rivera v. Employees' Retirement Board of Rhode Island*, 20 [sic] A.3d 905 (R.I. 2013)." This allegation is incorrect for several reasons. First, unlike Plaintiff's inaccurate citation to *Rivera* in her brief, the Court provided an entirely accurate quotation of that case, writing:

> Under Rhode Island law, the date of postmark is "conclusive (albeit not exclusive) evidence of the date of mailing." *Rivera v. Employees' Ret. Sys. of R.I.*, 70 A.3d 905, 2011 (R.I. 2013).

*Cepeda*, 2020 WL 5775900, at *5. There can be no question that this is the language actually set forth in *Rivera*.

Second, as the Court's Decision makes plain, the Court engaged in an analysis that was entirely independent of, and separate from, *Rivera* when rejecting Plaintiff's R.I.G.L. § 34-27-3.1 claim. The Court wrote:

> In any event, **regardless of the exact date of mailing**, the question is whether the notice is considered to have been provided on the date Fay mailed it or on the date Ms. Cepeda received it.

*Cepeda*, 2020 WL 5775900, at *5 (emphasis added). The gravamen of Plaintiff's theory involved an argument that the statutory term "provide" actually meant "receive." The Court examined *City of Pawtucket v. Laprade*, 94 A.3d 503 (R.I. 2014) and the plain language of the statute, rejecting Plaintiff's interpretation because her proposed definition failed to account for "the entire phrase used in the statute: 'by first class mail.'" *Cepeda*, 2020 WL 5775900, at *5.

The Court thus correctly reasoned that "[a] party cannot be sure when first class mail will be delivered to or opened by the recipient and only has control over when it is mailed. The requirement of § 34-27-3.1 to 'provide ... by first class mail,' therefore, is satisfied upon the date of mailing. Here, the defendants' notice is postmarked September 27, 2018; as such, the defendants mailed the notice several days before the deadline.'" *Id*. at *6. Plaintiff's Rule 59(e) motion must be denied because there was no manifest error in the Court's "application" of *Rivera v. Employees' Retirement Board of Rhode Island*, 70 A.3d 905 (R.I. 2013). The Court correctly "applied" the case and engaged in its own separate analysis.

### III. There Was No Manifest Error In Rejecting Plaintiff's Fair Debt Collections Practice Act Claim.

Plaintiff claims that the Court erred in rejecting her Fair Debt Collections Practices Act ("FDCPA") claim because the Court failed to account for a July 23, 2018 notice of intention to foreclose. *See* Motion to Amend, pp. 18-19. This contention rests on mischaracterizations and omissions. First, the allegation wrongly asserts that Defendants sent a July 23, 2018 notice of intention to foreclose which stated that "a Mortgage Foreclosure sale of the Plaintiff's property by statutory power of sale would occur on September 23, 2018." *Id*. at 18. This is incorrect. Defendants mailed a "notice of intention to foreclose," which indicated that Defendants **intended** to foreclose "on **or after** September 13, 2018." Complaint, Ex. E (emphasis added). This omission is effectively a mischaracterization of the facts.

More importantly, however, Plaintiff's argument fails to account for the reason the Complaint said this July 23, 2018 communication violated the FDCPA. In her Complaint, Plaintiff asserted that the July 23, 2018 notice of intention to foreclosure "was a deceptive action on the part of Fay due to the failure to provide an accurate default notice and due to the fact that Plaintiff was not mailed a Notice of Mediation nor was provided a Notice of Foreclosure Counseling…."

6

Motion to Amend, pp. 18-19 (quoting Complaint, ¶120).  In other words, according to Plaintiff's Complaint, the July 23, 2018 notice was deceptive because the notices of acceleration, mediation, and foreclosure counseling were inaccurate.  The problem, of course, is that the Court flatly rejected the Plaintiff's contention that Defendants' notices were inaccurate, thereby inherently undermining the allegation that the July 23, 2018 notice of intention of foreclosure was "deceptive" and in violation of the FDCPA.  As the Court correctly found:

> Ms. Cepeda's claim for Fay and Wilmington's alleged violation of the Fair Debt Collections Practice Act, 15 U.S.C. § 1692, is premised on the notion that the various notices mentioned above (the default notice, the mediation notice, and the foreclosure counseling notice) were improper and therefore the efforts to collect the debt were unfair and deceptive. However, because these notices complied with the relevant statutes, Ms. Cepeda's FDCPA claim cannot be sustained.

