IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DOLORES CEPEDA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BANK OF AMERICA, N.A., )<br>FAY SERVICING, LLC, )<br>WILMINGTON TRUST NATIONAL )<br>ASSOCIATION SOLELY AS TRUSTEE )<br>FOR THE MFRA TRUST 2014-2, ALIAS )<br>)<br>Defendants. )<br>) | C.A. No. 1:19-cv-00005-WES-PAS |

**BANK OF AMERICA, N.A.'S OPPOSITION TO**
**PLAINTIFF'S RULE 59(e) MOTION**

Defendant Bank of America, N.A. ("BANA") respectfully requests that the Court deny Plaintiff Dolores Cepeda's ("Plaintiff" or "Cepeda") October 26, 2020 Motion to Alter and Amend Judgment Pursuant to F.R.C.P. 59(e) (the "Motion," Doc. 68). Plaintiff does not meet the standard required under Rule 59(e) to merit the alteration or amendment of this Court's September 28, 2020 Final Judgment (Doc. 66). Accordingly, for the reasons explained more fully below, the Court should deny Plaintiff's Motion in its entirety.

**I.      BACKGROUND AND PROCEDURAL HISTORY**

**A.      Background Facts and Underlying Documents.**

For purposes of brevity, BANA incorporates by reference the Background set forth in the Court's September 28, 2020 Order (the "Dismissal Order," Doc. 65), by which the Court dismissed Plaintiff's claims against BANA with prejudice, together with the statement of facts set forth in "Section II – Introduction" of BANA's Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Complaint (Doc. 32), and all referenced exhibits.

1

**B.   The Complaint, the Motion to Dismiss, and the Court's Dismissal Order and Final Judgment.**

In the Complaint, Plaintiff alleged in Count 6 that "[t]his action is specifically filed to enforce the Regulations that became effective on January 10, 2014, specifically 12 C.F.R. § 1024.36(c) and 12 C.F.R. § 1024.36(d)(2)(i)(A) of Regulation X."  Doc. 1 ¶ 137.  Those are the only sections of Regulation X that Plaintiff asserted BANA violated in Count 6.

Section 1024.36(c) provides that within five days of receiving a request for information from a borrower, the servicer shall provide to the borrower a written response acknowledging receipt of the information request.  Section 1024.36(d)(2)(i)(A) provides that: "[n]ot later than 10 days … after the servicer receives an *information request for the identity of, and address or other relevant contact information for, the owner or assignees of a mortgage loan*," the servicer must comply with 1024.36(d)(1) by providing the borrower with the requested information and contact information.  Additionally, 12 C.F.R. § 1024.36(f)(1) states that:

> A servicer is not required to comply with the requirements of paragraphs (c) and (d) of this section if the servicer reasonably determines that … [t]he information requested is **substantially the same as information previously requested by the borrower for which the servicer has previously complied with its obligation to respond** pursuant to paragraphs (c) and (d) of this section… [or the] information request is overbroad or unduly burdensome.

BANA moved to dismiss the Complaint, arguing that the exhibits to Plaintiff's Complaint contradicted her allegations and showed that Plaintiff did not state a plausible claim for relief against BANA.  Doc. 31 & 32.  Additionally, BANA argued that to the extent Plaintiff had requested information regarding the status of her loan after BANA transferred servicing to defendant Fay Servicing, LLC ("Fay") on November 1, 2017, BANA would not be in possession of that information.  Doc. 32 at 9.  In her opposition to BANA's Motion to Dismiss, Plaintiff clarified that her claims were based on BANA's response to an October 29, 2018 letter she

described as a "Notice of Error," – not an October 29, 2017 letter as she alleged at least *eight* times in the Complaint – claiming that her pleading had included a typographical error that BANA should have discerned, despite the specific words chosen by Plaintiff. Doc. 41-1 at 10-13.

With Plaintiff's clarification that the "Notice of Error" she was referring to was dated October 29, 2018—not October 29, 2017 as she alleged at least eight times in the Complaint—BANA responded to Plaintiff's "clarified" allegations in its Reply Brief. Doc. 42. Specifically, BANA argued that the information requested by Plaintiff in her October 29, 2018 letter had been previously provided by BANA in prior letters dated August 14, 2017 (Doc. 1-7 at 11), January 12, 2018 (Doc. 1-7 at 6), January 18, 2018 (Doc. 1-8 at 5), and October 22, 2018 (Doc. 1-6 at 3), which Plaintiff herself attached to the Complaint. Doc. 42 at 2-10. Given these prior responses to Plaintiff's prior letters, BANA argued that pursuant to Section 1024.36(f)(1) of Regulation X, BANA was under no obligation to provide the same information to Plaintiff *again* in response to the October 29, 2018 letter. Accordingly, because one or more exceptions under § 1024.36(f)(1) applied to Plaintiff's October 29, 2018 letter, BANA did not violate Regulation X in stating that "no corrections are required in response to your initial request" in its November 2, 2018 response to the October 29, 2018 letter. Plaintiff, therefore, did not state a plausible claim for relief for violation of "12 C.F.R. § 1024.36(c) and 12 C.F.R. § 1024.36(d)(2)(i)(A) of Regulation X" as alleged in the Complaint. Doc. 1 ¶ 137..

