UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DOLORES CEPEDA

    VS                                        C.A.2019-CV-5

BANK OF AMERICA, N.A.
FAY SERVICING, LLC
WILMINGTON TRUST NATIONAL ASSOCIATION
SOLEY AS TRUSTEE FOR THE MFRA TRUST 2014-2 , ALIAS

### MEMORANDUM OF LAW IN SUPPORT OF REPLY TO RESPONSE TO MOTION TO ALTER/AMEND JUDGMENT FOR BANK OF AMERICA ON ITS MOTION TO DISMISS

This memorandum provides information to this Court that the Defendant, Bank of America, N.A. ignored and presented to the Court without addressing the issues of the allegations in the pleadings. This Court reviewed this Motion as if it were a Motion for Summary Judgment, which was a manifest error of law, which is the basis for this Motion to Amend. This Court dismissed the RESPA Count by holding that the complaint did not state a claim because the Notices of Error requested information which had not been provided or which was unduly burdensome to provide. A review of the Notices of Error indicate that the Court committed manifest

1

error by accepting the assertions of the Defendant in its Reply Memorandum and did not accept as true the factual allegations in the complaint.

This Court in the Order dismissing this case pursuant to FRCP 12(b)(6) held that the Notices of Error were not plausibly pleaded and that the information sought by the Plaintiff was duplicative. However a review of each Notice of Error and the pleadings in regard to each indicate that the allegations of the Plaintiff's complaint were such that they did not seek duplicative information.  Defendant ignored these specific allegations in its response to the Motion. In the first notice of error  referenced in paragraph 149 of  the complaint, Plaintiff alleged that Bank of America had committed an error by failing to correct an error and provide the  contractual status of the mortgage loan **when Bank of America, California, N.A. transferred ownership of the mortgage loan**. This particular Notice of Error asserted the following specific and distinct Notice of Error, namely failing to provide the Plaintiff the following information.

 **With respect to the receipt of all periodic payments of principal, interest and escrow, what was the contractual status of the consumer's mortgage loan when  Bank of America, NA as Creditor for Bank of America, California, N.A. transferred  ownership of  this mortgage loan, including all documents on which you relied on to provide this information.**

Defendant's response indicates that this was duplicative because it indicated the status when servicing was transferred from Bank of America to Fay Servicing. This was not the information which was requested, which sought the status when Bank of America, NA Creditor for Bank of America, California, N.A. transferred ownership of this mortgage loan, including all documents on which you relied on to provide this information. Since it was not provided and has never been provided, the allegations in the complaint were plausible.

A review of this Notice of Error, referenced as Exhibit F, the response of Bank of America and this Court's analysis of this response indicates that the Court committed an error in its analysis. The question asked of Bank of America was to provide the contractual status of the mortgage loan when Bank of America, California, N.A. transferred ownership of the mortgage loan. The Request for Information did not seek the status of the loan when servicing was transferred as the Court determined.  This Notice of Error did not seek any information about the status when Bank of America transferred servicing to Fay,  a different time frame and the pleadings specifically addressed this failure. The granting of the Motion to dismiss was manifest

error because the information in the Request for Information was not duplicative, because Bank of America never provided the information requested nor provided the documents which indicated the status of the mortgage loan when the ownership transferred from Bank of America, California, N.A., which was not the originator of the mortgage loan. Bank of America did not comply with its duties pursuant to 1024.35 and just ignored this Notice of Error, repeating a generic reference to the exception portion of the Regulation.

The second Notice of Error was referenced as Exhibit G and alleged the error at paragraph 178 in which the Plaintiff alleged that Bank of America had failure to correct an error by which Defendant had failed to provide the Plaintiff all documents transferred to the new loan servicer, including the servicing file. This Notice of Error asserted an error in failing to provide the following documents:

**All documents, electronic documents, collection notes and servicing notes in the loan servicing file, which relate to the servicing of the consumer's mortgage loan from origination to the time that you transferred servicing. Please provide all such documents on your electronic system of record**
**You also committed error by not providing documents from your system of record and by refusing to comply with a reasonable request for all documents transferred at servicing to the new servicer.**

**You also committed an error by making a generic response, refusing to provide this information stating:**

4

**A servicer is also not required to respond to requests for information to a borrower's loan that seek confidential, privileged or proprietary information. In addition, a servicer is not required to provide a Borrower with information that is not in the servicer's control or possession or that cannot be retrieved in the ordinary course of business through reasonable efforts.**

**This generic response merely recites regulatory exemptions without making any effort to provide the documents requested, which are available in your archives, accessible by a keystroke of your computer system and are neither confidential, privileged nor proprietary. Thus you have committed error failing to make a good faith effort to respond to the Request for Information.**

Plaintiff also alleged that the refusal to provide these documents was not exempted by RESPA due to being overbroad or any other reasons. The Plaintiff's complaint alleged that the documents requested did not fall within any exemptions. The Court by adopting the assertions of Bank of America committed manifest error by accepting these attorney's assertions in its memorandum as true.

