IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DOLORES CEPEDA,<br><br>                      Plaintiff,<br><br>      v.<br><br>BANK OF AMERICA, N.A.,<br>FAY SERVICING, LLC,<br>WILMINGTON TRUST NATIONAL<br>ASSOCIATION SOLELY AS TRUSTEE<br>FOR THE MFRA TRUST 2014-2, ALIAS<br><br>                      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   C.A. No. 1:19-cv-00005-WES-PAS<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO
### STRIKE PLAINTIFF'S NOTICE OF APPEAL

Defendant Bank of America, N.A. ("BANA"), through its undersigned counsel, hereby moves to strike Plaintiff's Notice of Appeal ("Notice of Appeal") (Docket No. 79), filed in this Court on March 2, 2021, as untimely. In further support of this motion, BANA asserts the following:

1. On September 28, 2020, this Court allowed BANA's Motion to Dismiss the Complaint and dismissed the action as to BANA. *Docket Nos. 65, 66*. The Court also entered judgment in favor of co-defendants, Fay Servicing, LLC and Wilmington Trust National Association Solely as Trustee for the MFRA Trust 2014-2 (collectively, "Co-defendants"), after granting Co-Defendants' Motion for Summary Judgment. *Docket Nos. 64, 66.*

2. On October 26, 2020, Plaintiff filed separate Motions to Alter Judgment with respect to the Court's decisions on BANA's and Co-Defendants' respective dispositive motions and the September 28, 2020 Judgment. *Docket Nos. 67, 68.*

3. Following briefing by the parties, on January 28, 2021, the Court entered a Text Order denying Plaintiff's Motion to Alter Judgment as to the Court's dismissal of the Complaint against BANA.  The Court, also via Text Order, granted, in part, Plaintiff's Motion to Alter Judgment as to its order granting summary judgment for the Co-Defendants, altering its judgment regarding Plaintiff's Truth in Lending Act to a dismissal without prejudice. Plaintiff's Motion to Alter Judgment as to Co-Defendants was otherwise denied.

4. Also on January 28, 2021, the Court entered an Amended Judgment. *Docket No. 78.* The Amended Judgment erroneously stated that Plaintiff's claims against BANA were dismissed without prejudice.

5. Also on January 28, 2021, the Court entered a Corrected Amended Judgment, which is also identified as Docket No. 78.  The Corrected Amended Judgment clarified that judgment was entered for all defendants, Plaintiff's claims against BANA were dismissed with prejudice, and Plaintiff's Truth in Lending Act claim against Co-Defendants was dismissed without prejudice for lack of jurisdiction.

6. The docket entry for the Corrected Amended Judgment states "So Entered by the Clerk on 1/28/2021… (Main Document 78 replaced on 2/1/2021)…(Entered: 01/28/2021)." Judgment in this matter was undeniably entered on January 28, 2021, thus starting the 30-day clock for Plaintiff to file a notice of appeal.  Fed. R. App. P. 4(a)(1)(A).

7. On Tuesday, March 2, 2021, thirty-three (33) days after the January 28, 2021 Corrected Amended Judgment was entered, Plaintiff filed a Notice of Appeal.[1]  *Docket No. 79.*

---

[1] Thirty (30) days after January 28, 2021 was Saturday, February 27, 2021. In addition, the ECF for the Notice of Appeal did not issue until the first few minutes of March 3, 2021, strongly suggesting that Plaintiff did not file the Notice of Appeal until immediately before midnight on March 2, 2021.

8.Pursuant to the Fed. R. App. P. 4(a)(1)(A), a notice of appeal "must be filed with the district clerk *within 30 days after entry* of the judgment or order appealed from." Fed. R. App. P. 4(a)(1) (emphasis added).

9."'A timely notice of appeal is a non-waivable jurisdictional requirement.'" *Nutrition Distrib. LLC v. IronMag Labs, LLC*, 972 F.3d 1088, 1092 (9th Cir. 2020) (quoting *Stephanie-Cardona LLC v. Smith's Food & Drug Ctrs., Inc.*, 476 F.3d 701, 703 (9th Cir. 2007)). In other words, "the timely filing of a notice of appeal in a civil case is a prerequisite to the appellate court's jurisdiction." *Franklin v. McHugh*, 804 F.3d 627, 629 (2d Cir. 2015) (citations omitted). Thus, "'[w]here the deficiency in a notice of appeal, by reason of untimeliness…is clear to the district court, it may disregard the purported notice of appeal to proceed with the case, knowing that it has not been deprived of jurisdiction.'"[2] *Gilda Indus. V. United States*, 511 F.3d 1348, 1350 (Fed. Cir. 2008) (quoting *Ruby v. Secretary of United States Navy,* 365 F.2d 385, 389 (9th Cir. 1966) (en banc) (notice of appeal found untimely despite being only one (1) day late because attorney logged off filing page before reaching final confirmation page)).

10.It is undeniable that judgment entered on behalf of BANA and the Co-Defendants on January 28, 2021 and that the deadline for Plaintiff to file a notice of appeal was March 1, 2021 (given that the 30 days ran out on February 27, 2021, a Saturday). Plaintiff's March 2, 2021 Notice of Appeal, therefore, was untimely and jurisdiction over this matter never divested from this Court. Accordingly, this Court has jurisdiction to strike the Notice of Appeal as untimely.

---

[2] The Federal Circuit, quoting Moore's Federal Practice, added that "'notice of appeal that is deficient because it is untimely or because it lacks the essential recitals does not transfer jurisdiction to the circuit court. If it is clear to the district court that the notice of appeal is deficient, it may disregard the purported notice and proceed with the case. Thus, if an appeal is filed after the filing deadline has passed and no extension is granted, the case may proceed in the district court.'" 511 F.3d at 1351.

11. BANA, therefore, respectfully requests that this Court strike Plaintiff's Notice of Appeal as it was untimely filed.

Whereby, the Defendant, Bank of America, N.A., respectfully requests that this Court allow its Motion to Strike Plaintiff's Notice of Appeal and provide any additional relief that it deems fair and just.

| | |
|---|---|
| Date: March 8, 2021 | Respectfully submitted, |
| | BANK OF AMERICA, N.A., Defendant, |
| | By its attorneys, |
| | */s/ Justin J. Shireman* <br> Justin J. Shireman (#7779) <br> Wilson, Elser, Moskowitz, Edelman & Dicker LLP <br> 260 Franklin Street, 14th Floor <br> Boston, MA 02110 <br> (617) 422-5300 <br> Justin.Shireman@wilsonelser.com |

## CERTIFICATE OF SERVICE

I, Justin J. Shireman, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on March 8, 2021.

*/s/ Justin J. Shireman*
Justin J. Shireman