*Cepeda*, 2020 WL 5775900, at *6.  Accordingly, Plaintiff's Motion to Amend must be denied. Plaintiff has failed to establish any "extraordinary circumstances" demonstrating a manifest error of law or fact. *See Estate of Henault v. Am. Foam Corp.*, 2007 WL 9782482, at *3 (D.R.I. Oct. 10, 2007).

**IV.     The Court Should Reject Plaintiff's Attempt To Transform The Rule 56 Summary Judgment Into A Rule 12(b)(1) Dismissal Without Prejudice.**

Plaintiff concludes her Motion to Amend with a strawman, asking the Court to transform its granting of summary judgment on Plaintiff's Truth in Lending Act ("TILA") claim into a "dismissal without prejudice."  Plaintiff constructs this strawman by mischaracterizing the Court's Decision, writing that "[i]f the Court decides to maintain its dismissal of the TILA or FDCPA action on *Spokeo* grounds, the Court should clarify to avoid mainifest [sic] error that since this Court's actions regarding TILA and FDCPA claims were based on *Spokeo*, these dismissals were without prejudice and would have no preclusive effect due to the lack of jurisdiction."  Motion to Amend, p. 20.

The Court made no such finding of "lack of jurisdiction," nor dismissed the claims. To the contrary, the Court entered judgment in favor of Defendants on the summary judgment record and found that:

> **The record evidence**, however, demonstrates that the defendants did send Ms. Cepeda monthly mortgage statements for all months relevant to her Complaint. (ECF No. 52-8.) Further, these statements contained all of the information required by 12 C.F.R. § 1026.41, including the amount due, an explanation of the amount due, a past payment breakdown, transaction activity, partial payment information, contact information, account information, and delinquency information.

*Cepeda*, 2020 WL 5775900, at *6 (emphasis added); *see also Cordeiro v. Carrington Mortg. Servs., LLC*, 2020 WL 3404742, at *3 (D.R.I. June 19, 2020) (allegations of "time and money" damages "related to bringing the TILA claims… do not satisfy the injury-in-fact requirement"). Accordingly, the Court should decline the invitation to effectively turn the entry of judgment against the Plaintiff, and in favor of Defendants, into an open-ended grant of leave for the Plaintiff to amend her Complaint. Indeed, Plaintiff was given every indulgence in responding to Defendants' Motion for Summary Judgment. *See, e.g.*, September 19, 2019 Motion to Extend Time to Respond to Motion for Summary Judgment (ECF No. 44) ("Plaintiff is preparing a FRCP 56(d) affidavit along with proposed discovery" and "needs additional time to respond and needs limited discovery in this case in order to dispute the Motion"); *see also* February 13, 2020 Motion to Extend Time to Respond to Motion for Summary Judgment (ECF No. 58) (requesting additional time to file papers). There is simply no basis under Rule 59(e) to change the Court's judgment, based on the summary judgment record, into a jurisdictional dismissal without prejudice for the Plaintiff to amend.

## CONCLUSION

For the foregoing reasons, Defendants Fay Servicing, LLC and Wilmington Trust National Association Solely as Trustee for the MFRA Trust 2014-2 respectfully request that the Court deny Plaintiff's Motion to Alter and Amend Judgment Pursuant to Fed. R. Civ. P. 59(e).

                                          Respectfully submitted,

                                          FAY SERVICING, LLC and
WILMINGTON TRUST NATIONAL ASSOCIATION SOLELY AS TRUSTEE FOR THE MFRA TRUST 2014-2

By its attorneys,

/s/ *Patrick T. Uiterwyk*
Patrick T. Uiterwyk, Bar No. 7461
Nelson Mullins Riley & Scarborough LLP
One Post Office Square, 30th Floor
Boston, MA 02109
Tel: 617-217-4643
Fax: 617-217-4710
Email: patrick.uiterwyk@nelsonmullins.com

Date: November 9, 2020

## **CERTIFICATE OF SERVICE**

I, Patrick T. Uiterwyk, certify that on this 9th day of November 2020, I served the foregoing document through by regular mail and email to the following:

John B. Ennis, Esq.
1200 Reservoir Ave
Cranston, RI 02920
jbelaw75@gmail.com
*Attorney for Plaintiff Dolores Cepeda*

Justin J. Shireman, Esq.
Wilson Elser Moskowitz Edelman & Dicker LLP
260 Franklin Street - 14th Floor
Boston, MA 02110-3112
justin.shireman@wilsonelser.com
*Attorney for Defendant Bank of America, N.A.*

/s/ *Patrick T. Uiterwyk*
Patrick T. Uiterwyk