In the Dismissal Order, this Court dismissed Plaintiff's claims against BANA, with prejudice, concluding that Bank of America's response that "no corrections are required in response to your initial request" did not violate Regulation X and that Plaintiff did not state a plausible claim that BANA violated Regulation X. Doc. 65 at 7-8. In the same Dismissal Order, the Court also granted the motion for summary judgment filed by defendants Fay and Wilmington.

Doc. 65 at 16.  With all claims against all parties fully disposed, the Court entered its Final Judgment (Doc. 66).

### C. Plaintiff's Motion to Set Aside the Final Judgment.

On October 26, 2020, exactly twenty-eight days after the Final Judgment was rendered, Plaintiff filed the Motion and concurrently filed a separate motion as to her claims against defendants Fay and Wilmington.  In the Motion as to BANA, Plaintiff argues:

> This Court dismissed the RESPA Count by holding that the complaint did not state a claim because the Notices of Error requested information which had not been provided or which was unduly burdensome to provide. A review of the Notices of Error indicate that the Court committed manifest error by accepting the assertions of the Defendant in its reply Memorandum and did not accept as true the factual allegations in the complaint.

Doc. 68-1 at 3.  Plaintiff then reiterates the allegations made in the Complaint and argues that the information requested in the October 29, 2018 letter was not previously provided, completely ignoring the information provided in her own exhibits to the Complaint (i.e., the prior BANA letters dated August 14, 2017, January 12, 2018, January 18, 2018, and October 22, 2018 (Doc. 1-6 at 3)), which confirmed that the information requested by Plaintiff had, in fact, been previously provided to her.  *Id.*

## II. ARGUMENT AND AUTHORITIES

### A. The Legal Standard for Altering or Amending a Prior Judgment.

A party may seek to alter or amend a judgment pursuant to Rule 59(e).  However, relief pursuant to Rule 59(e) is "granted sparingly, and only when 'the original judgment evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations.'"  *Biltcliffe v. CitiMortgage, Inc.*, 772 F.3d 925, 930 (1st Cir. 2014) (quoting *Global Naps, Inc. v. Verizon New England, Inc.*, 489 F.3d 13, 25 (1st Cir. 2007)).  As the First Circuit has previously held:

4

> Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact and enables the court to correct its own errors and thus avoid unnecessary appellate procedures.  The rule does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment.

*Aybar v. Crispin-Reyes*, 118 F.3d 10, 15 (1st Cir. 1997) (citations omitted).  Furthermore, "the district courts have considerable discretion in deciding whether to grant or deny a motion to alter or amend under Rule 59(e)."  *Venegas-Hernandez*, 370 F.3d at 190 (citations omitted).  As the First Circuit has made clear, a motion for reconsideration is not "a mechanism to regurgitate old arguments previously considered and rejected." *Biltcliffe*, 772 F.3d at 930 (internal citations and quotation marks omitted).

      **B.**    **The Court Should Deny Plaintiff's Motion Because Plaintiff Does Not Meet the Standard Set Forth Under Rule 59(e).**

The Court properly dismissed Plaintiff's claims because Plaintiff's own exhibits to the Complaint confirmed that BANA did not violate RESPA.  As discussed in detail in BANA's previous flings:

- In relation to "Notice of Error 1," i.e., **Plaintiff's Exhibit F,** Plaintiff alleged that BANA failed "to correct an error by which Defendant had failed to provide the contractual status of the mortgage loan when Bank of America, California, N.A. transferred ownership of the mortgage loan."  Doc. 1 ¶ 149.  But documents attached to Plaintiff's Complaint showed that on **January 12, 2018**, BANA responded to a prior qualified written request (QWR) from Plaintiff dated December 7, 2017, in which BANA informed Plaintiff that the "servicing of the loan was transferred from Bank of America, N.A. to Fay Servicing on November 1, 2017" and that "at the time the account was transferred, the account was delinquent and due for the August 2017 through October 2017 installments…."  *See* Doc. 1-7 at PageID #107.  The January 12, 2018 letter from BANA also included a copy of the "Loan Transaction History Statement."  *See id.*