The servicing file which was not provided is defined in 12 CFR 1024.38 defines the servicing file and the procedures required of servicers:

**2) Servicing file.** A servicer shall maintain the following documents and data on each mortgage loan account serviced by the servicer in a manner that facilitates compiling such documents and data into a servicing file within five days:

5

**(i)** A schedule of all transactions credited or debited to the mortgage loan account, including any escrow account as defined in § 1024.17(b) and any suspense account;

**(ii)** A copy of the security instrument that establishes the lien securing the mortgage loan;

**(iii) Any notes created by servicer personnel reflecting communications with the borrower about the mortgage loan account;**

**(iv) To the extent applicable, a report of the data fields relating to the borrower's mortgage loan account created by the servicer's electronic systems in connection with servicing practices; and**

**(v)** Copies of any information or documents provided by the borrower to the servicer in accordance with the procedures set forth in § 1024.35 or § 1024.41.

Plaintiff alleged that the servicing file had not been provided. In fact ,Bank of America admitted that it had not provided the entire servicing file when it stated in its January 18, 2018 letter when it refused to provide any documents contained in its servicing file prior to January 1, 2014:

Please be aware that records prior to January 1, 2014 will not be furnished as we have provided all information that is available or required to comply with a Request for Information as defined under 2013 Real Estate Settlement Procedures Act (Regulation X).

However the regulation came into effect on January 14, 2010 and does not indicate that a servicer does not have to provide information prior to that date.  The  Consumer Financial Protection Bureau commentary to the Regulation merely states that for payments made prior to  January 10, 2014,

6

a loan servicer was not required to maintain information in particular manner in the manner set forth in § 1024.38(c)(2) :

**Timing.** A servicer complies with § 1024.38(c)(2) if it maintains information in a manner that facilitates compliance with § 1024.38(c)(2) beginning on or after January 10, 2014. A servicer is not required to comply with § 1024.38(c)(2) with respect to information created prior to January 10, 2014. For example, if a mortgage loan was originated on January 1, 2013, a servicer is not required by § 1024.38(c)(2) to maintain information regarding transactions credited or debited to that mortgage loan account **in any particular manner for payments made prior to January 10, 2014**. However, for payments made on or after January 10, 2014, a servicer must maintain such information in a manner that facilitates compiling such information into a servicing file within five days. (emphasis added)

The Plaintiff alleged in a complaint that the servicing file was not provided and that this request was not duplicative. Thus the granting of the Motion to Dismiss on this ground was manifest error.

      The third Notice of Error was referenced as Exhibit H and alleged the error at paragraph 206 in which the Plaintiff alleged that Bank of America had failure to correct an error by which Defendant had failed to provide the Plaintiff information relating to the status of the Plaintiff's mortgage loan in regard to periodic payments of principal, interest and escrow **when Bank of America, N.A. transferred ownership of the mortgage loan, including all documents on which it relied to provide this information**. This loan originated with Bank of America, N.A. However in its response to a Request for Information regarding the owner of the mortgage loan, Bank of America

7

identified the owner of the mortgage loan as Bank of America, California, N.A., a different entity. This was a unique and distinct request for information, which contrary to the Defendant's assertions had nothing to do with the servicing transfer. Granting the Motion to Dismiss on these disputed facts constituted manifest error.

The fourth Notice of Error was attached as Exhibit I and referenced failure to correct an error by which Defendant had failed to provide the Plaintiff information relating to the status of the Plaintiff's mortgage loan in regard to periodic payments of principal, interest and escrow when **Bank of America, N.A. as creditor for Bank of America California, N.A. obtained ownership of the mortgage loan**, including all documents on which it relied to provide this information. This information was not provided and instead Defendant references its servicing transfer status but did not provide the status of the loan when Bank of America **N.A. as** creditor for Bank of America California, N.A. obtained ownership of the mortgage loan. The granting of the Motion to Dismiss ignored disputed facts and was manifest error.

The Fifth Notice of Error referenced as Exhibit J referenced Bank of America's failure to correct an error by which Defendant had failed to provide the Plaintiff **the identity of the master servicer of the mortgage**

**loan** and had failed to provide the identity of the owner of the mortgage loan by merely stating that the owner/investor of the mortgage loan was Bank of America, N.A. as Creditor on behalf of Bank of America, California, N.A. The Defendant in its response conflates this with servicing transfer information provided the information.  No identity of the Master Servicer was provided and the owner of the mortgage loan was never identified, instead stating "the investor", which was not requested. Because of this disputed fact the granting of the Motion to Dismiss as to this Notice of Error constituted manifest error.

    The Plaintiff's sixth notice of Error was referenced as Exhibit K which alleged the error in paragraph 295 of failing to correct an error by which Defendant had failed to provide the Plaintiff all periodic statements which were prepared for the mortgage loan account. Defendant refused to comply stating that it was overly burdensome.  However Plaintiff alleged in the complaint that such documents were readily accessible on the electronic system of record and could be readily obtained. 12 CFR 1024.36 defines burdensome:

**(iv) Overbroad or unduly burdensome information request.** The information request is overbroad or unduly burdensome. An information request is overbroad if a borrower requests that the servicer provide an unreasonable volume of documents or information to a borrower. An information request is unduly burdensome if a diligent servicer could not respond to the information request without either exceeding the maximum

9

time limit permitted by paragraph (d)(2) of this section or incurring costs (or dedicating resources) that would be unreasonable in light of the circumstances. To the extent a servicer can reasonably identify a valid information request in a submission that is otherwise overbroad or unduly burdensome, the servicer shall comply with the requirements of paragraphs (c) and (d) of this section with respect to that requested information.