- In relation to "Notice of Error 2," i.e., **Plaintiff's Exhibit G**, Plaintiff alleged that BANA failed "to correct an error by which Defendant had failed to provide the Plaintiff all documents transferred to the new loan servicer."  Doc. 1 ¶ 178.  But

documents attached to Plaintiff's Complaint showed that on **January 18, 2018**, BANA responded to a prior qualified written request (QWR) from Plaintiff dated December 7, 2017, in which BANA enclosed copies of numerous documents from its servicing records, and stated that a "copy of your client's Servicing File, which includes servicing notes" was being mailed under separate cover, and Plaintiff did not allege that the Servicing File was not sent as stated in that letter. *See* Doc. 1-6 at PageID #98-99. The January 18, 2018 letter from BANA also included a copy of the "Loan Transaction History Statement." *See id.*

- In relation to "Notice of Error 3," i.e., **Plaintiff's Exhibit H**, Plaintiff alleged that BANA failed "to provide the Plaintiff information relating to the status of the Plaintiff's mortgage loan in regard to periodic payments of principal, interest and escrow when Bank of America, N.A. transferred ownership of the mortgage loan, including all documents on which it relied to provide this information." Doc. 1 ¶ 206. But documents attached to Plaintiff's Complaint showed that on **January 12, 2018**, BANA responded to a prior qualified written request (QWR) from Plaintiff dated December 7, 2017, in which BANA informed Plaintiff that the "servicing of the loan was transferred from Bank of America, N.A. to Fay Servicing on November 1, 2017" and that "at the time the account was transferred, the account was delinquent and due for the August 2017 through October 2017 installments…." *See* Doc. 1-7 at PageID #107. The January 12, 2018 letter from BANA also included a copy of the "Loan Transaction History Statement." *See id.* In addition, on **January 18, 2018**, BANA provided an additional response to the December 7, 2017 QWR, in which it enclosed copies of numerous documents from its servicing records and enclosed an additional copy of the "Loan Transaction History Statement." *See* Doc. 1-6 at PageID #98-99.

- In relation to "Notice of Error 4," i.e., **Plaintiff's Exhibit I**, Plaintiff alleged that BANA failed "to provide the Plaintiff information relating to the status of the Plaintiff's mortgage loan in regard to periodic payments of principal, interest and escrow when Bank of America, N.A. as creditor for Bank of America California, N.A. obtained ownership of the mortgage loan, including all documents on which it relied to provide this information." Doc. 1 ¶ 235. But documents attached to Plaintiff's Complaint showed that on **January 12, 2018**, BANA responded to a prior qualified written request (QWR) from Plaintiff dated December 7, 2017, in which BANA included a copy of the "Loan Transaction History Statement." *See* Doc. 1-7 at PageID #107. In addition, on **January 18, 2018**, BANA provided an additional response to the December 7, 2017 QWR, in which it enclosed copies of numerous documents from its servicing records and enclosed an additional copy of the "Loan Transaction History Statement." *See* Doc. 1-6 at PageID #98-99.

- In relation to "Notice of Error 5," i.e., **Plaintiff's Exhibit J**, Plaintiff alleged that BANA failed "to provide the Plaintiff [information] regarding the identity of the master servicer of the mortgage loan and fail[ed] to provide the owner of the mortgage loan by merely stating that the owner/investor of the mortgage loan was Bank of America, N.A. as Creditor on behalf of Bank of America, California, N.A."

6

Doc. 1 ¶ 264. But documents attached to Plaintiff's Complaint showed that on **January 12, 2018**, BANA responded to a prior qualified written request (QWR) from Plaintiff dated December 7, 2017, in which BANA informed Plaintiff that the "servicing of the loan was transferred from Bank of America, N.A. to Fay Servicing on November 1, 2017." *See* Doc. 1-7 at PageID #107. In addition, on **January 18, 2018**, BANA provided an additional response to the December 7, 2017 QWR, in which it informed Plaintiff that servicing of Plaintiff's loan was transferred from BAC Home Loans Servicing LP to BANA effective July 1, 2011 and from BANA to Fay Servicing on November 1, 2017 and provided copies of the servicing transfer letters. *See* Doc. 1-6 at PageID #98-99. In addition, Plaintiff's own allegations and Exhibits to the Complaint confirmed that BANA had previously identified the owner or "investor" of the Loan as "Bank of America, N.A. as Creditor on behalf of Bank of America California, N.A." in its August 14, 2017 response to a prior request for information regarding the "investor, or owner of your loan." *See* Doc. 1-17, Page ID # 112.