The allegations of the complaint, which are deemed to be true were that Bank of America could readily access this data on its system of record and that it would not be burdensome as defined in the regulation. The granting of the Motion to Dismiss was a manifest error due to the disputed facts as to the actual time it would take the Defendant to obtain this information. Bank of America could not provide any records prior to 2014 and thus this request was not duplicative. The acceptance of Defendant's attorney's assertions as to disputed facts in granting Motion to Dismiss constituted manifest error.

The seventh Notice of Error pleaded in this complaint was Exhibit L, which asserted the failure of the Defendant to provide the servicing file. This Notice of Error asserted the error in this manner:

**The consumer requests that you provide the consumer the entire mortgage loan servicing file including all servicing notes, records of all phone calls made to the consumer, collection notes, recordings of all phone calls any loan servicer or any agent acting on its behalf made to the consumer or to the consumer's attorney, and any calls from the consumer or the consumer's attorney to any loan servicer or its agent which were recorded and all loss mitigation documents sent to any loan servicer by the consumer and all loss mitigation responses sent from you**

10

**to the consumer at any time since you obtained servicing rights to the present.**

This request for information is somewhat different than Exhibit G, the second Notice of Error. It requested items, including service notes, records of all phone calls made to the consumer, collection notes, recordings of all phone calls along with all loss mitigation requests sent by the consumer and Bank of America's responses. As alleged in the complaint, none of these documents were ever provided. The loss mitigation documents made this somewhat more comprehensive than the second Notice of Error. Bank of America did not provide any of these documents and asserted in its Reply, not Motion that this Request was duplicative and could not be the subject of a Notice of Error.

Finally the right notice of error was confused by Defendant, which chose not to respond as to suspense and application of payments made while Bank of America was servicer. It could have provided this information, but instead relied on a spreadsheet derived from its electronic system of record. It referenced documents outside the complaint, which is a Summary Judgment motion, a different standard, which in the First Circuit precludes this Motion to Dismiss. The First Circuit has interpreted the holding of the

11

United States Supreme Court in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) for analysis of FRCP 12(b)(6) motions. The Supreme Court in *Iqbal* hadstated:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.,* at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.,* at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

The First Circuit in *Rodriguez-Vives v. Puerto Rico Firefighters* (1st Cir.,

January 8, 2014) held:

> We emphasize that this case is on appeal of a 12(b)(6) motion, not a motion for summary judgment. *HN12* "Although a plaintiff must plead enough facts to make entitlement to relief plausible in light of the evidentiary standard that will pertain at trial . . . she need not plead facts sufficient to establish a prima facie case." Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 54(**1st Cir.** 2013).

The First Circuit thus confirmed that even if a Plaintiff makes a specific factual allegation, that merely lacks some surrounding context, the claim will be sufficient to survive a motion to dismiss.

Thus for purposes of the Motion, all factual allegations in

Plaintiff's complaint must be accepted by the Court as true. The Court also reiterated the principle that the First Circuit had previously stated in similar principles in Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 54 (1st Cir. 2013):

The prima facie case is an evidentiary model, not a pleading standard. For this reason, the interaction between the prima facie case and the plausibility standard crafted by the [**2] Supreme Court in Bell Atlantic Corp. v. Twombly, created some confusion. We now resolve that confusion and hold that the prima facie case is not the appropriate benchmark for determining whether a complaint has crossed the plausibility threshold. Accordingly, that aspect of the district court's decision must be annulled and the case remanded for further proceedings.

The Plaintiff had requested that the Motion to Dismiss should have been denied and in the alternative the Plaintiff should have been provided an opportunity to amend his complaint, which the Court did not address. This Court in denying the Motion to Amend on the issue of compliance with the terms of the mortgage commited manifest error by ignoring the provisions of Federal case law which requires liberal right to file an amended complaint pursuant to Fed. R. Civ P. 15.

13

For these reasons, there was manifest error of law by making factual determinations and by granting this Motion to Dismiss and not allowing the Plaintiff to Amend the Complaint.

                                                  DOLORES CEPEDA
                                                  By her attorney,

November 30, 2020                       /s/ John B. Ennis
                                                  JOHN B. ENNIS, ESQ. #2135
                                                  1200 Reservoir Avenue
                                                  Cranston, Rhode Island 02920
                                                  (401) 943-9230
                                                  Jbelaw75@gmail.com


## Certificate of Service

I hereby certify that I emailed a copy of this Memorandum of Law to Patrick T. Uiterwyk and Justin Shireman on November, 2020 and by electronic filing.

/s/ John B. Ennis