- In relation to "Notice of Error 6," i.e., **Plaintiff's Exhibit K**, Plaintiff alleged that BANA failed "to provide all periodic statements which were prepared for the mortgage loan account." Doc. 1 ¶ 295. But Regulation X does not require a mortgage servicer to provide copies of periodic statements in response to a QWR, and Plaintiff did not identify a particular provision of Regulation X that did. Furthermore, BANA was not required to provide copies of monthly statements because, as allowed by Section 1024.36(f)(1), BANA *reasonably determined* that Plaintiff's request for copies of all periodic statements prepared and mailed to Plaintiff during the **eleven year period** (December 22, 2006 through December 15, 2017) that BANA and its predecessors serviced Plaintiff's loan was *overbroad and unduly burdensome*, as well as *duplicative* of other information BANA provided to Plaintiff, including the loan's servicing file and transaction history.

- In relation to "Notice of Error 7," i.e., **Plaintiff's Exhibit L**, Plaintiff alleged that BANA failed "to provide the servicing file for the mortgage loan account." Doc. 1 ¶ 327. But as discussed abo documents attached to Plaintiff's Complaint showed that on **January 18, 2018**, BANA responded to a prior qualified written request (QWR) from Plaintiff dated December 7, 2017, in which BANA enclosed copies of numerous documents from its servicing records, and stated that a "copy of your client's Servicing File, which includes servicing notes" was being mailed under separate cover, and Plaintiff did not allege that the servicing file was not sent as stated in that letter. *See* Doc. 1-6 at PageID #98-99.

- In relation to "Notice of Error 8," i.e., **Plaintiff's Exhibit M**, Plaintiff alleged that BANA failed "to provide information which would indicate the application of each payment made on the mortgage loan account from the date of origination to the present and whether any payments had ever been placed in suspense." Doc. 1 ¶ 358. But documents attached to Plaintiff's Complaint showed that on **January 12, 2018** and again on **January 18, 2018**, BANA responded to a prior qualified written request (QWR) from Plaintiff dated December 7, 2017, in which BANA enclosed

7

copies of the Loan's Transaction History Statement, which showed the application of payments during the time that BANA serviced the loan until the December 15, 2017 service transfer to Fay Servicing. *See* Doc. 1-6 at PageID #98-99, Doc. 1-7 at PageID #107. As stated in the January 12, 2018 letter, the Loan Transaction History Statement "provides pertinent information on payments received, tax and insurance payments disbursed, funds in the suspense/unapplied funds balance, fees due and late fees assessed and paid." Doc. 1-7 at PageID #107. Moreover, because BANA ceased servicing the loan effective December 15, 2017, Plaintiff's request for information regarding application of payments "through the present" was not reasonably directed to BANA, as BANA was not in possession of that information.

In view of these documents, which Plaintiff herself included with the Complaint, the Court properly concluded that each of Plaintiff's alleged "Notices of Error" sought information that BANA had previously provided to Plaintiff or fell within one of the other exceptions set forth in 12 C.F.R. § 1024.36(f)(1). Thus, the Court properly concluded that Plaintiff's allegations did not support a plausible claim for relief against BANA.

Plaintiff argues in the Motion that the Court committed "manifest error" in law in dismissing the Complaint by making factual determinations that Plaintiff's requests were duplicative, rather than taking her allegations at face value and deeming them to be "true" for purposes of examining BANA's Rule 12(b)(6) motion. But the exhibits to Plaintiff's Complaint are part of the Complaint, and the Court and BANA were entitled to rely on them in relation to the Rule 12(b)(6) motion. Put simply, Plaintiff cannot escape the fact that her own exhibits to the Complaint contradicted her allegations and confirmed that Plaintiff's allegations did not support a plausible claim for relief, and therefore, leave to amend would have been futile. Accordingly, the Court properly granted the Motion to Dismiss and properly entered the Final Judgment, and it did not commit manifest error in doing so. Plaintiff, therefore, is not entitled to relief pursuant to Rule 59(e).

### III.   CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion and sustain the September 28, 2020 Dismissal Order and Final Judgment, in which the Court dismissed Plaintiff's claims against BANA, with prejudice, in all respects.

Date:  November 9, 2020

Respectfully submitted,

BANK OF AMERICA, N.A.,
Defendant,

By its attorneys,

 /s/ Justin J. Shireman_____
Justin J. Shireman (#7779)
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
260 Franklin Street, 14th Floor
Boston, MA 02110
(617) 422-5300
Justin.Shireman@wilsonelser.com

## **CERTIFICATE OF SERVICE**

   I, Justin J. Shireman, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on November 9, 2020.

                */s/ Justin J. Shireman*
                Justin J. Shireman